## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:23-cv-00236(GBW) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | : |
| Defendant. | : |

### [PROPOSED] JOINT SCHEDULING ORDER
### [NON-PATENT; JURY TRIAL]

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1, Ameritas Life Insurance Corp. ("Ameritas" or "Plaintiff") and Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("WSFS" or "Defendant," collectively with Ameritas, the "Parties") jointly agree and respectfully request that the Court orders as follows:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the Parties, the Parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **fourteen (14) days** of the date the Court enters this Order. If they have not already done so, the Parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 30, 2023**.

LEGAL\64208455\1

Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 3(g) and 4 *infra*.

3. **Discovery**. Unless otherwise ordered by the Court or agreed to by Parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

   a. Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **February 9, 2024**.

   b. Document Production. Party document production shall be substantially complete by **November 17, 2023**. Productions shall be made on a rolling basis.

   c. Requests for Admission. There is **no limit** on the number of requests for admission permitted by each side.

   d. Interrogatories. A maximum of **25 interrogatories**, including contention interrogatories, are permitted for each side. The Court encourages the Parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive). A Party may request additional interrogatories for good cause. Good cause shall not include that a Party's prior interrogatories were objectionable.

   e. Depositions.

      i. Limitation on Hours for Deposition Discovery.

      Each side is limited to a total of 105 hours of taking testimony by deposition upon oral examination, with no deposition of any single individual witness exceeding 7 hours.

      ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f.      <u>Disclosure of Expert Testimony</u>.

      i.      <u>Expert Reports</u>. Disclosure of affirmative expert reports under Federal Rule of Civil Procedure 26(a)(2) is due on or before **March 9, 2024**. Rebuttal expert reports are due on or before **April 5, 2024**. Reply expert reports are due on or before **April 19, 2024**. No other expert reports will be permitted without either the consent of all Parties or leave of the Court. Along with the submissions of the expert reports, the Parties shall contemporaneously advise of the dates and times of their experts' availability for deposition.

      ii.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for motions *in limine* set forth herein, unless otherwise ordered by the Court.

      iii.      <u>Expert Discovery Cut Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **May 17, 2024**.

g. Discovery Matters and Disputes Relating to Protective Orders.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew.

ii. Should counsel find, after good faith efforts—including verbal communications among Delaware and Lead Counsel for all Parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the Parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____.
>
> - Delaware Counsel: _____
>   Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the

4

application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

  iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

  v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

4. **Motions to Amend**.

  a. Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

  b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

  c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the Parties shall file a letter requesting a teleconference to address the motion to amend.

5. **Motions to Strike**.

  a. Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to

exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the Parties shall file a letter requesting a teleconference to address the motion to strike.

6.    **<u>Application to Court for Protective Order</u>**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **fourteen (14) days** from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. **Papers Filed Under Seal.** In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8. **Courtesy Copies.** The Parties shall provide to the Court two (2) courtesy copies of all filings (*i.e.*, briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

9. **Case Dispositive Motions.**

   a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 14, 2024**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. All oppositions to case dispositive motions shall be served and filed on or before **July 12, 2024**. All replies in further support of case dispositive motions shall be served and filed on or before **July 26, 2024**.

   b. The Parties disagree on the page limitations for any memorandum of law in support of a motion for summary judgment and corresponding statement of facts. The Parties' respective proposals for the page limitations for any memorandum of law in support of a motion for summary judgment and statement of facts, as well as the reasons in support thereof, are delineated below.

i. <u>Ameritas' Proposal re Page Limitations:</u>

[Handwritten annotation: "No; Briefing will be presented pursuant to the Court's Local Rules and consistent with GBW's form scheduling order provisions. GBW"]

For the reasons provided below, Ameritas proposes that any memoranda of law filed in support of, or in opposition to, any motion for summary judgment shall be no more than thirty (30) pages; that any replies shall be no more than fifteen (15) pages; and that any statement or counterstatement of facts under Local Rule 7.1.3(c)(1)(E) shall be no more than thirty pages.

This case arises out of a dispute between the Parties whether a policy insuring the life of Marvin Flaks (the "Policy") has insurable interest under Delaware law or whether it was a stranger originated life insurance ("STOLI") policy taken out so that investors without insurable interest could wager on Mr. Flak's life. In an attempt "to feign compliance with insurable interest laws," STOLI promoters often disguised and camouflaged what they were doing and dressed the transactions up to appear legitimate. *PHL Var. Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059, 1076 (Del. 2011); *see also Sciarretta v. Lincoln Nat'l Life Ins. Co.*, 778 F.3d 1205, 1208-09 (11th Cir. 2015) (describing a "carefully designed scheme to get around insurable interest laws"). Accordingly, the Delaware Supreme Court requires courts applying Delaware law to look past the mere form of the transaction and to "scrutinize the circumstances under which the policy was issued and determine who in fact procured or effected the policy." *Price Dawe 2006 Ins. Trust*, 28 A.3d at 1076.

