IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP.,<br><br>        Plaintiff,<br><br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY,<br><br>        Defendant, | C.A. No. 23-236-GBW |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY,<br><br>        Counterclaimant,<br><br>    v.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>        Counterclaim Defendant. | |

**JOINT STIPULATION FOR EXTENSION OF DEADLINES**

      Pursuant to Local Rule 16.4, Ameritas Life Insurance Corp. ("Ameritas") and Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("Securities Intermediary," and collectively with Ameritas, the "Parties") hereby jointly stipulate to an extension of the deadlines in the Joint Scheduling Order (ECF 17) and respectfully request that the Court order as follows:

      1.    The Parties seek a three-month extension of the deadlines in the Joint Scheduling Order (ECF 17), not including the deadline to substantially complete document productions.

      2.    The Court entered the Joint Scheduling Order in this case on July 13, 2023. ECF 17. In the Joint Scheduling Order, substantial completion of the Parties' document

productions was scheduled to occur on or by November 17, 2023, while fact discovery was slated to close on February 9, 2024.

3. Recognizing that additional time was needed to substantially complete their document productions, the Parties filed a Joint Stipulation for Extension of Deadline to Substantially Complete Document Productions on November 10, 2023.  ECF 40.

4. In that filing, Securities Intermediary specifically noted that additional extensions, including of the fact discovery deadline, would likely be needed, and the Parties indicated that they would seek additional extensions of other deadlines if necessary.

5. The Court granted the Joint Stipulation on November 15, 2023, setting the deadline for substantial completion of the Parties' document productions for January 5, 2024.  The other case deadlines remained unchanged, including the February 9, 2024 deadline for completion of fact discovery.

6. In accordance with the Court's schedule, the Parties substantially completed their document productions on or by January 5, 2024.  However, while the Parties have already taken significant discovery, additional time is needed to resolve disputes over the Parties' document productions and to ensure that there is time for all fact witness depositions to take place prior to the end of fact discovery.

7. The Parties have also issued several subpoenas *duces tecum* to third parties.  The Parties are still in the process of negotiating those third parties' responses and are awaiting several productions of documents.  *E.g.*, ECF 24; ECF 28; ECF 32-35; ECF 37; ECF 39; ECF 41-48.

8. For these reasons, the Parties are not in a position to complete fact discovery by February 9, 2024.

9. The Parties believe that extending the deadline for completion of fact discovery by three months (i.e., to **May 10, 2024**) will allow the Parties sufficient time to resolve their disputes over their document productions, complete fact witness depositions, and complete negotiations with third parties relating to their document productions.

10. To align the other deadlines in the Joint Scheduling Order with any such an extension, the Parties seek a three-month extension of the other deadlines as well.

11. Good cause exists for granting the requested extension because it will allow the Parties to complete fact discovery in an orderly fashion. The Parties have not unreasonably delayed in seeking discovery or this extension, as demonstrated by the discovery that the Parties have already undertaken.

11. The extension requested herein is not being sought for purposes of delay or any other improper purpose, and no party will be prejudiced by the requested extension.

NOW THEREFORE, it is hereby stipulated and agreed by the Parties hereto, subject to Court approval, that the deadlines provided in the Court's Joint Scheduling Order (ECF 17), except for the substantial completion of document productions, shall be extended by **three months** as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of fact discovery | February 9, 2024 | May 10, 2024 |
| Affirmative expert reports | March 9, 2024 | June 7, 2024 |
| Rebuttal expert reports | April 5, 2024 | July 3, 2024 |
| Reply expert reports | April 19, 2024 | July 19, 2024 |
| Expert discovery cutoff | May 17, 2024 | August 16, 2024 |
| Dispositive motions due | June 14, 2024 | September 13, 2024 |

| | | |
|---|---|---|
| Oppositions to dispositive motions due | July 12, 2024 | October 11, 2024 |
| Replies in further support of dispositive motions due | July 26, 2024 | October 25, 2024 |
| Deadline motions *in limine* and *Daubert* motions due | September 27, 2024 | December 27, 2024 |
| Pretrial conference | January 8, 2025 | April 10, 2025 |
| Jury Trial begins | January 13, 2025 | April 14, 2025 |

**AGREED TO BY AND BETWEEN:**

**COZEN O'CONNOR P.C.**

*/s/ Kaan Ekiner*
Kaan Ekiner (No. 5607)
1201 North Market St., Ste. 1001
Wilmington, DE 19801
Phone: 302-295-2046
Fax: 302-250-4356
kekiner@cozen.com

Joseph M. Kelleher (*pro hac vice*)
Kara E. Cheever (*pro hac vice*)
Victoria G. Mazzola (*pro hac vice*)
1650 Market St., Ste. 2800
Philadelphia, PA 19103
jkelleher@cozen.com
kcheever@cozen.com
vmazzola@cozen.com

*Attorneys for Plaintiff,*
*Ameritas Life Insurance Corp.*

**K&L GATES LLP**

*/s/ Megan E. O'Connor*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Khai LeQuang (*pro hac vice*)
Aaron M. Rubin (*pro hac vice*)
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Telephone: 949-567-6700
klequang@orrick.com
amrubin@orrick.com

*Attorneys for Defendant Wilmington Savings Fund Society, FSB, solely as Securities Intermediary*

**SO ORDERED** this ____ day of January 2024.

_____
The Honorable Gregory B. Williams
United States District Judge