# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br> *Plaintiff* <br> v. <br> WILMINGTON SAVINGS FUND SOCIETY, FSB, <br> SOLELY AS SECURITIES INTERMEDIARY <br> *Defendant* | Civil Action No. 23-236-GBW |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Wilmington Savings Fund Society FSB, c/o The Controller's Office
500 Delaware Avenue, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Cozen O'Connor <br> 1650 Market Street, Suite 2800, <br> Philadelphia, PA 19103 | Date and Time: <br> 03/26/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: via stenographic, video, audio recording

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/12/2024

*CLERK OF COURT*

OR

_____       */s/ Kaan Ekiner*
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Ameritas Life Insurance Corp. , who issues or requests this subpoena, are:

Kaan Ekiner, 1201 North Market Street, Ste 1001, Wilmington, De 19801, kekiner@cozen.com 302-295-2046

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-236-GBW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Wilmington Savings Fund Society FSB on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1. "You" or "Your" means Wilmington Savings Fund Society FSB and includes any of Your past and present agents, representatives, attorneys, and all other persons acting, or purporting to act, on Your behalf or in concert with You, as well as any entities that control, are controlled by, are under common control with, or otherwise affiliated with You.

2. "Document Subpoena" means the October 18, 2023 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action that was served on You in *Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary*, Civil Action No. 23-235-GBW (D. Del.), attached hereto as **Exhibit 1.**

## TOPICS FOR EXAMINATION

1. Your efforts to collect and produce documents in response to the Document Subpoena, including the searches You conducted and the locations that You searched (e.g., electronic databases, digital or physical archives, microfiche, back-up tapes, third-party archival providers, etc.).

2. Your retention policy for deposit account records, bank statements, and/or any information requested by the Document Subpoena.

3. The sources of the funds identified in Exhibit A to the Document Subpoena.

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP.,<br>*Plaintiff*<br>v.<br>WILMINGTON SAVINGS FUND SOCIETY, FSB,<br>SOLELY AS SECURITIES INTERMEDIARY<br>*Defendant* | Civil Action No. 23-236-GBW |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wilmington Savings Fund Society FSB
Controllers Office, 500 Delaware Avenue, Wilmington, DE 19801
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached

| Place: COZEN O'CONNOR, attn: Victoria Mazzola, 1201 North Market Street, Suite 1001, Wilmington, DE 19801; or via email: vmazzola@cozen.com, (856) 340-6508 | Date and Time:<br>11/13/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/18/2023

| *CLERK OF COURT* | OR | /s/Kaan Ekiner |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Ameritas Life Insurance Corp. , who issues or requests this subpoena, are:
Kaan Ekiner, Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE, 19801, kekiner@cozen.com, 302-295-2046

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-236-GBW

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Wilmington Savings Fund Society FSB
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:23-cv-00236-GBW   Document 66-1   Filed 03/12/24   Page 9 of 17 PageID #: 1779

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

## DEFINITIONS

1. "You" or "Your" means Wilmington Savings Fund Society FSB and includes any of Your agents, representatives, attorneys, and all other persons acting, or purporting to act, on Your behalf or in concert with You, as well as any entities that control, are controlled by, are under common control with, or otherwise affiliated with You.

2. The term "Federal Wire" refers the document attached hereto as Exhibit 1 that is dated August 6, 2007.

3. The term "Communication" refers to any transmittal of information, including but not limited to any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letter correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, documents, writing, or other forms of communications, including but not limited to both oral and written communications. The term "Communication" includes but is not limited to oral and written communications, communications to, from, or within a business and/or corporate entity, and communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

4. The term "Document" is used in the broadest possible sense under the Federal Rules of Civil Procedure and refers to, without limitation, any written, printed, typed, photostatted, photographic, computerized, recorded, or otherwise reproduced communications or representation, whether composed of letters, words, numbers, pictures, sounds or symbols, or any combination thereof, and whether located on-site or in an off-site repository. This definition includes copies of duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings, regardless of origin or location. Without limiting the

generality of the foregoing, the term "Document" includes, but is not limited to, e-mails, whether in electronic or hard copy form, including e-mails that were "deleted" but that are recoverable from any electronic storage media, electronically stored information (including but not limited to information stored on optical disks, backup tapes, servers, hard drives, PDAs, or floppy disks), correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries or investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, phonograph recordings, films, tapes, computer and word processor disks, data cells, drums, print-outs, all other data from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing, of which You, Your agents, representatives, employees, accountants, or attorneys have possession, custody, or control.

