IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP.,<br><br>        Plaintiff,<br><br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY,<br><br>        Defendant. | C.A. No. 23-236-GBW<br><br>JURY TRIAL DEMANDED |

### MOTION TO MODIFY PRETRIAL DEADLINES IN JOINT SCHEDULING ORDER

Defendant Wilmington Savings Fund Society, FSB, solely as Securities Intermediary ("Securities Intermediary"), by and through its undersigned counsel, moves for entry of an order modifying the remaining pretrial deadlines in the Joint Scheduling Order (D.I. 17), as modified on January 29, 2024 (D.I. 55) and on April 16, 2024 (D.I. 97), by extending the deadlines approximately three months. In support of its motion, Securities Intermediary states as follows:

### Introduction

1.    Securities Intermediary seeks an approximately three-month extension of the forthcoming pretrial deadlines in the Joint Scheduling Order, as modified on January 29, 2024 and April 16, 2024. *See* D.I. 17, 55, 97. Specifically, Securities Intermediary seeks to extend the pretrial deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of fact discovery | July 9, 2024 | October 4, 2024 |
| Affirmative expert reports | August 9, 2024 | November 15, 2024 |
| Rebuttal expert reports | September 6, 2024 | December 13, 2024 |

| | | |
|---|---|---|
| Reply expert reports | September 25, 2024 | January 10, 2025 |
| Expert discovery cutoff | October 23, 2024 | January 31, 2025 |
| Dispositive motions and *Daubert* motions due | November 22, 2024 | February 28, 2025 |
| Oppositions to dispositive motions and *Daubert* motions due | December 20, 2024 | March 31, 2025 |
| Replies in further support of dispositive motions and *Daubert* motions due | January 24, 2025 | April 21, 2025 |
| Deadline motions *in limine* | March 7, 2025 | June 6, 2025 |
| Pretrial conference | November 12, 2025 | November 12, 2025 |
| Jury Trial begins | November 17, 2025 | November 17, 2025 |

2.  Good cause exists for this extension because, although Securities Intermediary has diligently pursued discovery, several discovery disputes are still pending before the Special Master. These discovery disputes include Plaintiff Ameritas Life Insurance Corp.'s ("Ameritas") objections to (a) depositions of witnesses who appear on numerous documents Ameritas has produced and whom Ameritas has identified in its Initial Disclosures and interrogatory responses; and (b) documents that are relevant to several Ameritas witnesses whom Securities Intermediary has yet to depose, such that Securities Intermediary would need the documents before taking those depositions or must otherwise reserve the right to reopen the depositions if the Court orders Ameritas to produce the documents.

3.  These discovery disputes remain outstanding through no fault of Securities Intermediary. To date, in this case in which $3,000,000, plus interest, punitive damages, and attorneys' fees are at issue, Ameritas has produced fewer than 1,500 documents and baselessly withheld relevant documents, forcing Securities Intermediary to file several motions to compel.

2

4. Moreover, Securities Intermediary submitted the pending discovery disputes to the Court between two and four months ago, and the parties previously agreed that the pendency of these same disputes was good cause to modify the Joint Scheduling Order and extend the pretrial deadlines. *See* D.I. 88, 97.

5. On April 16, 2024, this Court referred all outstanding and future discovery disputes to a Special Master. D.I. 96. At least one other discovery dispute arose thereafter, but Securities Intermediary could not submit that dispute to the Special Master until the Special Master was appointed. The Special Master was only appointed on May 24, 2024. D.I. 107.

6. In addition, if the Special Master decides Securities Intermediary's motions to compel in Securities Intermediary's favor, Ameritas will have to produce additional documents, which will likely take at least 30 days.

7. Ameritas opposes Securities Intermediary's proposed three-month extension of the remaining pretrial deadlines requested in this motion. Ameritas acknowledges that certain discovery disputes and depositions are still outstanding and recognizes that the proposed extension would not impact the trial date. And, as of the week of June 3, 2024, Ameritas has also indicated that it has at least one outstanding motion to compel to brief and file before the Special Master as well as one motion for a protective order. Yet Ameritas opposes an extension of the case schedule.

