**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-236-GBW |
| | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, SOLELY AS SECURITIES | ) | |
| INTERMEDIARY, | ) | |
| | ) | |
| *Defendants*. | ) | |

**STIPULATION AND ORDER RELATING TO PROCEDURES FOR
RESOLVING DISCOVERY DISPUTES BEFORE SPECIAL MASTER**

Prior to contacting the Special Master regarding a discovery dispute, the parties shall

confer in good faith pursuant to D. Del. LR 7.1.1 to attempt to resolve or narrow the issues in

dispute. Should counsel find they are unable to resolve a discovery matter, Delaware counsel for

the moving party shall contact the Special Master by email (HRychlicki@pwujlaw.com) to

schedule a hearing and copy opposing Counsel on this correspondence ("Counsel's Request").

Counsel's Request shall identify the preferred format for the hearing (*i.e.*, by telephone or video

conference), include a short (no more than one paragraph) non-argumentative identification of

the nature of the dispute, a D. Del. LR 7.1.1 certification that the parties are at an impasse

regarding this dispute, and identify any time consideration as to resolving the dispute. Counsel's

Request shall be sent by the District of Delaware's 5:00 P.M. Eastern Time filing deadline, and

accompanied by a motion, along with an opening letter brief in support of that motion outlining

the issues in dispute, the applicable law, and its position on those issues. The letter brief should

be accompanied by all exhibits and case law cited and/or relied upon. If the non-moving party

believes the Counsel's Request mischaracterizes the dispute, within one (1) business day, Counsel for the non-moving party may contact the Special Master by email, copying opposing Counsel to provide a short (no more than one paragraph) non-argumentative statement regarding the dispute. The non-moving party should not take advantage of this opportunity to respond unless the moving party's identification of the nature of the dispute contains argument or the non-moving party disagrees that the parties met and conferred regarding the dispute and were unable to resolve or narrow the dispute.

The opening letter brief shall not exceed 4 pages, single-spaced, in no less than 12-point font. The party's signature block is not included within the page limits and may appear on a separate page at the end of the letter brief.

Following Counsel's Request, the Special Master may schedule a telephonic, video, or in-person hearing for the discovery motion(s). Unless otherwise ordered, the additional procedures set forth below shall apply. Upon request of a party, the Special Master may modify these procedures, including by modifying or extending the briefing schedule or page limits to accommodate the nature of the dispute or the schedules of the parties and their counsel. In addition, with respect to the two disputes already fully briefed before the Court as of the date the Special Master was appointed, there shall be no further briefing unless ordered by the Special Master; the parties sent all briefing and cases on file with the Court to the Special Master on May 30, 2024, and the Special Master shall set a hearing for those two disputes based on the briefing submitted to the Court.

1. **Hearing, Motion, and Briefs**: The Special Master shall set a hearing at a time convenient to her that, if practical, will occur approximately seven or eight (7 or 8) business days after Counsel's Request. Within five (5) business days after the Counsel's Request, any party

opposing the motion may email the Special Master a responsive letter brief outlining that party's reasons for its opposition. All briefs, any supporting exhibits, and cited case law shall be emailed to the Special Master and counsel for the opposing party by the District of Delaware's 5:00 P.M. Eastern Time filing deadline. Unless otherwise ordered, opposition letter briefs shall not exceed 4 pages, single-spaced, in no less than 12-point font. The party's signature block is not included within the page limits and may appear on a separate page at the end of the letter brief.

2. **Attachments/Exhibits**: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached. Cases/transcripts cited and/or relied upon in the letter submission should be forwarded as well. The parties' correspondence relating to the dispute also may be attached as exhibits.

3. **Further Briefing**: Should the Special Master find further briefing necessary upon conclusion of the hearing, she will order it.

4. **Notice to Court**: Pursuant to the Court's May 24, 2024, Order Appointing Special Master (D.I. 107), all discovery motions brought before the Special Master (but not the related briefing and appendices, if any) shall be filed with the Court. Only the formal motion itself must be docketed with the Court. All other discovery materials should be lodged only with the Special Master.

5. **Nonparties**: The terms of this Stipulation and Order are applicable to any discovery disputes between a party and a nonparty in connection with this action, unless (i) the relevant nonparty to the discovery dispute objects to the Stipulation and Order and suggests an alternative

procedure to resolve the discovery dispute, and (ii) the Special Master orders that the relevant nonparty's objection is sustained and that an alternative procedure shall be followed.  The relevant party to the discovery dispute with a nonparty shall send the nonparty a copy of the fully executed and signed Stipulation and Order within the following timeframes: (i) if the dispute has not already been submitted to the Court as of the date the Stipulation and Order is fully executed and signed, within one (1) day after the party and nonparty meet and confer in good faith pursuant to D. Del. LR 7.1.1 to attempt to resolve or narrow the issues in dispute, or (ii) if the dispute has already been submitted to the Court as of the date the Stipulation and Order is fully executed and signed, within one day of the date the Stipulation and Order is fully executed and signed.  To the extent a nonparty opts to object to the terms of this Stipulation and Order and suggest an alternative procedure, such objection and alternative procedure must be submitted to the Special Master and the relevant party within three (3) days of the nonparty's receipt of the fully executed and signed Stipulation and Order.

*Stipulated by and between:*

**COZEN O'CONNOR P.C.**

*/s/ Kaan Ekiner*
Kaan Ekiner (No. 5607)
1201 North Market St., Ste. 1001
Wilmington, DE 19801
Phone: 302-295-2046
Fax: 302-250-4356
kekiner@cozen.com

Joseph M. Kelleher (*pro hac vice*)
Kara E. Cheever (*pro hac vice*)
Victoria G. Mazzola (*pro hac vice*)
1650 Market St., Ste. 2800
Philadelphia, PA 19103
jkelleher@cozen.com
kcheever@cozen.com
vmazzola@cozen.com

**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Khai LeQuang (*pro hac vice*)
Aaron M. Rubin (*pro hac vice*)

4

*Attorneys for Plaintiff,*
*Ameritas Life Insurance Corp.*

Richard Krebs (*pro hac vice*)
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Telephone: 949-567-6700
klequang@orrick.com
amrubin@orrick.com
rkrebs@orrick.com

*Attorneys for Defendant Wilmington Savings*
*Fund Society, FSB, solely as Securities*
*Intermediary*

Dated:  June 4, 2024

SO ORDERED this 5th day of June 2024.


 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master