**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:23-cv-00236(GBW) |
| | : | |
| WILMINGTON SAVINGS FUND SOCIETY, | : | **JURY TRIAL DEMANDED** |
| FSB, SOLELY AS SECURITIES | : | |
| INTERMEDIARY, | : | |
| | : | |
| Defendant. | : | |

<u>**AMERITAS'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM AND TO COMPEL A RE-DEPOSITION OF BROADRIVER**</u>

Pursuant to the Court's Order assigning discovery disputes to Special Master Helena Rychlicki, Esquire (D.I. 95, D.I. 108), and pursuant to the Stipulation and Order Relating to Procedures For Resolving Discovery Disputes Before Special Master (D.I. 112), Plaintiff/Counterclaim-Defendant Ameritas Life Insurance Corp., by and through undersigned counsel, alleges as follows:

1. Defendant/Counterclaim-Plaintiff Wilmington Savings Fund Society, FSB, as securities intermediary ("WSFS"), is litigating this case in a representative capacity for its client, BroadRiver, the beneficial owner of the at-issue $3 million life insurance policy (the "Policy"). BroadRiver is the real party in interest.

2. BroadRiver's unjust enrichment counterclaim seeks restitution of the premiums it paid in the event the Policy is declared void *ab initio* for lack of insurable interest under Delaware law. The counterclaim is governed by the fault-based premium return test established by the Delaware Supreme Court in *Geronta Funding v. Brighthouse Life Ins. Co.*, 284 A.3d 47 (Del. 2022) ("*Seck*"). Central to that test is what

BroadRiver knew or should have known about the Policy's insurable interest problems.

3.  When Ameritas tried to probe BroadRiver's insurable interest knowledge, investigation, and analysis, BroadRiver asserted attorney-client privilege over these subjects, withholding its documents, and instructing its 30(b)(6) witness not to answer questions in this regard.

4.  BroadRiver's decision to counterclaim for a premium refund under *Seck*, as well as its allegations that it "had no reason to know or suspect the Policy would be found invalid," have placed directly "at-issue" BroadRiver's insurable interest-related diligence, knowledge, and analysis. BroadRiver has, therefore, waived privilege over these communications. It is fundamentally unfair for BroadRiver to plead a *Seck* counterclaim, allege it innocently thought the Policy had insurable interest, and then refuse to allow BroadRiver to fully probe BroadRiver's knowledge and BroadRiver's allegations.

5.  Ameritas therefore seeks an order compelling BroadRiver to:

    a.  Produce all documents reflecting any insurable interest analysis or factual diligence. Without limitation of the foregoing, BroadRiver must produce all documents reflecting:

        i.   What BroadRiver knew or should have known about the Policy's origination facts;

        ii.  BroadRiver's insurable interest analysis related to the Policy;

        iii. What BroadRiver knew or should have known about how Ocean Gate's program operated;

iv.  BroadRiver's insurable interest analyses related to the Ocean Gate
program (or to policies procured through comparable "Beneficial
Interest" or "BI" programs);

v.  Whether BroadRiver applied a discount to any offer or purchase price
to obtain the Policy based on insurable interest concerns (and if so, the
extent of that discount); and

vi.  Reports, spreadsheets, memoranda, etc. concerning BroadRiver's
business decision to acquire the Policy.

vii.  ArentFox's Memorandum (dated August 8, 2018) [PRIV 115], which
BroadRiver admitted included an analysis of the Ocean Gate program,
and which BroadRiver admitted it relied upon in buying the Policy in
2020.

viii.  All emails relating to the Ocean Gate program on BroadRiver's
privilege log. [PRIV 001-007; PRIV 009; PRIV 011; PRIV 013-014;
PRIV 016; PRIV 018; PRIV 023-040; PRIV 042; PRIV 068-69; PRIV
079; PRIV 092].

ix.  All documents relating to the "list of policies, including Flaks,"
created a year after BroadRiver purchased the Flaks Policy.[1]

---

[1] This Motion does not seek the production of any insurable interest analysis that may have been
conducted after the outset of this litigation.

DATED: June 10, 2024                    COZEN O'CONNOR

                                        */s/ Kaan Ekiner*
                                        Kaan Ekiner (No. 5607)
                                        1201 North Market St., Ste. 1001
                                        Wilmington, DE 19801
                                        Phone: 302-295-2046
                                        Fax: 302-250-4356
                                        kekiner@cozen.com

                                        Joseph M. Kelleher (*pro hac vice*)
                                        Brian D. Burack (*pro hac vice*)
                                        Victoria G. Mazzola (*pro hac vice*)
                                        1650 Market St., Ste. 2800
                                        Philadelphia, PA 19103
                                        *Attorneys for Plaintiff,*
                                        *Ameritas Life Insurance Corp.*