# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMERITAS LIFE INSURANCE CORP., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WILMINGTON SAVINGS FUND )<br>SOCIETY, FSB, SOLELY AS SECURITIES )<br>INTERMEDIARY, )<br>)<br>*Defendants*. ) | C.A. No. 23-236-GBW<br><br>███████████<br><br>**Public Version**<br>**August 14, 2024** |

## SPECIAL MASTER MEMORANDUM ORDER
## REGARDING DEFENDANT'S MOTION TO COMPEL (D.I. 119)

Defendant Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("WSFS") brings this motion to compel the depositions of Plaintiff Ameritas Life Insurance Corp.'s ("Ameritas's") employees, Willam Shamleffer and Andrea Snowden, and former employee, Dennis Peyton. Ameritas's counsel responded for its employees, opposing the motion. Mr. Peyton, through his counsel,[1] opposed stating that the motion to compel his testimony should have been brought in the U.S. District Court for the Southern District of Ohio where he resides. I held a hearing on the matter on July 25, 2024.

I have reviewed and considered the parties' (and non-party's) letter briefs and attached exhibits, cited case law, and arguments made at the hearing.

**LEGAL STANDARD**

"Generally, a party does not need to obtain leave of court to take a deposition." *Goddard Systems, Inc. v. Gondal*, C.A. No. 17-1003-CJB, 2019 WL 2491691, at *2 (D. Del. June 14,

---

[1] The firm, Cozen O'Connor, represents Ameritas and Mr. Peyton.

2019) (*citing* Fed. R. Civ. P. 30(a)(1)). There are exceptions. One exception is if "the deposition would be 'unreasonably cumulative or duplicative.'" *E.E.O.C. v. Freeman*, C.A. No. RWT-09-2573, 2012 WL 2370122, at *2 (D. Md. June 21, 2012) (*citing* Fed. R. Civ. P. 26(b)(2)(C)). "If further depositions on the same issues would yield information already provided in prior depositions, then those further depositions should be excluded as "unreasonably cumulative or duplicative. *Id.* (citation omitted).

"The work product doctrine, codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure, provides that items prepared in anticipation of litigation are generally protected from discovery by an opposing party." *In re Linerboard Antitrust Litigation*, 237 F.R.D. 373, 381 (E.D. Pa. 2006) (*citing* Fed. R. Civ P. 26(b)(3)).

> For such materials, Rule 26(b)(3) establishes two tiers of protection. Fact work product is discoverable only upon a showing [of] substantial need and by demonstrating that one cannot otherwise obtain the substantial equivalent of such materials without undue hardship. Core or opinion work product, which consists of mental impressions, conclusions, opinions, or legal theories of an attorney, is afforded almost absolute protection.

*Id.* (quotations and citations omitted).

Motions to compel deposition testimony of non-parties in states other than the state in which the underlying case is venued are subject to Fed. R. Civ. P. 45. Therefore, such a motion to compel must be brought in the district where the subpoena requests compliance except, a court may transfer the motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

**DISCUSSION**

**William Shamleffer**. Mr. Shamleffer is a director in Underwriting at Ameritas. WSFS asserts that Mr. Shamleffer has unique personal knowledge of the development, meaning, and implementation of Ameritas's underwriting guidelines and procedures from a managerial/senior

level. WSFS further asserts that Mr. Shamleffer has unique personal knowledge as a key member of Ameritas's Special Investigation Unit which is tasked with investigating and preventing insurance fraud, including the Flaks policy at issue here. Mr. Shamleffer was apparently the member responsible for investigating underwriting.

Ameritas responds that any testimony from Mr. Shamleffer would almost certainly be duplicative with Scott Corbett who is a Chief Underwriter and who will be testifying regarding underwriting efforts related to STOLI, as well as Kelly Halverson, also a Chief Underwriter.

WSFS has not deposed any Ameritas employee yet. The cases cited by the parties dealt with whether a new deposition should be ordered when deposition testimony has already been given. That is not the scenario here. WSFS asserts that Mr. Shamleffer has unique testimony that it is entitled to gather while Ameritas asserts that his testimony would be duplicative of other witnesses who have not yet been deposed.

If I grant WSFS's motion to compel at this stage of discovery, Mr. Shamleffer's deposition may indeed be unreasonably cumulative or duplicative. For this reason, **I DENY, without prejudice**, WSFS's motion to compel the deposition testimony of Mr. Shamleffer. If, after the depositions of other witnesses, WSFS still believes that Mr. Shamleffer can provide unique personal testimony, it may file a new notice of deposition. I caution WSFS that if it does so and then moves to compel the deposition, it must be very clear and specific regarding what unique testimony it believes Mr. Shamleffer can provide.

**Andrea Snowden**. Ms. Snowden is in-house counsel at Ameritas. WSFS asserts that Ms. Snowden has unique personal knowledge about the specifics regarding why Ameritas engaged its outside litigation counsel to take over Ameritas's responsibility for handling its policyholders' claims, including the claim on the policy at issue here.

Ameritas responds that it has confirmed to WSFS that Ms. Snowden will invoke the attorney-client privilege at any deposition taken of her at this time. Ameritas further responds that if the policy at issue is deemed valid, the question of whether it will choose to waive privilege to pursue certain defenses (including advice of counsel) will be ripe. If Ameritas decides to waive privilege at that time, it will make Ms. Snowden available for deposition at that time.

WSFS states that it still wants to depose Ms. Snowden, even if she merely invokes the privilege. Ameritas responds that this is unreasonable.

