IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) C.A. No. 23-236-GBW ) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | ) ) ) ) ▮▮▮▮▮▮▮▮▮▮ |
| *Defendants*. | ) Public Version ) August 14, 2024 |

**SPECIAL MASTER MEMORANDUM ORDER**
**REGARDING AMERITAS'S MOTION TO COMPEL (D.I. 114)**

Plaintiff Ameritas Life Insurance Corp. ("Ameritas") brings this motion to compel BroadRiver Asset Management L.P. ("BroadRiver") to produce certain documents and to submit to a re-deposition of BroadRiver.[1] *See* D.I. 114. BroadRiver responded, opposing the motion. I held a hearing on the matter on July 3, 2024.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**LEGAL STANDARD**

"Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). A party waives the attorney-client privilege only when it places the privileged communication at issue in the litigation. "In determining whether this exception applies, the

---

[1] BroadRiver is an asset manager and manages an investment fund called Cook Street Master Trust III ("CSMT"). CSMT is the ultimate owner of the Marvin Flaks policy at issue (the "Policy") and holds the Policy in a securities account with Defendant/Counterclaimant Wilmington Savings Fund Society, FSB, solely in its capacity as Securities Intermediary.

court must consider whether (1) a party injects the privileged communications themselves into the litigation, or (2) a party injects an issue into the litigation, the truthful resolution of which requires an examination of confidential communications." *Alaska Elec. Pension Fund v. Brown*, 988 A.2d 412, 419 (Del. 2010) (cleaned up).

**DISCUSSION**

As the parties are familiar with the facts of this case, I will only include the facts necessary to resolve this dispute. In bringing this action, Ameritas seeks a declaration that the Policy is void *ab initio* for lack of insurable interest. BroadRiver denies that the Policy lacked insurable interest, but to the extent the Policy is voided, BroadRiver is pursuing a counterclaim for a refund of the premium it paid pursuant to *Geronta Funding v. Brighthouse Life Ins.*, 284 A.3d 47 (Del. 2022) ("*Seck*").

Ameritas asserts that because BroadRiver brings a *Seck* claim seeking return of its premiums paid, BroadRiver has put what it knew, suspected, or should have known about the Policy's alleged insurable interest problems at issue, and any attorney-client privilege over documents reflecting BroadRiver's insurance interest analysis or investigation has been waived. Ameritas further asserts that BroadRiver's Rule 30(b)(6) witness testified that BroadRiver gained comfort regarding the Policy (along with the other policies it purchased at the same time from the same seller) based "heavily" on outside counsel's investigation and analysis. This, Ameritas avers, puts outside counsel's investigation and analysis "at issue."

BroadRiver responds that merely including a *Seck* counterclaim does not waive attorney-client privilege and its Rule 30(b)(6) witness did not put any privileged matters at issue in his responses to Ameritas's questions. BroadRiver further states that it has never cited or relied on

2

any legal analysis or due diligence when setting forth the facts supporting its return of premiums counterclaim.

I agree with BroadRiver. A similar issue was recently decided by this Court. In *Ameritas Life Insurance Corp. v. U.S. Bank, N.A.*, No. 22-623-JLH, Judge Hall, in an oral order, denied Ameritas's request to compel defendant to produce documents reflecting the insurable interest analysis its lawyers presented to it. The Court stated it was not persuaded that defendant had waived attorney-client privilege pursuant to the "at issue" doctrine. It found that "the record does not reflect that [defendant has] assert[ed] a claim or defense, and attempt[ed] to prove that claim or defense by disclosing or describing an attorney client communication." *Ameritas Life Insurance Corp. v. U.S. Bank, N.A.*, C. A. No. 22-623-JLH (D. Del. June 20, 2024) (Oral Order).

In that case, a Rule 30(b)(6) witness testified to the "critical" aspect of the diligence performed by counsel. The Court concluded that did not waive attorney-client privilege. Here, the Rule 30(b)(6) witness testified that it "heavily" relied on counsel's investigation and analysis. I will follow the lead of Judge Hall in this case.

I find that BroadRiver has not waived attorney-client privilege in this instance. Therefore, I **DENY** Ameritas's motion.

**CONCLUSION**

As detailed above, Ameritas's Motion to Compel the Production of Documents from and to Compel a Re-Deposition of BroadRiver (D.I. 114) is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

Out of an abundance of caution, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and

3

correspondence explaining why the redactions are necessary must be sent to me by 10 a.m. on August 12, 2024.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 5th day of August 2024.

   /s/ *Helena C. Rychlicki*
Helena C. Rychlicki, Special Master