IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) C.A. No. 23-236-GBW ) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | ) ) ) ) |
| | ) **Public Version** |
| *Defendants*. | ) **August 5, 2024** |

### SPECIAL MASTER MEMORANDUM OPINION
### REGARDING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Ameritas Life Insurance Corp. brings this motion to compel Defendant Wilmington Savings Fund Society, FSB to produce a previously produced document (the "Review Form") that was subsequently clawed-back by Defendant as privileged. *See* D.I. 83. Specifically, Plaintiff asks that I order Defendant to 1) reproduce the document at issue and 2) provide the document's author for a limited re-deposition regarding that document. Defendant responded, opposing the motion. *See* D.I. 86. I held a hearing on the matter on June 6, 2024.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**LEGAL STANDARD**

Pursuant to Federal Rule of Evidence 502(b), a party does not waive privilege over an inadvertently produced document if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b).

> District Courts in the Third Circuit consider the following five factors in determining whether such disclosures are inadvertent: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be serviced by relieving the party of its errors.

*In re Niaspan Antitrust Litig.*, No. 13-MD-2460, 2017 WL 3668907, at *2 (E.D. Pa. Aug. 24, 2018); *accord Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 478 (D. Del. 2012).

**DISCUSSION**

The Review Form's disclosure was inadvertent, and Defendant's counsel took reasonable precautions to prevent its disclosure. Plaintiff asserts that Defendant's counsel conceded that it intentionally produced the Review Form and did so knowing the name of the author. Defendant's counsel explained that, although the Review Form was the first document produced by Defendant, the document did not indicate that the author was an attorney, the document was produced from a central file or database, and the document was not associated with any email correspondence that might have indicated the author was an attorney. Defendant's counsel conducted a privilege review before producing responsive documents but as noted, there was no evidence the Review Form was authored by an attorney until much later in the document production process.

The Review Form was the only document inadvertently disclosed. Other documents authored by the author of the Review Form were recognized as from an attorney based on the context of those documents and logged on Defendant's privilege log.

Defendant's counsel did not delay in rectifying the disclosure. After a January 30, 2024, meet and confer, in which the Review Form was discussed, Defendant investigated the attorney

author's involvement with the Review Form and subsequently informed Plaintiff of the clawback of the Review Form.

<u>The interests of justice are serviced by allowing the claw-back of the Review Form to stand</u>. An attorney authored the Review Form. The information she provided in the Review Form was in the form of attorney-client privileged information. There is no indication that the interests of justice would be served by concluding that Defendant waived the privilege. Defendant inadvertently disclosed the Review Form and not in an effort to gain an advantage.

After the hearing, counsel provided the deposition transcript of a witness that I had requested. I reviewed the citations to the transcript provided by counsel for both parties regarding a particular point raised during the hearing. After my review, I do not find that this information is pertinent to the motion before me.

Therefore, Defendant did not waive privilege as to the Review Form. Plaintiff's motion to compel its production and request to re-depose its attorney author is **DENIED**.

**CONCLUSION**

As detailed above, Plaintiff's Motion to Compel (D.I. 84) is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them before making my decision.

Out of an abundance of caution due to one of the parties filing its Letter Brief under seal, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 10 a.m. on June 26, 2024.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

Dated:  June 18, 2024

                                    SO ORDERED this 18th day of June 2024.

                                    */s/ Helena C. Rychlicki*
                                    Helena C. Rychlicki, Special Master