IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | C.A. No. 23-236-GBW |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | ) ) ) ) ) | |
| *Defendants*. | ) ) ) | **Public Version** **August 5, 2024** |

### SPECIAL MASTER MEMORANDUM ORDER
### REGARDING DEFENDANT'S MOTION TO COMPEL (D.I. 116)

Defendant Wilmington Savings Fund Society, FSB ("WSFS") brings this motion to compel Plaintiff Ameritas Life Insurance Corp.("Ameritas") to produce deposition transcripts of Ameritas or its current or former employees taken in cases other than this one. *See* D.I. 116. Specifically, WSFS asks that I compel Ameritas to produce prior testimony of Ameritas's employees who are witnesses or potential witnesses in this case, from three recent cases in which Ameritas has, as here, refused to pay the death benefit under a life insurance policy claiming the policy is void as an illegal human life wagering contract and for lack of insurable interest. Those cases are: (1) *Wells Fargo Bank, N.A. v. Ameritas Life Insurance Corp.*, No. 4:21-cv-03118-SMB-JMD (D. Neb.); (2) *Ameritas Life Insurance Corp. v. Wilmington Trust, N.A.*, No. 2:19-cv-18713-MEF-MAH (D.N.J.); and (3) *Wilmington Trust National Association v. Ameritas Life Insurance Corp.*, No. 1:23-cv-02097-VMC (N.D. Ga.).[1]

Ameritas opposes the motion. I held a hearing on the matter on June 27, 2024.

---

[1] WSFS's original motion requested the deposition transcripts of five cases, but after learning that two had settled without depositions being taken, it dropped its request for those two.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**DISCUSSION**

WSFS calls the three other cases, "Related Cases" because it alleges they arise out of similar circumstances and involve similar claims. WSFS asserts that these cases are all part of the same practice of Ameritas challenging purported stranger-originated life insurance ("STOLI") policies after it receives the claim for the death benefit on those policies. Ameritas responds that the three other cases are unrelated because they involve completely different policies that it has challenged as invalid STOLI.

For the following reasons, I agree with Ameritas and therefore **DENY** WSFS's motion to compel.

WSFS argues that Ameritas requested deposition transcripts from third parties on whom it served document subpoenas and therefore, Ameritas should not now withhold transcripts it requests from these three cases. I disagree. While Ameritas did request deposition (and trial) transcripts from many third parties, not one of those third parties moved to quash the requests. Here, Ameritas has opposed this request. In addition, well after Ameritas served the subpoenas, Judge Williams ruled regarding another discovery dispute in this case that "courts within this circuit and elsewhere have routinely found that discovery of other transactions or litigation in the context of litigation involving insurance policies is not properly discoverable because of its tenuous relevance." *See* D.I. 94 Oral Order (citation omitted). Although the Court was resolving a dispute regarding document search terms that were too broad, I find that the ruling covers this request for materials outside the scope of this case.

2

Additionally, obtaining deposition transcripts from another case is not a given. For example, in *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F.Supp.2d 375 (2009), while the court there did find that the deposition transcripts of three persons taken in another case were relevant to the case at hand, three other transcripts of other witness in that case were not. The court stated that, "[t]herefore, since the requested information is not relevant to the claims or defenses, but only perhaps to the subject matter of the litigation, Defendants cannot meet the good cause threshold provided by Rule 26 with respect to these matters." *Id.* at 383-384. I find that the information requested here does not meet the good cause threshold provided by the Rule and is not relevant to the claims or defenses in this case.

WSFS's counsel argued during the hearing that he believes there are facts about what Ameritas really knew and when it knew it, and that WSFS can only get that information in a deposition. I agree with this statement. I do not agree, however, that WSFS will find information about the policy at issue in this case in the deposition transcripts from other cases about other policies. WSFS will be able to take the depositions of Ameritas employees and ask the questions it wants to ask.

Similarly, WSFS's counsel argued that having the deposition transcripts of testimony from other cases would streamline its questioning of witnesses in this case. WSFS's example is that if they read a deposition transcript in which the deponent answers "I don't know" to a question, then WSFS will not ask that question during a deposition of the same witness in this case. I disagree. Because a witness might not know something in the past does not necessarily mean they don't have knowledge of that issue today. It would be foolish not to ask those questions in this case.

3

**CONCLUSION**

As detailed above, Defendant's Motion to Compel Production of Ameritas's Deposition Transcripts from other cases (D.I. 116) is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them before making my decision.

Out of an abundance of caution, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 10 a.m. on July 26, 2024. If there are no proposed redactions, counsel should advise me by the same deadline.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 19th day of July 2024.

 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master