## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-236-GBW |
| | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, SOLELY AS SECURITIES | ) | ██████████████ |
| INTERMEDIARY, | ) | |
| | ) | **Public Version** |
| *Defendants*. | ) | **August 5, 2024** |

## SPECIAL MASTER MEMORANDUM ORDER
## REGARDING D.I. 85, DEFENDANT'S MOTION TO COMPEL

Defendant Wilmington Savings Fund Society, FSB, Soley as Securities Intermediary

("WSFS") brings this motion to compel Plaintiff Ameritas Life Insurance Corp. ("Ameritas") to

produce claim investigation documents, run additional custodian searches, and supplement

certain interrogatory responses. *See* D.I. 85. Ameritas responded, opposing the motion. *See* D.I.

87. I held a hearing on the matter on June 6, 2024. have reviewed and considered the parties'

letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**DISCUSSION**

Federal Rule of Civil Procedure 26 provides that

[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant
to any party's claim or defense, considering the importance of the issues at stake
in the action, the amount in controversy, the parties' relative access to relevant
information, the parties' resources, the importance of the discovery in resolving
the issues, and *whether the burden or expense of the proposed discovery
outweighs its likely benefit*.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

**Claim Investigation Documents**. WSFS seeks an order compelling Ameritas to produce all documents relating to Ameritas's investigation of a life insurance policy claim which WSFS alleges are being improperly withheld as privileged, or in the alternative for me to review the documents *in camera*. Ameritas opposes stating that WSFS may seek those facts by other means, including depositions.

While I agree that documents relating to the insurance policy and Ameritas's refusal to pay the death benefit are relevant, I will not order the production of privileged documents absent a clear waiver of privilege regarding those documents. But, I also agree that investigations of death benefit claims is generally a business function, not legal. I will not review *in camera* any documents listed on Ameritas's privilege log at this time. I do, however, expect Ameritas to produce documents that contain factual information regarding these issues. Therefore, to the extent there are documents listed on the privilege log (including attachments) that contain factual information, I order Ameritas to produce those documents (with redactions if necessary) within 14 days of this order.

If, at a future time, WSFS can demonstrate the improper withholding of factual information or a waiver of privilege, it is encouraged to pursue that information from Ameritas and bring a motion to compel if necessary.

**Custodian Searches**. WSFS seeks an order compelling Ameritas to run the parties' agreed-upon search terms for seven custodians. These seven custodians were identified in certain of Ameritas's interrogatory responses as having knowledge regarding a core issue in the case. Ameritas responds that it ran the agreed-upon searches for 14 custodians and produced responsive results. WSFS asserts that very few documents were produced for the 14 custodians. Ameritas notes that many of the documents were privileged and are listed on its privilege log.

After the hearing, counsel for Ameritas agreed to run the full set of search terms on two additional custodians, who are two of the seven custodians requested. These two custodians will also be designated for depositions.

I appreciate Ameritas's offer to produce documents from an additional two custodians. If this has not been completed yet, I order Ameritas to produce responsive documents from these custodians (and provide an updated privilege log as needed) within 14 days of this order. I agree with Ameritas that this is sufficient currently. If WSFS later learns (such as through deposition testimony) that there are responsive documents that have not been produced, it is free to request those documents and bring a motion to compel if necessary.

**Interrogatories 22 and 23**. Interrogatories 22 and 23 request that Ameritas describe the relationship between various persons and entities and the insurance policy at issue in this case. They read:

- Interrogatory 22 – "For each of the following Persons, describe in detail how that Person was involved with the Policy, including but not limited to the application for the Policy, the funding of any premiums, or the acquisition or sale of the Policy at any time: [the names of 60 persons and entities]."

- Interrogatory 23 – "For each of the following Persons, describe in detail the relationship between that Person and any claim or defense in this Litigation: [the names of 60 persons and entities]."

These interrogatories were served in response to Ameritas having served third-party document subpoenas on these persons and entities (as well as others). In an email among counsel, WSFS informed Ameritas that it was seeking the legal basis for service of these subpoenas.

Ameritas's counsel responded that it has no obligation to provide their investigative basis for serving the subpoenas. In addition, counsel assert that they have provided all documents produced by the persons and entities to WSFS.[1]

I agree with Ameritas that their counsel's reasons for issuing third-party subpoenas is not discoverable. In addition, I find that fully responding to these interrogatories is unduly burdensome. To the extent that a person or entity responds to a subpoena not served directly on him/her/it, and Ameritas is aware of a relationship between that person or entity and the party actually subpoenaed, I order Ameritas to supplement its interrogatory responses with information regarding that relationship. WSFS's motion to compel Ameritas to supplement its responses to Interrogatories 22 and 23 is denied except as noted in this paragraph.

**CONCLUSION**

As detailed above, WSFS's Motion to Compel (D.I. 85) is **GRANTED-IN-PART AND DENIED-IN-PART**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

Out of an abundance of caution due to one of the parties designating their Letter Brief as Confidential, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 10 a.m. **on July 23, 2024**.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

---

[1] Not all the persons and entities have responded to the subpoenas served on them. Ameritas apparently has not sought to force them to respond.

SO ORDERED this 16th day of July 2024.


 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master