**K&L GATES**

September 6, 2024

Steven L. Caponi, Esq.
steven.caponi@klgates.com

T 302-416-7080

**Via Electronic Filing**
The Honorable Gregory B. Williams
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   <u>*Ameritas Life Insurance Corp. v. WSFS*, No. C.A. No. 23-236-GBW</u>

Dear Judge Williams:

      Defendant/Counterclaimant Wilmington Savings Fund Society, FSB, solely in its capacity as Securities Intermediary ("SI"), respectfully moves to strike Ameritas Life Insurance Corp.'s ("Ameritas") Objections to the Special Master's Order dated August 5, 2024, filed at D.I. 139, a copy of which is enclosed under seal as **Exhibit 1** ("Ameritas Objs."). This motion is made in accordance with Paragraph 5 of the Joint Scheduling Order. D.I. 17. A proposed form of order was filed with SI's motion and is enclosed with this letter as **Exhibit 2**.

**I.    Background**

      On February 26, 2024, SI notified Ameritas that it had inadvertently produced a privileged document (the "Review Form" or "Clawed-Back Document") and requested that it be clawed-back in accordance with the terms of the Protective Order (D.I. 18). A copy of SI's February 26, 2024 letter to Ameritas is attached as **Exhibit 3**. Ameritas responded on March 4, 2024 that it sequestered the Clawed-Back Document and would "maintain the sequestration ***until the claw back issue is resolved*** pursuant to Fed. R. Civ. P. 26(b)(5)(B)." (emphasis added). A copy of Ameritas's March 4, 2024 letter to SI is attached as **Exhibit 4**. On April 4, 2024, Ameritas filed a letter brief with the Court (D.I. 83) (the "Claw-Back Challenge") seeking an order that SI waived privilege over the Clawed-Back Document, compelling SI to re-produce it, and granting Ameritas leave to re-open a deposition to question the document's attorney-author. On April 16, 2024, the Court ordered that a Special Master should handle discovery disputes, including the Claw-Back Challenge (*see* D.I. 95), and on May 24, 2024, the Court appointed Special Master Rychlicki (D.I. 107). On June 6, 2024, the Special Master held a hearing on the Claw-Back Challenge and took the matter under submission.

      On June 10, 2024, four days after the hearing on the Claw-Back Challenge and while the matter was under submission with the Special Master, Ameritas filed its Motion to Compel the Production of Documents from and to Compel a Re-Deposition of BroadRiver (D.I. 114) (the "At-Issue Motion"), arguing BroadRiver waived privilege by asserting an unjust enrichment claim through SI and must produce all attorney-client privileged and work product documents relating to any insurable interest analysis. In its opening letter brief to the Special Master, Ameritas

attached and cited to the Clawed-Back Document (*See* Ameritas Objs. App'x Ex. 6 at 3), which was improper because Ameritas had agreed, as required by Fed. R. Civ. P. 26(b)(5)(B), to sequester the Clawed-Back Document until the Claw-Back Challenge was resolved.  On June 17, 2024, BroadRiver submitted its opposition to the At-Issue Motion.  *See* Ameritas Objs. App'x Ex. 7.

The next day, June 18, 2024, the Special Master issued the Claw-Back Order (D.I. 117, 133), denying Ameritas's challenge to the claw-back and finding "Defendant did not waive privilege as to the Review Form."  Ameritas had until July 9, 2024 to file any objections to the Claw-Back Order.  *See* D.I. 107 at 3.  Ameritas acknowledged this on July 3, 2024 when Ameritas's counsel, Mr. Burack, asked for an extension of time for Ameritas to object to the Claw Back Order on a call to counsel for SI, Mr. Rubin.  Mr. Rubin memorialized in an email to Ameritas's counsel on July 3, 2024 a written rejection of Ameritas's request, which is attached as **Exhibit 5**.  Ameritas did not file any objections to the Claw-Back Order and does not dispute that it has waived any such objections.

On June 19, 2024, Ameritas submitted its reply brief in support of the At-Issue Motion. Ameritas did not once mention the Clawed-Back Document, in compliance with the Claw-Back Order.  *See* Ameritas Objs. App'x Ex. 8.  On June 21, 2024, BroadRiver submitted its sur-reply brief and likewise did not mention the Clawed-Back Document.  *See* Ameritas Objs. App'x Ex. 9. On July 3, 2024, the Special Master held a hearing on the At-Issue Motion, which lasted over two hours.  *See* Ameritas Objs. App'x Ex. 10.  At the hearing, Ameritas's counsel, Mr. Burack, acknowledged the impropriety of referring to the contents of the Clawed-Back Document.  *See id.* at 29:3-6 ("Of course the red flag one is a great example.  Setting aside -- well, I'm not here to talk about the claw back . . ."); 28:10-12 ("Indeed, when we asked them for documents they gave us one, now zero with the clawback.").  On August 5, 2024, the Special Master issued her At-Issue Order (D.I. 132) denying the At-Issue Motion.

