# Exhibit 6

**From:** Rubin, Aaron M.
**Sent:** Thursday, September 5, 2024 2:32 PM
**To:** Burack, Brian D.
**Cc:** LeQuang, Khai; Krebs, Richard; steven.caponi@klgates.com; Goeller, Matthew B.; Hunt, Megan E.; Jung, Joseph; Ekiner, Kaan; Schwartzburg, Ilya; Mazzola, Victoria; Cheever, Kara E.; Kelleher, Joseph
**Subject:** RE: Ameritas v. WSFS

Brian,

We intend to file the motions and we will meet and confer with you about them tomorrow. We will send an invite for tomorrow at 2:00 p.m. ET.

As we explained to you last week, Ameritas violated the Protective Order (D.I. 18) and Federal Rule of Civil Procedure 26 by using and discussing the contents of an inadvertently produced privileged document (the "Clawed-Back Document"). The Special Master ruled the Clawed-Back Document was clawed-back in her Claw-Back Order (D.I. 117, 133). In accordance with the Protective Order and Federal Rule of Civil Procedure 26, Ameritas was required to "destroy, return, and/or disable all access to" the Clawed-Back Document. D.I. 18 at 8. Contrary to your firm's representations that you destroyed the document, your firm kept the document, accessed it and discussed its contents in asking the Court to overrule the Special Master under the guise of a request to conduct an *in camera* inspection of a document your firm should no longer have had. *See* Ameritas Objs. at 3 n.2.

We will be filing the motion to strike Ameritas's Objections before the Court and the motion for sanctions before the Special Master given Ameritas's and your firm's plain violation of the Protective Order and Rule 26 (and the Special Master's Claw-Back Order). Ameritas's Objections are improper as filed because they discuss the Clawed-Back Document. Although Ameritas could re-file its Objections without such discussion, your firm has refused to do so. Ameritas's and your firm's violations are sanctionable under Federal Rule of Civil Procedure 37(b) for failure to obey the Protective Order and the Claw-Back Order. The specific sanction we will be seeking is the costs and attorneys' fees for having to file the motion to strike and motion for sanctions, which we would not have had to file had Ameritas not relied on a privileged and clawed-back document and then refused to withdraw the filing.

You and your firm have already acknowledged the impropriety of using an inadvertently produced, privileged, and clawed-back document. Your colleague, Ms. Cheever, represented that your firm sequestered the Clawed-Back Document and would "maintain the sequestration ***until the claw back issue is resolved*** pursuant to Fed. R. Civ. P. 26(b)(5)(B)." Mar. 4, 2024 Letter from K. Cheever to A. Rubin (emphasis added). The claw back issue was resolved when the Special Master issued the Claw-Back Order, which Ameritas did not object to. Indeed, Ameritas did not mention the Clawed-Back Document in its reply briefing on the At-Issue Motion, and at the Special Master hearing on the At-Issue Motion, you acknowledged you were "not here to talk about the claw back." July 3, 2024 Hearing Tr. at 28:10-12. You and your firm made these representations up to that point in compliance with the Court Orders and Rule 26.

The status of the Clawed-Back Document, an inadvertently produced privileged document, is the same as Ameritas-Flaks 0006017, a privileged document Ameritas produced and which we immediately notified you of when we discovered its Text file. Aug. 21, 2024 Email from A. Rubin to B. Burack. The only difference is the Special Master issued the Claw-Back Order confirming the Clawed-Back Document was properly clawed back. When you confirmed your claw-back of Ameritas-Flaks 0006017, we immediately destroyed it. Aug. 27, 2024 Email from J. Jung to B. Burack. With respect to the Clawed-Back Document now, if you are maintaining your position that Ameritas's continued use of the Clawed-Back Document and describing of its contents to the Court is not a violation of the Protective Order and Rule 26 (and the Claw-Back Order), is it Ameritas's position that SI may still retain, use, and cite Ameritas-Flaks 0006017, as Ameritas did with the Clawed-Back Document in its Objections?

