# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) C.A. No. 23-236-GBW ) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | ) ) ) ) ) |
| *Defendants*. | ) |

## SPECIAL MASTER MEMORANDUM ORDER
## RESOLVING DEFENDANT'S MOTION TO COMPEL (D.I. 141)

Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("WSFS") brings this motion to compel Ameritas Life Insurance Corp. ("Ameritas") to produce documents responsive to certain of WSFS's Requests for Production ("RFPs"). *See* D.I. 141. Specifically, WSFS asks that I order Ameritas to produce documents related to punitive damages and potential STOLI[1] in response to RFPs 39, 71-73, and 77-89. On September 9, 2024, Ameritas responded, opposing the motion. I held a hearing on the matter on September 12, 2024.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**LEGAL STANDARD**

Regarding discovery:

> Under the Federal Rules of Civil Procedure and in the United States Court of Appeals for the Third Circuit, district courts have broad discretion to manage discovery. Pursuant to Rule 26(b)(1), a party is entitled to discovery of any matter, not privileged, which is relevant to the subject matter in the pending action. The information sought need not be admissible at the trial if the

---

[1] "STOLI" is an acronym for stranger-originated life insurance.

> information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> Relevance is broadly construed and determined in relation to the facts and circumstances of each case. Once the party opposing discovery raises its objection, the party seeking discovery must demonstrate the relevancy of the requested information. The burden then shifts back to the objecting party, once this showing is made, to show why the discovery should not be permitted. Relevancy and burdensomeness are the principal inquiries in ruling upon objections to interrogatories and requests for production.

*Ingram v. Home Depot, U.S.A., Inc.*, 1999 WL 88939, at *1-2 (E.D. Penn. Feb. 19, 1999) (cleaned up).

"Rule 34(a) of the Federal Rules of Civil Procedure is limited in its scope to documents 'which are in the possession, custody or control of the party upon whom the request is served.' Rule 34 . . . can be used only to require the production of things in existence." *Id.* at *3 (cleaned up).

## BACKGROUND

Ameritas acquired the Flaks policy at issue here (the "Policy") through a merger with Union Central Life Insurance Company ("Union Central"). Union Central issued the Policy in 2007. According to testimony at the hearing, Ameritas's and Union Central's holding companies merged in 2006. Certain business practices started cross referencing under a unified label. Via several stages, Union Central was domesticated into Nebraska. Ultimately, Ameritas merged entirely with Union Central in 2014. *See* Sept. 12, 2024 Hearing Transcript at 113.

## DISCUSSION

WSFS states that these document requests are relevant to its request for punitive damages (RFPs 71-73) and its claims of bad faith, unjust enrichment, and fraud (RFPs 39 and 77-89). WSFS split RFPs 39 and 77-89 into three categories: (1) RFPs 39, 77, 79, and 81-87 (seeking information regarding projected and financial performance of a "potential STOLI group"); (2)

RFPs 78 and 80 (seeking information regarding investigations and due diligence Ameritas performed relating to potential STOLI); and (3) RFPs 88-89 (seeking information regarding Ameritas's procedures for identifying and reporting potential STOLI).

RFPs 71-73 – Punitive Damages

"A jury can consider the relative wealth of a defendant in deciding what amount is sufficient to inflict the intended punishment." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 718 n.37 (3d Cir. 2010).

Ameritas's counsel emailed a publicly available copy of Ameritas's Annual Statement for the year ending December 31, 2023 to counsel for counsel for WSFS. I find that this document responds to WSFS's requests as narrowed. But WSFS asserts that it is entitled to an Ameritas-produced version of the document to eliminate disputes as to authenticity. Ameritas responds that any concern regarding authenticity is pretextual because the document is a public filing. In addition, Ameritas expresses concern that if it produces this document, WSFS may construe the production as a waiver of Ameritas's objections to these RFPs.

Although I believe that Ameritas would not challenge the authenticity of one of its publicly filed financial documents, I **ORDER** Ameritas to produce this document with appropriate Bates numbering. In addition, Ameritas must produce the 2024 version of the information if the case continues into 2025. This production will NOT waive Ameritas's objections to these RFPs.[2]

---

[2] Ameritas has not conceded that punitive damages are warranted in this case and my ruling does not consider whether punitive damages are appropriate or not.

RFPs 39, 77-89 – "Potential STOLI" Requests

RFP 39 was included in WSFS's first set of RFPs served on August 9, 2023. The remainder of the RFPs at issue here were included in WSFS's second set of RFPs served on June 28, 2024.