STOLI cases are almost always disposed of in connection with cross-motions for summary judgment. The cross-motions typically deal with a number of issues. Not only do the parties argue about insurable interest, but in an attempt to avoid Delaware's laws against human life wagering, STOLI defendants often try to argue that a law other than the

LEGAL\64208455\1

state of Delaware applies. These arguments (validity and, if raised, choice of law) typically focus on the facts leading up to policy inception and are generally governed by the Delaware Supreme Court's decisions in *Price Dawe* and *Berland*. *See Price Dawe*, 28 A.3d at 1076; *Estate of Berland v. Lavastone Capital*, 2022 WL 15023450, at *7 (D. Del. Sept. 28, 2022) ("*Berland*"). The cross-motions also typically address the STOLI investor's claim that if the policies are void, they should get a refund of some amount of premium. These arguments typically focus on the facts post-dating the policy's inception (e.g., what the STOLI investor knew or should have known about the policy's illegal origination) and are generally governed by the Delaware Supreme Court decisions in *Seck* and *Frankel & De Bourbon*. *See Geronta Funding v. Brighthouse Life Ins. Co.*, 284 A.3d 47, 71-73 (Del. 2022) ("*Seck*"); *Wilmington Tr., Nat'l Ass'n v. Sun Life Assurance Co. of Canada*, 2023 WL 2564350, at *13 (Del. Mar. 20, 2023) ("*Frankel & De Bourbon*"). The summary judgment cross-motions also typically involve litigation over any affirmative defenses and counterclaims raised by the STOLI defendants. Doing all of this through summary judgment cross-motions typically requires more space than courts' usual default page limitations, and Ameritas has no reason to believe that the instant case will be any different.

Indeed, this Court and other courts applying Delaware law to similar STOLI programs have not only granted the parties leave to exceed traditional page limitations, but have then issued thorough opinions analyzing the record and the law and declaring such policies to lack insurable interest at inception under Delaware law on summary judgment. *See, e.g., Sun Life v. U.S. Bank*, 369 F. Supp. 3d 601, 605-06 (D. Del. 2019) ("*Sol*"); *Berland*, 2022 WL 15023450, at *1-2; *Sun Life v. U.S. Bank*, 2016 WL 161598 (S.D. Fla.

Jan. 14, 2016) ("*Malkin*"); *U.S. Bank v. Sun Life*, 2016 WL 8116141, at *3-6 (E.D.N.Y. Aug. 30, 2016) ("*Van de Wetering*"); *Estate of Malkin v. Wells Fargo*, 379 F. Supp. 3d 1263, 1266-68 (S.D. Fla. March 29, 2019), *aff'd* 998 F.3d 1186 (11th Cir. 2021) ("*Estate of Malkin*"); *Estate of Barotz v. Vida Longevity Fund*, 2022 WL 16833545, at *1-3 (Del. Super. Ct. Nov. 9, 2022) ("*Estate of Barotz*"); *Frankel & De Bourbon*, 2023 WL 2564350, at *13. The page limitations proposed by Ameritas are on par with these prior cases. *See, e.g.*, Stip. Re Page Limits, *Sol*, 1:17-CV-00075, Dkt. 126 (D. Del. Oct. 12, 2018) (parties stipulated to and the court so ordered a 40-page limit for the parties' opening memorandums of law and statements of fact in support of their respective motions for summary judgment); Plf. Mem. & Statement of Facts, *Estate of Berland*, 1:18-CV-02002, Dkt. 100 & Dkt. 101 (D. Del. July 24, 2020) (the plaintiff's opening papers consisted of a 28-page memorandum of law plus a 14-page statement of facts); Pl. Statement of Facts, *Malkin*, 2015 WL 9250145 (S.D. Fla. Nov. 16, 2015) (plaintiff's opening papers consisted of a 35-page statement of facts); Pl. Mem., *Malkin*, 2015 WL 9250168 (S.D. Fla. Nov. 16, 2015) (plaintiff's opening papers consisted of a 34-page memorandum of law); Pl. Mem., *Van Wetering*, 2016 WL 8416336 (E.D.N.Y. Feb. 22, 2016) (plaintiff's opening papers consisted of a 25-page memorandum of law in addition to an 18-page statement of facts); Pl. Br., *Estate of Malkin*, 2018 WL 11270498 (S.D. Fla. Sept. 7, 2018) (plaintiff's opening papers consisted of a 29-page memorandum of law in addition to a 25-page statement of facts); *Estate of Barotz*, C.A. No. N20C-05-144 EMD CCLD (Del. May 4, 2021) (plaintiff's opening papers consisted of a 31-page memorandum of law and statement of facts); Stip. Re Page Limits, *Frankel & De Bourbon*, C.A. No. N17C-08-331 MMJ CCLD, Dkt. 266 (Del. Super. June 11, 2021) (entering stipulation permitting 18,000 words for

consolidated summary judgment opening and answering briefs, and 12,375 words for consolidated reply briefs).