5. Any reference to any third party, refers to that person or entity, any predecessor or successor persons or entities, and any of the third party's agents, officers, directors, employees, representatives, attorneys, accountants, assignees, and all other persons acting, or purporting to act, on its behalf or in concert with the third party.

## INSTRUCTIONS

1. Each request shall be deemed to call for the production of all original document or documents, or identical copies, within your possession, custody, or control, including any drafts, versions, or copies that differ in any respect from the original.

2. Each request that seeks information relating in any way to Communications to, from, or within a business and/or corporate entity includes all Communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity

3. If a request for production calls for the production of a document or documents that you assert is privileged, identify the author, addressee, and all recipients of copies of the document, setting forth the date and general subject matter thereof, and state the basis for the claim of privilege. An objection or claim of privilege directed to part of a request does not obviate the requirement to respond to the parts of the request for which no objection to claim of privilege is made.

4. If a request cannot be produced in full, respond to the extent possible and specify the reasons for your inability to answer.

5. These requests for production are continuing, and should you acquire any additional information responsive to these requests, please supplement your responses accordingly.

6. Electronically stored information ("ESI") should be produced, as far as reasonably possible, in either native format or TIFF format with linked text files, with all metadata preserved.

## DOCUMENT REQUESTS

1. All Documents and Communications relating to Marvin Flaks, the Marvin Flaks Life Insurance Trust, and/or Ameritas Policy No. U000038534.

2. All Documents relating to bank accounts owned by or belonging to the Marvin Flaks Life Insurance Trust between July 1, 2006 and December 31, 2016.

3. For the time period of July 1, 2006 to December 31, 2016, all Documents relating to or showing account records for the bank account(s) reflected in the Federal Wire, including but not limited to, bank account number 208789644.

4. Documents sufficient to show the source of the $200,850 reflected in the Federal Wire (e.g., a document showing the corresponding deposit(s) into the bank account and who made such deposit(s)).

5. Documents sufficient to show who held any beneficial interest in Ameritas Policy No. U000038534 while You were involved with Ameritas Policy No. U000038534 in any capacity.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP.,<br><br>        Plaintiff,<br><br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY,<br><br>        Defendant,<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY,<br><br>        Counter-Claimant,<br><br>    v.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>        Counter-Defendant. | C.A. No. 23-236-GBW |

**AFFIDAVIT OF WILMINGTON SAVINGS FUND SOCIETY FSB
OFFICER AND/OR CUSTODIAN OF RECORDS**

Before me, the undersigned authority, personally appeared,

_____
Name

Who, being duly sworn by me, deposes and says as follows:

1. **Authority.** I, _____, am a duly authorized officer and/or custodian of records of Wilmington Savings Fund Society FSB with authority to execute this affidavit and certify to the authenticity and accuracy of the records produced with this affidavit.

2. **Records.** The records produced by Wilmington Savings Fund Society FSB are original documents or are true copies of records of a regularly conducted activity that:

5

      A.    were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

      B.    were kept in the course of a regularly conducted activity of Wilmington Savings Fund Society FSB; and

      C.    making the record was a regular practice of Wilmington Savings Fund Society FSB in the course of the regularly conducted activity.

3. **Production.** (*Select One*)

    _____    The records that were produced in response to the subpoena attached hereto as Exhibit A (totaling \_\_\_\_\_ pages) constitute a complete production of records responsive to the subject request, order, or subpoena (or a complete production under the terms of a subject request, order, or subpoena as subsequently limited by the issuer).

    _____    A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

4. I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        Signature: _____

Subscribed and Sworn to before Me this _____ day of _____, 2023.

_____

Notary Public

# EXHIBIT 1

# Previous Day Detail Report - UCLPreviousDayWires

**Previous Business Day: August 03, 2007**

🅟 PNC

08/06/2007 06:08:38 AM

---

PNC, OHIO  
UCL Regular

USD

### Credits

**Wire Transfer In**

**Money Transfer CR-Wire**

| Amount | Reference Number | 0-Day Float | 1-Day Float | 2+Day Float |
|---|---|---|---|---|
| $200,850.00 | 070803022460 | $200,850.00 | $0.00 | $0.00 |

FED WIRE IN 022460 ORIGINATOR:BRIAN A SULLIVAN TRUSTEE AC/208789644 WILMINGTON SAV FUND SOCIETY FSB ABA:031100102 OBI:FFC-/ POLICY # U000038534 MARVIN FLAKS BENEFICIARY:UNION CENTRAL LIFE INS CO AC/4000532620 TRN:070803022460 FEDREF:03362 DATE:070803TIME:1540