8. Ameritas's reason for opposing Securities Intermediary's request for a modification of the Joint Scheduling Order is apparent. Fact discovery is currently set to end on July 9, 2024, and Ameritas wants to limit Securities Intermediary's ability to obtain the discovery at issue in the disputes, including obtaining documents that are relevant to depositions Securities Intermediary must take before rulings on those disputes, assuming no extension.

9. As discussed below, Securities Intermediary has diligently pursued discovery in this case, including promptly submitting several discovery disputes to the Court over the past two to four months. However, those discovery disputes remain pending through no fault of Securities Intermediary but because a Special Master was only recently appointed to decide them (as well as other disputes that have since arisen). Accordingly, good cause exists for this Court to modify the remaining pretrial deadlines in the Joint Scheduling Order to allow the Special Master to address the remaining disputes, as well as any additional disputes that might arise, and allow time for depositions thereafter.

## Legal Standard

10. Fed. R. Civ. P. 16 gives the district courts wide latitude to manage discovery and other pretrial matters, including setting deadlines. Under Fed. R. Civ. P. 16(b)(4), a schedule may be modified for "good cause" and with the judge's consent. "Good cause exists when the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *TOT Power Control, S.L. v. Apple Inc.*, No. 21-1302-MN, 2024 WL 1759152, at *1 (D. Del. Apr. 23, 2024) (quoting *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (finding good cause and extending fact discovery deadline).[1]

---

[1] "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *ICU Med.*, 674 F. Supp. 2d at 577-78 (quoting *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). In any event, there is no prejudice to Ameritas resulting from Securities Intermediary's requested modification of the Joint Scheduling Order. Securities Intermediary's requested three-month extension does not impact the trial date, and Ameritas already agreed just two months ago that the pending discovery disputes (which are still pending) and remaining depositions constitute good cause for modifying the Joint Scheduling Order. *See* D.I. 88. Rather, the only prejudice Ameritas has identified is that it will delay summary judgment where Ameritas intends to seek a case-dispositive ruling. *See* Declaration of Aaron M. Rubin in Support of this Motion ("Rubin Decl.") Ex. 1 at 5. However, under Securities Intermediary's proposal summary judgment would still proceed—just three months later—and it would be fully briefed by April 21, 2024, which is seven months before the start of trial.

4

**Procedural and Discovery History**

11. Ameritas filed the Complaint in this action on March 3, 2023. D.I. 1. In the Complaint, Ameritas seeks a declaration that a life insurance policy (the "Policy") issued in 2007 and insuring the life of Marvin Flaks (the "Insured") is void *ab initio* for lack of insurable interest and that Ameritas need not pay the death benefit to Securities Intermediary. *See id.* Ameritas alleges the Policy was part of program run by an entity called Ocean Gate. *See id.* ¶ 44.

12. Securities Intermediary filed its Answer, Affirmative Defenses, and Counterclaims against Ameritas on April 13, 2023. D.I. 13. Securities Intermediary pleads claims for breach of contract, breach of the covenant of good faith and fair dealing, bad faith, unjust enrichment (in the alternative), and fraud. *See id.* Securities Intermediary alleges Ameritas knew all the facts relevant to the Policy for years, yet continued to represent to the Policy owners that the Policy was in force while collecting millions of dollars in premiums. *See id.* Then, after the Insured died and Securities Intermediary submitted a claim for the death benefit, Ameritas claimed the Policy was void for lack of insurable interest and now seeks to keep over $2 million in premiums it pocketed over the past fifteen years. *See id.*

13. The parties submitted the Joint Rule 26(f) report and proposed discovery plan on June 15, 2023 (D.I. 16), and the Court issued the initial Joint Scheduling Order on July 13, 2023 (D.I. 17). Under the Joint Scheduling Order, *inter alia*, each side is entitled to 105 hours of taking testimony by deposition upon oral examination. *See* D.I. 17 ¶ 3(e).