I conclude that the information requested by WSFS, even if it contains factual content, is "so intertwined with [counsel's] mental impressions that it constitutes opinion work product." *See In re Linerboard Antitrust Litigation*, 237 F.R.D. 373, 386 (E.D. Pa. 2006). In addition, Ameritas has and will produce information and will educate one of its Rule 30(b)(6) witnesses with facts relating to Ameritas's decision to file this suit. Therefore, WSFS does not lack a source of the information it seeks.

For these reasons, I **DENY, with prejudice**, WSFS's motion to compel the deposition testimony of Ms. Snowden. If, however, Ameritas waives attorney/client privilege regarding any opinion letter authored by counsel, then Ms. Snowden will have to be designated for deposition.

**Dennis Peyton**. Mr. Peyton retired from his employment at Ameritas as Vice President overseeing its Claims Services department. Mr. Peyton is therefore a non-party who resides in Springboro, Ohio.

WSFS filed its motion to compel the deposition testimony of Mr. Peyton in this court after Mr. Peyton refused to be deposed. Mr. Peyton, through counsel, argues that under Rule 45, the District of Delaware is not the appropriate venue to litigate enforcement proceedings. Mr.

Peyton argues that the motion to compel should have been filed in the U.S. District Court for the Southern District of Ohio, the place of compliance.

WSFS argues that Mr. Peyton's counsel stated in email correspondence with WSFS's counsel that they should formally confer so that the issue could be raised with the Special Master in this case. Therefore, WSFS argues, Mr. Peyton consented to jurisdiction in this district.

Mr. Peyton responds that this was merely an email to opposing counsel by his counsel and that more is required to have a waiver of constitutional due process rights and Rule 45. Further, Mr. Peyton's counsel, at the time of the email, had not spoken to him about the manner in which a dispute would be raised.

WSFS next argues that the stipulation and order[2] that the parties entered with the Special Master requires third parties to oppose jurisdiction of this court over discovery disputes filed in this court within three days of the parties reaching an impasse regarding a dispute. WSFS avers that WSFS and Mr. Peyton were at an impasse on June 3, 2024, that the stipulation and order was entered on June 5, 2024, and that Mr. Peyton did not oppose within three days of entry.

The section of the stipulation and order at issue states:

> 5. **Nonparties**: The terms of this Stipulation and Order are applicable to any discovery disputes between a party and a nonparty in connection with this action, unless (i) the relevant nonparty to the discovery dispute objects to the Stipulation and Order and suggests an alternative procedure to resolve the discovery dispute, and (ii) the Special Master orders that the relevant nonparty's objection is sustained and that an alternative procedure shall be followed. The relevant party to the discovery dispute with a nonparty shall send the nonparty a copy of the fully executed and signed Stipulation and Order within the following timeframes: (i) if the dispute has not already been submitted to the Court as of the date the Stipulation and Order is fully executed and signed, within one (1) day after the party and nonparty meet and confer in good faith pursuant to D. Del. LR 7.1.1 to attempt to resolve or narrow the issues in dispute, or (ii) if the dispute has already

---

[2] The document is titled, "STIPULATION AND ORDER RELATING TO PROCEDURES FOR RESOLVING DISCOVERY DISPUTES BEFORE SPECIAL MASTER" and was entered on June 5, 2024.

5

been submitted to the Court as of the date the Stipulation and Order is fully executed and signed, within one day of the date the Stipulation and Order is fully executed and signed. To the extent a nonparty opts to object to the terms of this Stipulation and Order and suggest an alternative procedure, such objection and alternative procedure must be submitted to the Special Master and the relevant party within three (3) days of the nonparty's receipt of the fully executed and signed Stipulation and Order.

WSFS argues that because Mr. Peyton's counsel was aware of this section of the stipulation and order and indeed signed the document as counsel for Ameritas, WSFS did not need to send the notice to them as counsel for Mr. Peyton. Mr. Peyton responds that the stipulation and order presupposes that the District of Delaware has jurisdiction and the Rules of Civil Procedure were followed. Mr. Peyton further argues that a true impasse was not reached until July 10, 2024 after a telephonic meet and confer and that he timely filed his objection within three days, whether or not WSFS forwarded a copy of the stipulation and order to him or his counsel.

I conclude that Mr. Peyton did not consent to jurisdiction in this Court merely because his counsel, in an email to opposing counsel, stated he would move for a protective order in this District. That did not occur. If Mr. Peyton had moved for a protective order in this Court, I would have been able to rule on the motion. *See Orthobond Corp. v. Burel*, C.A. No. 22-217 (RK) (RLS), 2023 WL 3867245, at *3 (D.N.J. June 7, 2023) ("[P]ersons from whom testimony is sought may seek a protective order in either the court where the action is pending or, if a subpoena compels attendance at a deposition, in the court for the district where the deposition will occur.").

For this reason, I **DENY, without prejudice**, WSFS's motion to compel the deposition testimony of Mr. Peyton. WSFS may, of course, litigate these enforcement proceedings in the District of Southern Ohio.

6

**CONCLUSION**

As detailed above, WSFS's Motion to Compel the deposition testimony of William Shamleffer, Andrea Snowden, and Dennis Peyton (D.I. 119) is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

Out of an abundance of caution, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 10 a.m. on August 9, 2024.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 1st day of August 2024.

 /s/ Helena C. Rychlicki
Helena C. Rychlicki, Special Master