On August 26, 2024, Ameritas filed its D.I. 139 Objections to the At-Issue Motion.  In its Objections, Ameritas cited, relied on, and discussed the contents of the Clawed-Back Document at pages 3 and 9 (including in footnote 2 and as Ex. 11 to the Ameritas Objs. App'x).

On August 29, 2024, SI informed Ameritas of Ameritas's violations of the Claw-Back Order, the Protective Order, and Federal Rule of Civil Procedure 26 and SI requested Ameritas withdraw its Objections with its references to the Clawed-Back Document.  The next day, Ameritas responded that it was "required" to discuss the contents of privileged information that the Special Master ordered clawed-back because the Court's Order Appointing Special Master (D.I. 107) notes that Ameritas was to docket with the Court any relevant portion of the record made before the Special Master which pertains specifically to the Objections.  In response on August 30, 2024, SI noted for Ameritas that Ameritas's counsel previously acknowledged the impropriety of referring to the contents of the Clawed-Back Document, including at the hearing before the Special Master on the At-Issue Motion.  The parties' meet and confer correspondence is attached as **Exhibit 6**.  Counsel for SI and Ameritas met and conferred on September 6, 2024.

## II.     Argument

The Court should strike Ameritas's Objections for the following reasons: first, the Objections' use of the Clawed-Back Document violates the Special Master's Claw-Back Order

(D.I. 117, 133) and the Protective Order entered by this Court (D.I. 18); and second, the Objections violate Rule 26 of the Federal Rules of Civil Procedure.

### A. The Claw-Back Order Denied Ameritas's Challenge to the Claw-Back and the Protective Order Prohibits the Use of the Clawed-Back Document

In the Claw-Back Order, the Special Master determined that "Defendant did not waive privilege as to the Review Form." D.I. 133 at 3. Accordingly, the Special Master denied Ameritas's motion to compel the production of the Review Form and allowed the claw-back of the document. *Id.* Under the Protective Order, which the Court entered on July 28, 2023, to comply with a claw-back of an inadvertent disclosure, Ameritas was required to "destroy, return, and/or disable all access to the specified information within ten (10) days or as agreed by the parties." D.I. 18 at 8.

Ameritas's continued use and discussion of the Clawed-Back Document violates the Special Master's Claw-Back Order and the Protective Order. Although Ameritas says it has destroyed the Clawed-Back Document (*see* Exhibit 6 at 6), Ameritas continues to use and describe the document, and asks the Court to reconsider it in its Objections (Ameritas Objs. at 3 n.2). Ameritas also misleadingly claims it did not attach the Clawed-Back Document to its Objections (*see* Exhibit 6 at 6), but Ameritas cites to the Clawed-Back Document as Ex. 11 to the Ameritas Objs. App'x by way of Ameritas having previously filed the document on the Court's docket under seal when the Claw-Back Challenge was presented in D.I. 83. Since then, the Special Master ordered the document to have been properly clawed-back and protected by the attorney-client privilege. *See* D.I. 117, 133. Ameritas and its counsel have clearly violated the Orders that require Ameritas ***not*** to access the specified information that was properly clawed-back.

### B. Ameritas's Use of the Clawed-Back Document Violates Rule 26

Federal Rule of Civil Procedure 26(b)(5)(B), which Ameritas has acknowledged in its correspondence to SI about the claw-back (*see* Exhibit 4), states that upon a claw-back, "a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified . . . ." Despite Ameritas's previous commitments to abide by this Rule, Ameritas has violated the Rule in its Objections by using and disclosing the information after the Special Master issued the Claw-Back Order denying Ameritas's challenge to the claw-back.

The fact Ameritas cited the Clawed-Back Document before the Special Master ordered it clawed-back (*See* Ameritas Objs. App'x Ex. 6 at 3) provides no justification for relying on the document now in its Objections and asking the Court to consider it, ***after*** the Special Master ordered the claw-back. Although it is not objectionable for Ameritas to have provided the Court all briefing submitted to the Special Master as part of its Objections, Ameritas's use and description of the Clawed-Back Document in its Objections is a clear violation of Rule 26.

### III. Conclusion

For the foregoing reasons, this Court must strike Ameritas's Objections filed at D.I. 139.

Respectfully submitted,

*/s/ Steven L. Caponi*

Steven L. Caponi (No. 3484)

cc: All counsel of record via CM/ECF