Finally, and again, our client has not perjured himself. Your statement is false, and Mr. Plevin reserves all rights with respect to such statements. You made this argument already and the Special Master rejected it.

We can discuss further tomorrow.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County
T +1-949-852-7732
amrubin@orrick.com










**From:** Burack, Brian D. <BBurack@cozen.com>
**Sent:** Thursday, September 5, 2024 11:46 AM
**To:** Rubin, Aaron M. <amrubin@orrick.com>
**Cc:** LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; Jung, Joseph <jjung@orrick.com>; Ekiner, Kaan <KEkiner@cozen.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>
**Subject:** RE: Ameritas v. WSFS



Aaron,

As we already set forth at length in our emails last week, we have complied with the rules and the orders of the Court and the Special Master. The only ethical violation here was your firm's decision to encourage Mr. Plevin to perjure himself, the decision to allow Mr. Plevin's perjury to stand, and your current threat to triple-down on this impropriety by covering it up.

You have manufactured, and are continuing to manufacture, a lot of frivolous discovery disputes that have wasted, and continue to waste, time and resources. But this is way over the line. We reserve all rights.

If you are still going to file these motions, we are available to confer tomorrow (Friday) between 2 PM EST and 4 PM EST. Please let us know what time works best for you. In order to have a fruitful conference as L.R. 7.1.1 requires—in advance of the conference—please identify with specificity: (1) what order(s) or rule(s) you feel we violated; (2) what exactly you are looking to strike from our filing; (3) what specific sanction(s) you are seeking; and (4) under what rule(s) you believe you are entitled to those sanctions.

Brian



**Brian D. Burack**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2076 F: 215-372-2374
Email | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Wednesday, September 4, 2024 3:35 PM
**To:** Kelleher, Joseph <jkelleher@cozen.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>
**Cc:** LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; Jung, Joseph <jjung@orrick.com>; Ekiner, Kaan <KEkiner@cozen.com>
**Subject:** RE: Ameritas v. WSFS

****EXTERNAL SENDER****

Counsel:

Following up on the emails below, in addition to opposing your objections, we intend to move the court to strike the objections from the docket and move before the Special Master for discovery sanctions under Federal Rule of Civil Procedure 37. Both motions are based on Ameritas's citation and discussion of a privileged and clawed back document in the objections. Please let us know your availability to meet and confer about these motions this week.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County
T +1-949-852-7732
amrubin@orrick.com









**From:** Rubin, Aaron M.
**Sent:** Friday, August 30, 2024 5:03 PM
**To:** Kelleher, Joseph <jkelleher@cozen.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>
**Cc:** LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; Jung, Joseph <jjung@orrick.com>; Ekiner, Kaan <KEkiner@cozen.com>
**Subject:** RE: Ameritas v. WSFS

Joe,

Your position that you may use a privileged document that has been clawed-back because you used it before you were ordered to return/destroy it is untenable. Your rhetoric does not change the fact you have violated various orders and rules by using inadvertently produced privileged information you were ordered to return/destroy, including but not limited to the Protective Order, the Order granting SI's claw-back, and the Federal Rules of Civil Procedure.

It is irrelevant that Ameritas relied on the clawed-back document in its initial at-issue waiver motion on June 10, 2024 (the "At-Issue Motion"). In light of the Special Master's ruling that SI properly clawed back the document, which Ameritas did not object to, Ameritas's use of the document in the At-Issue Motion was arguably improper notwithstanding its challenge to the claw-back. Moreover, now that the Special Master granted the claw-back, Ameritas's continued use of the contents of that document is unquestionably improper.