WSFS asserts that these requests for production are relevant to its fraud and bad faith claims. WSFS alleges that Ameritas has used a fraudulent death claim scheme to defraud WSFS by waiting until WSFS submitted its death claim to challenge the Policy. WSFS seeks discovery regarding what it calls a "potential STOLI group" to prove its claims of fraud and bad faith. WSFS states that it must have these documents regarding other potential STOLI policies to prove the fraudulent scheme.

Ameritas responds that in 2019, it became aware of a decision in *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.*, 208 A.3d 839 (N.J. 2019), which alerted it to the idea that an insurer can sometimes successfully challenge policies as STOLI post contestable. Ameritas subsequently created guidelines for claims personnel to follow to identify policies for further review by Ameritas's Legal Department. By mid-2022, Ameritas memorialized its procedure in a document titled "Review of death claims for Potential STOLI."

Ameritas notes that the word "group" has only appeared on its privilege log in the context of a spreadsheet that was described as being created pursuant to instruction of counsel for the purpose of providing legal advice about a "group of policies including Flaks policy." Ameritas denies that it has identified, tracked, and developed criteria for a potential STOLI group of policies years before the Policy matured.

Ameritas further responds that it has either already produced documents responsive to these requests based on agreed upon search terms or that the requests are too burdensome for further searches.

WSFS stated at an earlier hearing that it "think[s] there are facts out there about what Ameritas really knew and when they really knew it . . . ." *See* June 27, 2024 Hearing Transcript at 18. At that time, WSFS was seeking information regarding its counterclaims and moved to compel Ameritas deposition transcripts taken in other actions. *See* D.I. 116. I denied the motion. *See* D.I. 135 (Public version of Memorandum Order).

I find that this motion to compel is similar in nature to the one brought at D.I. 116 because it seeks to expand discovery beyond the Policy. Therefore, I will resolve this motion (as I did the D.I. 116 motion) with the Court's Oral Order that "courts within this circuit and elsewhere have routinely found that discovery of other transactions or litigation in the context of litigation involving insurance policies is not properly discoverable because of its tenuous relevance" in mind. *See* D.I. 94 Oral Order (citation omitted).

Based upon a review of each of the RFPs at issue here, I make the following determinations:

RFPs 39, 77-87 request valuations, financial performance, and due diligence regarding potential STOLI. I agree with Ameritas that these requests are overly broad and unduly burdensome. Some of these requests would require Ameritas to search for documents from 2000 to present. Others would require locating and searching records from mergers with other insurance companies that occurred in 2005-2014. Therefore, I **DENY** WSFS's motion to compel production of documents pursuant to these RFPs.

5

RFP 88 requests "[a]ll Documents related to [Ameritas's] policies, procedures, protocols, guidelines, or practices related to interactions between or separations of [Ameritas's] claims handling from [Ameritas's] compliance or fraud detection department." During the parties' meet and confers, WSFS did not narrow this request. *See* Ex. 3 to WSFS's Letter Brief at 6. First, this RFP requests "[a]ll Documents," which is overly broad on its face. Also, the request is unduly burdensome in requesting all documents "related to interactions between or separations of [Ameritas's] claims handling from [Ameritas's] compliance or fraud detection department." Finally, Ameritas ran the agreed upon search terms, and either produced or included on its privilege log those documents that were found. Therefore, I **DENY** WSFS's motion to compel production of documents pursuant to this RFP.

RFP 89 requests documents regarding reporting fraud to regulators. Ameritas objected to this RFP on several grounds but also referred WSFS to several documents that were produced or included on its privilege log that are responsive. Therefore, I **DENY** WSFS's motion to compel production of documents pursuant to this RFP.

**CONCLUSION**

As detailed above, WSFS's Motion to Compel Production of Ameritas documents related to punitive damages and "Potential STOLI" in response to certain requests for production (D.I. 141) is **GRANTED-IN-PART AND DENIED-IN-PART**. It is **GRANTED** to the extent that Ameritas must produce, with appropriate Bates numbering, the 2023 financial document that its counsel emailed to WSFS's counsel and the 2024 version of the information if this case continues into 2025. In all other respects, the motion is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

        SO ORDERED this 4th day of October,

         */s/ Helena C. Rychlicki*
        Helena C. Rychlicki, Special Master