This case is still in its opening stages. But based on the issues involved and the experience of prior cases, it is plain that substantial relief from the default page limitations will be required. Ameritas therefore believes its extension request is reasonable, prudent, and reflects the baseline reality of how these cases are actually litigated. The reality is that STOLI transactions are fraudulent transactions wrapped up in artifices designed to make them look legitimate. Unraveling the insurable interest fraud and showing the court what really happened can take considerable space. STOLI investors know what is under all of those layers of artifice; STOLI investors do not want it exposed or courts scrutinizing it; and therefore STOLI investors are generally against longer page limitations.

        ii.        <u>WSFS's Proposal re Page Limitations:</u>   [handwritten: "→ Yes CBW"]

WSFS's proposal is to adopt the language of the Court's form order, which is both reasonable and sufficient for this case. Ameritas simply disagrees with this Court's preference for concise statements, as evidenced by the unnecessary argument section WSFS includes in its position statement above. To be clear, WSFS disputes these arguments, which have no place here. This case is not particularly complex and does not warrant the significant departure from the Court's form order that Ameritas proposes here. Furthermore, it is premature for Ameritas to assume it will need ten additional pages for its summary judgment brief and *twenty-six* additional pages for its undisputed statement of facts before discovery has even commenced. Finally, WSFS notes that similar lawsuits filed by Amertias' counsel here have also gone to trial. *See, e.g., Estate of Rink v. VICOF II Tr.*, No. 5:20-cv-00039, 2021 WL 6064890 (W.D.N.C. Dec. 20, 2021).

LEGAL\64208455\1

Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate the fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

LEGAL\64208455\1

  c. <u>Ranking of Summary Judgment Motions</u>. Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

10. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Motions *in Limine***. All Motions *in limine* shall be filed by or before **September 27, 2024**. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

LEGAL\64208455\1

12. **Pretrial Conference.**

   a. On **January 8, 2025** the Court will hold a pretrial conference in Court with counsel beginning at **1:00 p.m.** The Parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the Parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the Parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

   b. The Parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

13. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the Parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) full days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

14. **Trial.** This matter is scheduled for a five (5) day jury trial beginning at **9:30 a.m.** on **January 13, 2025**, with the subsequent trial days beginning at **9:30 a.m.** Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15. **ADR Process.** ~~This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.~~

16. **Page/Word Limitations.** Where page limits are specified by order or rule, the Parties shall use a word-count limit. For each page allowed by order or rule, the Parties shall use up to 250 words. For example, where the page limit specified by rule is 20 pages, the maximum number of words for a party's submission would be 5,000 (20 x 250). A certification as to the total number of words must be included in any submission.

17. **Font.** The text for all briefs, letters, motions, and concise statements of fact shall be 14-point and in Times New Roman or similar typeface. Each such filing must include a certification by counsel that the filing complies with the type, font, and word limitations set forth in this Order. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the filing.

18. **Compendium of Cases.** A party may submit with any briefing two (2) courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

19. **Relevant Deadlines and Dates.** All relevant deadlines and dates established by this Order are set forth in the chart attached as **Exhibit A**.

**AGREED TO BY AND BETWEEN:**

**COZEN O'CONNOR P.C.**

/s/ Kaan Ekiner
Kaan Ekiner (No. 5607)
1201 North Market St., Ste. 1001
Wilmington, DE 19801
Phone: 302-295-2046
Fax: 302-250-4356
kekiner@cozen.com

Joseph M. Kelleher (*pro hac vice*)
Kara E. Cheever (*pro hac vice*)
Victoria G. Mazzola (*pro hac vice*)
1650 Market St., Ste. 2800
Philadelphia, PA 19103
jkelleher@cozen.com
kcheever@cozen.com
vmazzola@cozen.com

*Attorneys for Plaintiff,*
*Ameritas Life Insurance Corp.*

**K&L GATES LLP**

/s/ Matthew B. Goeller
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Khai LeQuang
Aaron M. Rubin
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Telephone: 949-567-6700
klequang@orrick.com
amrubin@orrick.com

*Attorneys for Defendant Wilmington Savings Fund Society, FSB, solely as Securities Intermediary*

**SO ORDERED** this 13th day of July 2023.

_____
The Honorable Gregory B. Williams
United States District Judge

## EXHIBIT A

| Event | Deadline |
|---|---|
| Deadline for the Parties to file their Initial Disclosures and to file a proposed protective order | 14 days after the Court enters this Order |
| Deadline for all motions to join other parties and to amend or supplement the pleading | June 30, 2023 |
| Party document production shall be substantially complete. Documents shall be produced on a rolling basis | November 17, 2023 |
| Close of fact discovery | February 9, 2024 |
| Affirmative expert reports | March 9, 2024 |
| Rebuttal expert reports | April 5, 2024 |
| Reply expert reports | April 19, 2024 |
| Expert discovery cutoff | May 17, 2024 |
| Dispositive motions due | June 14, 2024 |
| Oppositions to dispositive motions due | July 12, 2024 |
| Replies in further support of dispositive motions due | July 26, 2024 |
| Deadline motions *in limine* and *Daubert* motions due | September 27, 2024 |
| Pretrial conference | January 8, 2025 |
| Jury Trial begins | January 13, 2025 |