14. Following service of Fed. R. Civ. P. 26(a) Initial Disclosures on July 28, 2023 (D.I. 20, 21),[2] Securities Intermediary moved diligently to take discovery from Ameritas, serving its

---

[2] Consistent with Ameritas's attempts to impede Securities Intermediary's discovery throughout this case, Ameritas's first Rule 26(a) Initial Disclosures did not disclose any Ameritas witnesses, improperly identifying only "Corporate Representative of Ameritas." *See* Rubin Decl. Ex. 2 at 6.

5

First Set of Requests for Production on August 9, 2023 (D.I. 22). Ameritas served its Responses and Objections to Securities Intermediary's First Set of Requests for Production on September 8, 2023. D.I. 25. As to most of the requests, including requests for documents related to any inquiry or investigation conducted by Ameritas related to the Policy or the death benefit claim, Ameritas agreed to produce all responsive, non-privileged documents. *See* Rubin Decl. Ex. 3 at 6-7.

15. Ameritas, however, did not adhere to its discovery obligations (or its own responses) in good faith, as Securities Intermediary would later learn. First, on September 21, 2023, Ameritas identified fourteen custodians whose documents it would search, which it claimed were the proper custodians for responsive documents. But this resulted in Ameritas producing only 1,484 total documents for the time period since Ameritas issued in the Policy in 2007. This is a fraction of the 3,592 documents Securities Intermediary produced to date (with more forthcoming following the Court's D.I. 94 April 15, 2024 order on Ameritas's motion to compel) despite BroadRiver only taking ownership of the Policy in 2020.

16. When Securities Intermediary received Ameritas's responses to Securities Intermediary's interrogatories on February 9, 2024, it became clear why Ameritas had produced almost no documents. First, the interrogatories identified several individuals with responsive documents whom Ameritas had not identified as custodians. *See* D.I. 85 at 2. For example, in identifying "all Persons with knowledge relating to Ameritas's decision not to pay the death benefit under the Policy"—the crux of this case—Ameritas identified eight individuals, as well as

---

After Securities Intermediary objected, Ameritas provided amended Rule 26(a) Initial Disclosures on September 21, 2023, identifying only three witnesses: Kelly Halverson, Dennis Peyton, and Scott Farmen. *See* Rubin Decl. Ex. 4 at 7. Nevertheless, and as discussed in more detail below, Ameritas has objected to making Mr. Peyton and Mr. Halverson available for depositions and are moving for a protective order in front of the Special Master to prevent Securities Intermediary from deposing these two witnesses Ameritas identified in its Rule 26(a) Amended Initial Disclosures. *See id.*

"[i]ndividuals at Cozen O'Connor."[3]  *See* Rubin Decl. Ex. 5 at 4-5.  Ameritas had identified only *one* of these individuals on its list of custodians.[4]  *See* D.I. 85 at 3.

17.     Securities Intermediary therefore asked Ameritas to run the parties' agreed-upon search terms for these newly-identified individuals.  This was a seemingly uncontroversial request.  Yet, following various meet and confer discussions, Ameritas refused to search any of these custodians' files, forcing Securities Intermediary to file a joint letter with the Court to request a discovery teleconference.  The parties filed this joint letter on March 28, 2024, and the issue was fully briefed as of April 8, 2024.

18.     Second, after Ameritas served its interrogatory responses on February 9, 2024 and amended its privilege log on March 11, 2024, Securities Intermediary confirmed that Ameritas had referred the investigation of the death benefit claim on the policy at issue in this case to its attorneys and had withheld the investigation and claims decision documents as privileged.  As the investigation of claims is a business function of insurance companies and factual in nature, Securities Intermediary demanded Ameritas produce these documents as well.  Ameritas refused.  This dispute was therefore included in the parties' March 28, 2024 joint letter and April 8, 2024 briefing.