Indeed, Ameritas was obviously aware of the import of the Special Master's claw-back ruling, as it did not cite or discuss the contents of the clawed-back document when briefing and arguing the At-Issue Motion after the Special Master granted the claw-back on June 18, 2024. Ameritas's June 19, 2024 reply brief in support of its At-Issue Motion does not once mention the clawed-back document, and during the hearing before the Special Master, your colleague, Mr. Burack, acknowledged the impropriety of referring to the contents of the clawed-back document. *See* July 3, 2024 Hearing Tr. 29:3-6 ("Of course the red flag one is a great example. Setting aside -- well, I'm not here to talk about the claw back . . ."); 28:10-12 ("Indeed, when we asked them for

documents they gave us one, now zero with the clawback."). For this reason, the document was not "factored heavily into the parties' arguments" and not factored at all in the Special Master's Order denying Ameritas's At-Issue Motion (D.I. 132).

Nothing has changed that would allow Ameritas now to cite or rely on the clawed-back document. The fact Ameritas cited the clawed-back document, arguably improperly, before the Special Master ordered it clawed-back provides no justification for citing it ***after*** the Special Master ordered the claw-back. Once the Special Master ruled that the document is privileged and must be returned/destroyed, Ameritas had no right to use it under the claw-back Order, the Protective Order, and FRCP 26. Your statement that you were "required" to discuss the contents of privileged information that the Special Master ordered clawed-back is preposterous.

Furthermore, in its Objections to the Special Master's ruling on the At-Issue Motion, Ameritas improperly asks the Court to conduct an in camera inspection of the clawed-back document. *See* Ameritas's Objections at 3 n.2. Because the Special Master already ruled that the clawed-back document was properly clawed-back, and Ameritas waived its right to object almost two months ago, Ameritas was required to return/destroy the document and is prohibited from using it, discussing its contents, or asking the Court again to consider it.

Lastly, our client has not perjured himself. Your statement is false, and Mr. Plevin reserves all rights with respect to such statements. Indeed, Ameritas made this argument to the Special Master when it argued SI should not be allowed to claw-back the clawed-back document, and the Special Master rejected Ameritas's objection to the claw-back.

We note that Ameritas's conduct here is in stark contrast to SI's, as SI has identified multiple instances of inadvertently produced privileged information by Ameritas. But instead of using that information, SI has informed Ameritas of the potential inadvertent productions and destroyed the documents at Ameritas's request. *See* August 7, 2024 Email from A. Rubin to B. Burack; August 21, 2024 Email from A. Rubin to B. Burack.

The rules of professional responsibility are clear that opposing counsel may not use information they know or believe to be privileged. You and your firm were fully aware that the Special Master found the clawed-back document to be privileged, in a ruling you did not object to, when you used it in a court filing.

Accordingly, we reserve all rights to seek all appropriate remedies for Ameritas's and Cozen's conduct, including but not limited to seeking sanctions and reporting your conduct to the applicable State bar(s).

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County
T +1-949-852-7732
amrubin@orrick.com








**From:** Kelleher, Joseph <jkelleher@cozen.com>
**Sent:** Friday, August 30, 2024 9:54 AM
**To:** Rubin, Aaron M. <amrubin@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>
**Cc:** LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; Jung, Joseph <jjung@orrick.com>; Ekiner, Kaan <KEkiner@cozen.com>
**Subject:** RE: Ameritas v. WSFS

**[EXTERNAL]**

Aaron,

There has not been any violation. We destroyed the Fullerton Document when we were ordered to, and not having a copy of it, we did not attach it as an exhibit to our objections either. Instead, our objections explain to Judge Williams that the document was successfully clawed back for privilege and ask him to review the document, which has long existed on his docket under seal, *in camera*. There is nothing improper with asking a judge to review an allegedly privileged document in camera.

Nor was there anything improper about the discussion of the Fullerton Document in our objections. As you know, our objections are to the Special Master's order denying our at-issue waiver motion. In connection with the Special Master's adjudication of that motion, both parties discussed and argued about the Fullerton Document extensively and without objection. Your position that, in reviewing the Special Master's order, Judge Williams is not entitled to hear the same arguments that were put to the Special Master is absurd. A reviewing court is entitled to hear the arguments that were rejected below.