19.     Securities Intermediary also has pending disputes with third-parties; in particular, Cozen O'Connor P.C ("Cozen"), Ameritas's counsel.  Specifically, long before Cozen filed this lawsuit, the firm issued opinion letters on behalf of Ocean Gate to prospective buyers of life

---

[3] These eight individuals are: Rebecca Loosle, Scott Foreman, Rebecca Vonderhaar, Matt Holman, Jill O'Connor, Patricia Boylan, Andrea Snowden, and Dennis Peyton.

[4] This one overlapping individual is Dennis Peyton, who is also listed on Ameritas's Rule 26(a) Amended Initial Disclosures. However, Ameritas is also moving for a protective order to prevent Securities Intermediary from deposing Mr. Peyton. Securities Intermediary intends to oppose Ameritas's motion for a protective order.

insurance policies that Ocean Gate had acquired, including the Policy at issue in this case. Those letters opined that such policies, including the Policy, satisfied insurable interest requirements and specifically stated "that this opinion letter may be furnished to, and relied upon by, your successors and permitted assigns in connection with the transactions described herein." *See, e.g.*, Rubin Decl. Exs. 6, 7. The current owner of the Policy is such a successor/assignee. Today, however, Cozen, on behalf of Ameritas, has taken the exact opposite position and claims that the Policy, which was the subject of Cozen's opinion letters, is void for lack of insurable interest. Securities Intermediary served a subpoena on Cozen on December 6, 2023 (D.I. 44), seeking documents related to these opinion letters, including Cozen's communications about them. Cozen refused to produce any documents. Securities Intermediary and Cozen submitted a joint letter to the Court regarding this dispute on January 26, 2024, but it has not yet been briefed or heard. It will now be going before the Special Master. *See* D.I. 108.

20. Despite Securities Intermediary's diligence, these discovery disputes are still outstanding. That is because the Court referred all discovery disputes to a Special Master on April 16, 2024, D.I. 96, and the Special Master was only appointed on May 24, 2024, D.I. 107. Further, upon the Special Master's appointment, Securities Intermediary immediately began engaging with the Special Master to set the procedure and schedule hearings on the pending discovery disputes, while Ameritas did not communicate with the Special Master for over a week. As a result, the resolution of the discovery disputes was further delayed. Ameritas is now trying to use this delay to limit Securities Intermediary's ability to pursue discovery, particularly discovery that is the subject of the pending motions.

21. In addition, other disputes arose after the Court referred the discovery disputes to a Special Master. For example, after months of negotiations, Ameritas ultimately refused to produce

deposition transcripts of witnesses in this case that were taken in a handful of other cases that concern the same issues in this action, i.e., where Ameritas collected premiums on a life insurance policy for years and then challenged it for lack of insurable interest once the death claim was submitted. *See* Rubin Decl. Ex. 8 at 2-3. Again, this should have been a noncontroversial request—indeed, Ameritas itself has requested similar deposition transcripts from dozens of third parties on whom it served subpoenas, *see, e.g.*, Rubin Decl. Ex. 9 at 9 of 14—but, again, Ameritas forced Securities Intermediary to move to compel production of these documents.

22. Furthermore, the depositions Securities Intermediary seeks to take of Ameritas are likely to be impacted by the outstanding motions to compel. Of the nine depositions Securities Intermediary has noticed of Ameritas current or former employees, Ameritas has objected to four. Of the five witnesses whose depositions Ameritas has not objected to, Ameritas identified only two as custodians. Two others (Rhonda Loosle and Scott Foreman) are custodians whose documents have not been searched or produced and who are the subject of a pending motion to compel.[5]

23. Furthermore, of the nine depositions Securities Intermediary has noticed from Ameritas, at least four (Rhonda Loosle, Scott Foreman, Andrea Snowden, and Dennis Peyton) are individuals identified by Ameritas as being involved with the investigation and decision-making process regarding the death benefit claim. This is also the subject of a pending motion to compel and should be decided before these depositions move forward.