You also ignore the Court's Order appointing the Special Master, which provides, in pertinent part, that "the parties must serve, file, and docket with the Court (as well as provide to Chambers a courtesy copy of) any relevant portion of the record made before Helena C. Rychlicki, Esquire which pertains specifically to the objections." The parties' briefing on the motion is a relevant portion of the record, and as noted above, both of our briefs before the Special Master discussed the Fullerton Document extensively. Not only was it permissible for us to disclose our Fullerton Document arguments to Judge Williams, we were, in effect, required to do so.

The real issue here remains your client's brazen attempt to use privilege to conceal the truth and, worse, to testify inconsistent with the truth. When compared against your client's interrogatory answers and Rule 30(b)(6) testimony, the Fullerton Document vividly illustrates what your client is up to. That is what we argued to the Special Master, and we are entitled to make the same argument to the reviewing court.

The attorney-client privilege cannot be used to provide misleading or false testimony. That is what your client is doing. And you are facilitating your client in this regard, including by sending emails threatening us with sanctions if we don't play along and allow your client to continue to perjure itself and to compromise the integrity of these proceedings.

We do not believe the motion you have threatened is warranted. To the extent you nonetheless raise this with either Judge Williams or the Special Master, please attach a copy of this email.

Joe




**Joseph Kelleher**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4123 F: 215-372-2366
Email | Bio | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Thursday, August 29, 2024 7:51 PM
**To:** Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>
**Cc:** LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** Ameritas v. WSFS

****EXTERNAL SENDER****

Counsel,

We are writing regarding Ameritas's improper continued use and citation to WSFS_SI_00000001 - WSFS_SI_00000004, a privileged document that SI clawed back on February 26, 2024 and which the Special Master ordered to have been properly clawed back on June 18, 2024 in D.I. 117, unsealed at D.I. 133 (the "Claw Back Order"), which denied Ameritas's motion to compel this document's production and request to re-depose its attorney author. Ameritas waived any objections to the Special Master's Claw Back Order by failing to file any objections within 21 days of that order (July 9, 2024). As such, Ameritas was required by the Special Master, the Protective Order, and the Federal Rules to destroy that document and no longer use it in the litigation.

It has come to our attention that Ameritas violated these court orders and the Federal Rules. Specifically, Ameritas improperly cites and describes WSFS_SI_00000001 - WSFS_SI_00000004 (the "Clawed Back Document") in its Objections to the Special Master's D.I. 132 Order Dated August 5, 2024 regarding at-issue waiver, filed this past Monday August 26, 2024 at D.I. 139 (the "Objections"). This is in clear violation of the Special Master's Claw Back Order, the Agreed Protective Order (D.I. 18), and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, all of which require Ameritas to destroy all copies of the Clawed Back Document and any notes or other writings or recordings that copy, summarize, reflect, discuss, or are derived from the Clawed Back Document, as we noted for you in our February 26, 2024 claw back written notice. You also agreed in your March 4, 2024 letter that you sequestered the Clawed Back Document and "will maintain the sequestration until the claw back issue is resolved pursuant to Fed. R. Civ. P. 26(b)(5)(B)." The claw back issue was resolved on June 18, 2024 in the Claw Back Order and you were required to destroy the Clawed Back Document immediately, and at the very least since July 9, 2024 when you waived your objections to the

Special Master's Claw Back Order. Using the clawed back document is improper and sanctionable under District of Del. Local Rule 1.3 and/or Fed. R. Civ. P. 37(b).

Please withdraw the Objections no later than August 30, 2024 at 1:00 p.m. ET. If the Objections are not withdrawn by then, SI will seek to strike the Objections from the docket and seek sanctions from Ameritas for its use of a properly clawed back document in violation of a court order, including but not limited to costs related to seeking the motion to strike the Objections. We will also inform the Special Master that Ameritas violated her order.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County
T +1-949-852-7732
amrubin@orrick.com










9th YEAR IN A ROW

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***