---

[5] Ameritas has offered a fifth witness, Dave Voelker, as a 30(b)(6) witness on specific topics, but Ameritas has not Mr. Voelker as having any relevant knowledge regarding the claims or defenses in this case, and so is not a custodian. Securities Intermediary reserves all rights as to Mr. Voelker's documents.

24. In addition, during a June 3, 2024 meet and confer, Ameritas stated it would be moving for a protective order to prevent Securities Intermediary from taking four of its noticed depositions: Dennis Peyton, Kelly Halverson, William Shamleffer, and Andrea Snowden. However, Mr. Peyton, Mr. Halverson, and Mr. Shamleffer were all identified by Ameritas as document custodians, as well as being identified as knowledgeable about key issues in the case in Ameritas's responses to Securities Intermediary's interrogatories. Moreover, and as noted above, Mr. Peyton and Mr. Halverson are two of the only three witnesses Ameritas identified on its Rule 26(a) Initial Disclosures as Ameritas employees "likely to have discoverable information that Ameritas may use to support its claims or defenses" concerning the Policy. *See* Rubin Decl. Ex. 4 at 7. Securities Intermediary intends to oppose Ameritas's motion for protective order, and this too needs to be resolved prior to the end of fact discovery. Securities Intermediary has diligently attempted to depose these individuals (again, two of which Ameritas identified in its Rule 26(a) Amended Initial Disclosures) prior to July 9, 2024, but Ameritas is preventing it from doing so.

25. On May 20, 2024, Securities Intermediary proposed extending the pretrial schedule as described in this motion for the reasons identified in this motion. Specifically, there were still several discovery disputes outstanding, the Special Master had not (at that time) been appointed, and the discovery disputes should be resolved before the depositions were taken. *See* Rubin Decl. 1 at 8-9. After receiving no response, Securities Intermediary followed up on May 24, 2024. *See id.* Later on May 24, 2024, Ameritas responded by stating they oppose extending the pretrial deadlines. *See id.* at 7. Securities Intermediary responded that day stating that, given Ameritas's position, it would notice all of the depositions to occur prior to July 9, 2024, but that it reserves

the right to reopen any of these depositions based on the rulings on Securities Intermediary's motions to compel and seek costs in having to reopen the depositions. *See id.* at 6.[6]

26. The foregoing constitutes good cause for a modification of the pretrial deadlines. The parties are not in a position to complete fact discovery by July 9, 2024 in light of the various pending discovery disputes. Securities Intermediary has diligently pursued discovery, but Securities Intermediary needs additional time to complete fact discovery in an efficient and orderly fashion.

27. The parties have previously stipulated to two extensions of deadlines. On January 25, 2024, the parties stipulated to a three-month extension of the deadlines in the Joint Scheduling Order (which this Court so-ordered on January 29, 2024), but noted that additional time was needed to resolve disputes over the parties' document productions and to ensure that there is time for all fact witness depositions to take place. *See* D.I. 50, 55 ¶ 6. The parties stipulated to a second, two-month extension of deadlines on April 11, 2024, which this Court so-ordered on April 16, 2024. *See* D.I. 88, 97. One of the purposes of the parties' stipulated extension was to "allow the Parties sufficient time for the discovery disputes to be resolved and to complete fact witness depositions." *See* D.I. 88, 97 ¶ 4. These same discovery disputes and fact witness depositions remain outstanding, and both Securities Intermediary and Ameritas acknowledged that they constituted good cause for an extension of the remaining pretrial deadlines in the case. *See id.*

---

[6] At the same time it has opposed the extension, Ameritas has complained that the six weeks between May 24, 2024 and July 9, 2024 are not enough time for the depositions to take place. While six weeks is more than enough time to complete these depositions (apart from the discovery disputes), Ameritas has refused to provide any in-person availability for its witnesses until June 20, 2024, and has proposed all the depositions take place between June 20, 2024 and June 28, 2024, causing the first four weeks of this period to pass without any depositions, despite Securities Intermediary's counsel making clear they are available.

11

28. Indeed, since April 11, 2024, only Ameritas's motion to compel has been resolved. *See* ECF 94. None of Securities Intermediary's discovery dispute outstanding as of April 11, 2024 has been resolved. Those outstanding disputes constituted good cause for an extension in April, and, as they remain outstanding, they constitute good cause for an extension today.

29. Additionally, as of the week of June 3, 2024, Ameritas has indicated it will present and brief at least two more discovery disputes to the Special Master—one motion to compel and a separate motion for a protective order.

30. For the forgoing reasons, there is good cause for an approximately three-month extension of the forthcoming pretrial deadlines in the Joint Scheduling Order (D.I. 17). Securities Intermediary believes that extending the deadline for completion of fact discovery to October 4, 2024 will allow sufficient time for the Special Master to hear the discovery disputes, for the discovery disputes to be resolved, for additional documents to be produced, and for the parties to complete fact witness depositions thereafter. Moreover, the proposed extension would not disturb the trial date. *Cf. Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*, No. 19-2259-GBW, 2023 WL 4532540, at *2 (D. Del. July 13, 2023) (Williams, J.) ("The Court observes that Vitaworks' Proposed Order to Extend Deadlines—which would have modestly extended fact discovery by less than two months, extended the deadline for dispositive and *Daubert* motions by one week, and does not disturb either trial date—sets forth the type of solution this Court expects parties to resolve without judicial intervention. But QYP opposed that solution without substantive explanation, appearing to hold Vitaworks to a fact discovery deadline that QYP appears to be at least partially responsible for straining.").

31. To align the other deadlines in the Joint Scheduling Order with any such an extension, the Securities Intermediary seeks a three-month extension of the other pretrial deadlines

as well. Securities Intermediary believes the dates for the pretrial conference and start of trial can remain unchanged to accommodate this extension. Again, Securities Intermediary seeks to extend the pretrial deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of fact discovery | July 9, 2024 | October 4, 2024 |
| Affirmative expert reports | August 9, 2024 | November 15, 2024 |
| Rebuttal expert reports | September 6, 2024 | December 13, 2024 |
| Reply expert reports | September 25, 2024 | January 10, 2025 |
| Expert discovery cutoff | October 23, 2024 | January 31, 2025 |
| Dispositive motions and *Daubert* motions due | November 22, 2024 | February 28, 2025 |
| Oppositions to dispositive motions and *Daubert* motions due | December 20, 2024 | March 31, 2025 |
| Replies in further support of dispositive motions and *Daubert* motions due | January 24, 2025 | April 21, 2025 |
| Deadline motions *in limine* | March 7, 2025 | June 6, 2025 |
| Pretrial conference | November 12, 2025 | November 12, 2025 |
| Jury Trial begins | November 17, 2025 | November 17, 2025 |

**Conclusion**

32.     For these reasons, Securities Intermediary respectfully requests entry of the order filed with this motion modifying the pretrial deadlines in the Joint Scheduling Order.

| | |
|---|---|
| Dated: June 5, 2024 | **K&L GATES LLP**<br><br>*/s/ Steven L. Caponi*<br>Steven L. Caponi (No. 3484)<br>Matthew B. Goeller (No. 6283)<br>Megan E. O'Connor (No. 6569)<br>600 N. King Street, Suite 901<br>Wilmington, DE 19801<br>Telephone: (302) 416-7000<br>steven.caponi@klgates.com<br>matthew.goeller@klgates.com<br>megan.oconnor@klgates.com<br><br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br><br>Khai LeQuang (*pro hac vice*)<br>Aaron M. Rubin (*pro hac vice*)<br>Richard W. Krebs (*pro hac vice*)<br>2050 Main Street<br>Suite 1100<br>Irvine, CA 92614-8255<br>Telephone: 949-567-6700<br>klequang@orrick.com<br>amrubin@orrick.com<br>rkrebs@orrick.com<br><br>*Attorneys for Defendant Wilmington Savings Fund Society, FSB, solely as Securities Intermediary* |

14