# Exhibit 1

| | |
|---|---|
| **From:** | Rubin, Aaron M. |
| **Sent:** | Friday, October 4, 2024 11:48 AM |
| **To:** | Kelleher, Joseph; Burack, Brian D.; Krebs, Richard |
| **Cc:** | Steven L. Caponi (steven.caponi@klgates.com); Goeller, Matthew B.; Hunt, Megan E.; LeQuang, Khai; Schwartzburg, Ilya; Ekiner, Kaan; Jung, Joseph |
| **Subject:** | RE: Flaks |

Joe,

We disagree with your account.  We will be filing the motion later today.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County Ⓥ
T +1-949-852-7732
amrubin@orrick.com



 

---

**From:** Kelleher, Joseph <jkelleher@cozen.com>
**Sent:** Friday, October 4, 2024 11:07 AM
**To:** Rubin, Aaron M. <amrubin@orrick.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** RE: Flaks

<span style="background-color:red">**[EXTERNAL]**</span>

Aaron,

I'm not inclined to re-litigate last Sunday's 2 hour meet-and-confer over email. There are a few items on your chart below that will require litigation. The rest are make-weight and/or have been resolved. One month is plenty of time to finish already-served discovery and resolve the limited number of genuine disputes the parties actually have. Your 2.5 month proposal is not designed to do that. It is designed to give license to a continued fishing expedition. We are at impasse. If you believe you have grounds to file a motion for an extension, we expect you will file it later today.

Joe



**Joseph Kelleher**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4123 F: 215-372-2366
Email | Bio | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Friday, October 4, 2024 1:23 PM
**To:** Kelleher, Joseph <jkelleher@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** RE: Flaks

**\*\*EXTERNAL SENDER\*\***

Joe,

As you know from our Sunday evening meet and confer call, there is a long list of outstanding discovery we have requested from Ameritas and followed up with your team on several times.  The record is clear Ameritas has dragged its feet while complaining it has had insufficient time to respond to these issues.  When we met and conferred, both sides agreed to provide additional information following the call, but so far only we have provided the requested information (on behalf of BroadRiver) while Ameritas has not provided any of its written positions on the outstanding issues.  Until Ameritas does so, we cannot present the issues to the Special Master.

The following chart lists the outstanding discovery disputes, most of which have been delayed due to Ameritas's failure to respond and engage with us in a meet and confer.  Indeed, it has taken Ameritas more than a month just to respond to most of these issues, and Ameritas's suggestion that these disputes can be resolved in a mere month is untenable at best, disingenuous at worst.  Extending discovery to December 20, 2024 is the minimum time needed for us to continue to meet and confer on these issues next week, for both sides to file any motions before the Special Master, which then may take weeks to over a month for the Special Master to rule on, and for document productions and depositions to be completed thereafter.

Although it is unclear whether our 11-week extension is enough time, particularly considering it includes Thanksgiving, we hope Ameritas and Cozen will work with us to move promptly on the pending disputes to complete discovery by December 20, 2024.  Although Ameritas's proposal of a one-month extension is unrealistic, we are moving for 11 weeks instead of four months in the hope that Ameritas will move more swiftly to bring the outstanding matters to a close than Ameritas has to date.  Finally, even though we proposed

two months in the hopes of getting an agreement on the call, we made clear that we were not sure it would be enough time but were proposing it to show we were willing to compromise in good faith. In any event, you rejected that proposal and another full week has gone by, so we think 11 weeks is appropriate.

| Outstanding Discovery Disputes Raised with Ameritas | Status For Resolution |
| --- | --- |
| (1) On August 1, 2024, SI issued a deposition subpoena to Dennis Peyton. Mr. Peyton was the only person in Ameritas's claims department responsible for deciding whether to pay death claims over $1 million, like SI's $3 million death claim under the Policy. Rubin Decl. Ex. 3 at 18:18-19:2.<br><br>As noted through Ameritas's identification of Mr. Peyton on initial disclosures and interrogatory responses, Mr. Peyton oversaw and directed the Ameritas claims department as Vice President during the relevant period from the insured's death in November 2022 to Ameritas's decision not to pay SI's claim and filing of this suit in March 2023. *See id.* Ex. 7 at 7; *id.* Ex. 8 at 4-5.<br><br>On August 26, 2024, Dennis Peyton (represented by Ameritas's counsel) filed a motion to quash the deposition subpoena in the Southern District of Ohio. | As of September 30, 2024, this is fully briefed but a hearing has not been set. |
| (2) On August 26, 2024, SI noticed a deposition of Rebecca Vonderhaar.<br><br>Ms. Vonderhaar was identified by the Ameritas claims examiner, Scott Foreman, who SI deposed on August 21, 2024 regarding the examination of SI's death claim under the Policy. Mr. Foreman testified that when he was assigned to examine SI's death claim under the Policy, he "was still in training, so [he] actually needed approval for – for everything that [he] did," *id.* Ex. 3 at 19:18-22, and "Rebecca Vonderhaar was [his] trainer . . . she would basically supervise the whole process of a claim with" Mr. Foreman. *Id.* at 20:14-19. Ameritas's 30(b)(6) witness on this Policy's claim, who SI deposed on August 22, 2024, also failed to speak with either Mr. Foreman or Ms. Vonderhaar to prepare for her deposition. *Id.* Ex. 4 at 312:13-313:16. | On September 29, 2024, after refusing to meet and confer with SI for over a month, Ameritas stated on a meet and confer call it opposed Ms. Vonderhaar's deposition and refused to perform any searches for Ms. Vonderhaar's documents. Accordingly, SI is filing a motion to compel in the next week. |

| | |
|---|---|
| On September 3, 2024, SI asked Ameritas to run the previously agreed-upon search terms for Ms. Vonderhaar because Ameritas had not performed any such searches for Ms. Vonderhaar's documents. | |
| (3) On August 26, 2024, SI requested Ameritas confirm it will produce written procedures, guidelines, and standards related to the examination of life insurance death claims that Ameritas's witnesses on August 21 and 22, 2024 testified were located in specific and easily retrievable folders on Ameritas's systems. *Id.* Ex. 3 at 56:6-57:18; *id.* Ex. 4 at 52:9-53:17. | On September 29, 2024, after refusing to meet and confer with SI for over a month, Ameritas stated on a meet and confer call it refused to produce any claims examination procedure, guideline, or standards documents that its witnesses testified about (including testifying to the specific locations of such documents). Accordingly, SI is filing a motion to compel in the next week. |
| (4) On August 26, 2024, SI requested Ameritas confirm it will produce the documents and information related to the Policy that are located in specific systems Ameritas's witnesses on August 21 and 22, 2024 testified were used in examining the Policy's death claim, including for taking notes and inputting comments on the Policy's claim, all of which Ameritas is refusing to produce. *Id.* Ex. 4 at 150:18-152:18; 278:2-279:4. | On September 29, 2024, after refusing to meet and confer with SI for over a month, Ameritas stated it refused to search for any of the requested documents and information, claiming it was unduly burdensome or disproportionate to do so. However, SI requested Ameritas's position in writing on why Ameritas contends this request is unduly burdensome and disproportionate. Ameritas has not provided a written response yet. SI is awaiting Ameritas's written response, but to the extent Ameritas refuses to conduct any searches for these relevant documents, SI intends to file a motion to compel. |
| (5) On August 26, 2024, SI requested Ameritas confirm it will produce a 2021 memorandum regarding reviewing death claims for potential STOLI, authored by former Ameritas claims manager Jill O'Connor, which SI learned about after deposing Ameritas's 30(b)(6) witness from the claims department. *See id.* Ex. 4 at 142:4-144:12; 257:5-13. Ameritas previously logged this 2021 memorandum on its privilege log as entry no. 52 and SI requested its production with its related communications. | On September 29, 2024, after refusing to meet and confer with SI for over a month, Ameritas stated it will produce this document and certain related privilege log entries, however, Ameritas has not yet produced any documents, and it is unclear whether it is refusing to produce the related communications to the memorandum. SI acknowledges key members of Ameritas's outside counsel team at Cozen normally responsible for Ameritas's document productions are currently observing religious holidays, thus SI intends to follow up with Ameritas next week on the status of Ameritas's outstanding document production and may need to move to compel. |
| (6) On August 26, 2024, SI followed up with Ameritas on deposition questions about the issue states of policy claims that Ameritas's 30(b)(6) claims witness testified were referred to Cozen for investigation. At the August 22, | On September 29, 2024, the parties met and conferred about Ameritas not providing the requested information (the issue state) in Ameritas's special interrogatory response dated September 9, 2024. On October 1, 2024, |

| | |
|---|---|
| 2024 deposition, Ameritas's 30(b)(6) claims witness was unprepared and unable to answer what states these investigated policies were issued in. *Id.* Ex. 4 at 176:24-177:21. On September 9, 2024, Ameritas provided a special interrogatory response that did not answer SI's deposition questions to Ameritas's 30(b)(6) witness. On September 18, 2024, SI requested to meet and confer about Ameritas's deficient response. | SI deposed the Ameritas witness who verified the special interrogatory response. SI intends to continue to meet and confer with Ameritas next week about Ameritas's deficient interrogatory response, including based on the deposition testimony from October 1, 2024. |
| (7) On September 3, 2024, SI requested Ameritas confirm it will search for and produce the claims examiner Mr. Foreman's communications related to the approvals for the Policy's claim he testified to having received from Ms. Vonderhaar. *Id.* Ex. 3 at 20:14-19. | On September 29, 2024, Ameritas stated it is continuing to evaluate this request and SI intends to continue to meet and confer with Ameritas next week about Ameritas's failure to collect these relevant documents. |
| (8) On September 5, 2024, SI followed up with Cozen about SI's subpoena to Cozen dated March 13, 2024 (D.I. 73), which sought documents relating to Cozen's investigation of the Policy's claim. Ameritas's interrogatory responses from February 9, 2024 stated that it delegated this Policy's claims investigation to Cozen. *See id.* Ex. 8 at 6. Accordingly, SI sought these claims investigation documents from Cozen based on the Special Master's July 16, 2024 granting of a motion to compel production of Ameritas's documents, finding that "investigations of death benefit claims is generally a business function, not legal." D.I. 134 at 2. In light of the ruling, which Ameritas and Cozen did not appeal, SI followed up with Cozen after reviewing Ameritas's production and deposing Ameritas's claims witnesses on August 21 and 22, 2024. Cozen has nevertheless refused to produce any documents. | The parties have exchanged various correspondence on this issue. On September 24, 2024, SI wrote its most recent email to Cozen on this dispute but Cozen has yet to respond. |

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County Ⓥ
T +1-949-852-7732
amrubin@orrick.com



 

**From:** Kelleher, Joseph <jkelleher@cozen.com>
**Sent:** Friday, October 4, 2024 7:31 AM
**To:** Rubin, Aaron M. <amrubin@orrick.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** RE: Flaks

[EXTERNAL]

Aaron,

We disagree that a one-month extension is insufficient to finish the outstanding discovery work. The few remaining depositions that have been agreed upon can occur in the next month (with the exception of Ms. Lin who we have agreed to take out-of-time due to her maternity leave situation). The genuine disputes left for the special master to decide are also fairly limited, and there is no reason to expect she cannot decide them soon and certainly within the next month. Any discovery she might order should also be able to happen within the next month, and in the unlikely event that she orders something be done that cannot reasonably be done within the next month, we can make the necessary arrangements to handle that if and when a particular issue arises. Your refusal to agree to a one-month extension signals to us that you are not interested in bringing outstanding discovery to a close, but rather intend to issue new discovery in furtherance of a broad-ranging fishing expedition. We cannot agree to this.

You have never meaningfully substantiated the need for a longer extension, let alone any specific longer period of time, and the various proposals we have received from you over the past week do not strike us as having been made in good faith. At first you demanded a massive four-month extension that was facially unreasonable and that you never even tried to substantiate the need for. At last Sunday's meet-and-confer, you dropped the four-month request pretty quickly and the conversation focused on your demand for a two-month extension. We listened to your reasons; we explained why we felt a two-week extension was more appropriate; and we told you we'd discuss this with our client. After having done that, we told you yesterday we would agree to a one-month extension. In response to our proposal, which narrowed the gap between the two weeks we think is sufficient and the two-month proposal you made on Sunday, you inexplicably moved in the opposite direction and are now demanding a 2.5 month extension. This is disingenuous given that you took the position just last Sunday that two months would

6

be sufficient and is not consistent with a good faith negotiation. This too suggests to us that you are not interested in bringing outstanding discovery to a close, and are instead just throwing big numbers out there trying to try to get as large a period as possible to continue a broad ranging fishing expedition.

We encourage you to accept our proposal of a one-month extension to close out existing discovery. If you cannot do that, it appears we are at an impasse, and in that event, we expect we will see you file a motion later today.

Many thanks,

Joe



**Joseph Kelleher**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4123 F: 215-372-2366
Email | Bio | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Thursday, October 3, 2024 6:09 PM
**To:** Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** RE: Flaks

**\*\*EXTERNAL SENDER\*\***

Brian,

I'm following up on my voicemail.  We disagree with your account, which we can address separately in greater detail if necessary.

Suffice it to say SI has proceeded diligently with discovery, and the record is clear that Ameritas has dragged its feet through the process, going back to the mere scheduling of Ameritas's depositions.

A one-month extension is plainly insufficient in light of the pending discovery disputes.  However, as a compromise, we would agree to an extension of fact discovery to December 20, 2024 instead of January 31, 2024.  This would be the minimum time needed for the Special Master, and potentially the Court, to address the remaining disputes.

Please let us know if this is acceptable to you.

If not, we will file a motion seeking an extension of the pre-trial deadlines based on a fact discovery cut-off of December 20, 2024.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County ⓥ
T +1-949-852-7732
amrubin@orrick.com



 

**From:** Burack, Brian D. <BBurack@cozen.com>
**Sent:** Thursday, October 3, 2024 12:59 PM
**To:** Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>; Kelleher, Joseph <jkelleher@cozen.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** RE: Flaks

**[EXTERNAL]**

Rich,

On our call last Sunday, when we said we thought a two-week extension would be sufficient to bring this ship into the harbor, you said you would need two months to do that. Now you're back to telling us you're going to ask the court for four. In any event, even two more months is too much. There are some loose discovery ends that need to be tied up: In a nutshell, a few depositions need to happen and a handful of existing discovery disputes need to be resolved. We listened to your concerns about why you think two weeks is too short, and having done that, and giving you every benefit of the doubt, we are willing to agree to a one-month extension for the purpose of taking and resolving disputes about already served discovery. At this point, both sides should be trying to expeditiously bring the discovery part of this case to a close.

The history of this case also underscores why another two months of discovery is unwarranted.

Discovery has been open for nearly 1.5 years. Ameritas has diligently pursued discovery and agreed to two prior discovery extensions at WSFS's request; a third extension was granted by the Court over Ameritas's objection; and this would be the fourth request. Ameritas used the last 1.5 years to conduct significant discovery throughout the period and to move this case toward summary judgment. But WSFS has behaved differently. WSFS did everything in its power to slow down this case and to unilaterally avoid taking depositions—by filing unnecessary discovery motions and by asking Ameritas to schedule depositions only to cancel them. Indeed, at WSFS's request, we scheduled Ameritas depositions

8

for May 2024—but WSFS unilaterally canceled them a week prior. At WSFS's request, we scheduled Ameritas depositions for June and July of 2024; and, while we were in the midst of witness preparation, WSFS unilaterally canceled them again. Rather than taking discovery, WSFS spent most its time writing discovery motions—claiming it could not take a single deposition until every ruling was received. But almost all of WSFS's discovery motions were lacking in merit; and, indeed, almost all of them have been denied in all material respects.

Once the dust settled, WSFS demanded to take 6 Ameritas depositions in person. Despite the fact that Ameritas took almost all of its depositions remotely as a courtesy to all involved, Ameritas accommodated your request and spent significant time and resources on planning alone—because the witnesses were in two different cities (Lincoln, NE and Cincinnati, OH) and WSFS insisted that these 6 in-person depositions be broken up across 3 weeks instead of taken consecutively as we requested. But as soon as these depositions began last month, it quickly became clear that WSFS did not intend to take them in accordance with Rule 1. Instead, you made witnesses sit through day-long depositions to ask a litany of irrelevant and picayune questions and then to badger, harass, and/or yell at them, opposing counsel, and Ameritas's in-house counsel in a way that you have since conceded was completely unprofessional. This is on the record, which speaks for itself. We expect WSFS's attempts to seek more depositions, especially against this record and this conduct, will be denied. Ameritas cannot agree to allow its employees to be subjected to these time-consuming fishing expeditions and mistreatment. WSFS has had plenty of time and has now taken almost 40 hours of depositions.

Your email suggests we have been ignoring your requests to confer but that is neither fair not accurate. As discussed in my email from September 20, 2024, we do not appreciate the blitzkrieg emails at all hours of the night and your current attempt to use them to claim you have been ignored. As you well know, however, the primary reason we have not had full availability to confer with you is that we have been working day and night to prepare for, travel to/from, and attend 6 in-person depositions across the last month—and, in particular, the 4 depositions across the last 2 weeks (Sept. 24, Sept. 25, Oct. 1, Oct. 2). Your email suggests that I declined to confer with you in person; but, as you know, those requests were made in the minutes before depositions were set to begin (i.e., while I was trying to speak with the witness and with in-house counsel)—and, indeed, one of them was made, *on the record*, in the middle of Mr. Voelker's deposition. We offered to confer with you last Thursday, upon returning from Cincinnati—but you were not available, presumably because one of you was traveling or preparing for the depositions this week. Hence, we offered to jump on a Sunday night conference call a few days ago, and did in fact confer with you on this topic and others for almost two hours. This conference resulted in your agreeing to produce some timing related information that you still have not produced so that we could further consider your extension request, thus rendering the extension motion you are threatening to file this afternoon unripe. Joe told you at the close of yesterday's deposition in Nebraska that we needed the timing information you promised before we could determine whether we were at an impasse; that we intended to respond to your note below; but that we would not be able to do so immediately since Joe needed to travel back from Nebraska and Ilya, me, and others on our team are observing the high holidays. In light of this, Joe asked you to withdraw your artificial 4 PM deadline but you declined. Because you declined, I have now had to step away from my family's religious observances to prepare and send this note. We have interacted with you in good faith and do not appreciate the suggestion to the contrary.

Finally, your suggestion that a 4-month extension is not disruptive because it would not require the moving of the trial date is inaccurate. For one, most STOLI cases are resolved on summary judgment—so moving summary judgment deadlines is incredibly disruptive to the speedy resolution of this case. Moreover, your request to move summary judgment on top of the trial date *will* likely result in moving the trial date. It leaves no time for the Court to decide the Summary Judgment motions and either means moving the trial date, or for the parties to begin the labor of pre-trial practice while dispositive motions are pending.

* * *

If you elect to unilaterally move to modify the case schedule, please include this email and make clear that we intend to file a written opposition.

Brian

9



**Brian D. Burack**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2076 F: 215-372-2374
Email | Map | cozen.com

---

**From:** Jung, Joseph <jjung@orrick.com>
**Sent:** Thursday, October 3, 2024 1:10 PM
**To:** Kelleher, Joseph <jkelleher@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Subject:** RE: Flaks

**\*\*EXTERNAL SENDER\*\***

Joe,

The 4 pm ET deadline is not arbitrary.  We understand we need to file our motion by 5 pm ET to have it deemed filed today.  Again, if we are able to reach an agreement, we can let the Court know, but we would like to get our motion on file before tomorrow.

Joseph

---

**From:** Kelleher, Joseph <jkelleher@cozen.com>
**Sent:** Thursday, October 3, 2024 9:30 AM
**To:** Jung, Joseph <jjung@orrick.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Subject:** Re: Flaks

**[EXTERNAL]**

Joseph,

I'm still in transit from the deposition and Brian and Ilya are observing the Jewish holidays. There is no reason for an arbitrary 4 pm deadline. We'll get you a response later today.

Joe

---

**From:** Jung, Joseph <jjung@orrick.com>
**Sent:** Thursday, October 3, 2024 10:27:04 AM
**To:** Kelleher, Joseph <jkelleher@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B.

<Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Subject:** RE: Flaks

**\*\*EXTERNAL SENDER\*\***

Joe,

Thank you for your message, we'll wait to hear from you today but given the fact discovery deadline is tomorrow, we plan to file our motion shortly after 4 pm ET today if we don't hear back from you by then.  If we end up reaching an agreement after we file, we will let the Court know.

Joseph

---

**From:** Kelleher, Joseph <jkelleher@cozen.com>
**Sent:** Thursday, October 3, 2024 5:15 AM
**To:** Jung, Joseph <jjung@orrick.com>; Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Subject:** Re: Flaks


**[EXTERNAL]**

Joseph,

I am still traveling home from the deposition yesterday, and many folks on our team are out for the Jewish holidays. We will respond to your note below today. Please refrain from filing a motion before receiving our response as we're hopeful an agreement can be reached.

Many thanks,

Joe

---

**From:** Jung, Joseph <jjung@orrick.com>
**Sent:** Wednesday, October 2, 2024 7:46 PM
**To:** Burack, Brian D. <BBurack@cozen.com>; Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Subject:** RE: Flaks

**\*\*EXTERNAL SENDER\*\***

Counsel,

I am writing to follow up on the discussion Mr. Rubin and I had with Mr. Kelleher after the deposition of Mr. Halverson in Lincoln, Nebraska today.

Stuart Bryson can be available for deposition between October 23 and November 15 (and potentially later dates if necessary).  David Louie can be available for deposition in November except for the week of November 18.

Please note we will be amending SI's response to Ameritas's Interrogatory No. 6 to provide additional information about what each individual knows so Ameritas can assess whether to take their depositions.  We plan to serve those amended responses by mid-next week.

Please let us know by noon ET tomorrow if Ameritas agrees to SI's proposed modified pretrial schedule.  If we do not hear back from you by then, we will file our motion seeking a four-month extension.

Joseph

---

**From:** Burack, Brian D. <BBurack@cozen.com>
**Sent:** Wednesday, October 2, 2024 7:50 AM
**To:** Krebs, Richard <rkrebs@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Jung, Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Subject:** RE: Flaks

**[EXTERNAL]**

Rich,

We received your email from yesterday at 4:45 PM EST, requesting that we respond by 9 AM EST the next morning (i.e., today). We will respond, but please allow our team an opportunity to discuss your email. As I presume you know, your email was sent while we were in the middle of Mr. Farmen's deposition in Lincoln (yesterday); and while Mr. Kelleher was in transit to Lincoln. I am writing this email from a plane and Mr. Kelleher is defending Mr. Halverson's deposition in Lincoln, which starts shortly.

As discussed on Sunday, we agree that some additional time is needed; but we understood from the call you would be providing us with several items that would bear on how much time is warranted. Unless I missed an email I believe we are still missing most of those items.

Brian



**Brian D. Burack**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2076 F: 215-372-2374
Email | Map | cozen.com

---

**From:** Krebs, Richard <rkrebs@orrick.com>
**Sent:** Tuesday, October 1, 2024 4:45 PM
**To:** Kelleher, Joseph <jkelleher@cozen.com>; Rubin, Aaron M. <amrubin@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Jung, Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner,

Kaan <KEkiner@cozen.com>; Burack, Brian D. <BBurack@cozen.com>
**Subject:** RE: Flaks

**\*\*EXTERNAL SENDER\*\***

Joe,

We are following up on Sunday's discussion about the case schedule.  As you know, we believe a four-month extension is appropriate for the reasons stated in our prior correspondence and on Sunday's call, which accounts for the fact that two of those months will be during the holiday season.  We requested Ameritas's consent to our proposal on September 17 and followed up several times to obtain Ameritas's position (*see, e.g.,* Aaron Rubin's September 17, 19, 20, and 23, and 27 emails; I also made multiple attempts to confer with Brian in person last week).

On Sunday's call (September 29), you stated Ameritas agrees an extension is warranted, but thought a couple of weeks would be sufficient.  As we explained on the call, two weeks is far from enough time considering the outstanding discovery disputes, including disputes concerning the subpoenas to Cozen and Ameritas's document productions, interrogatory responses, and objections to depositions SI seeks—much of which, based on Sunday's call, will require the Special Master's assistance to resolve.  In addition, Ameritas just noticed four new depositions on September 13, noticed another deposition on September 19, and served a subpoena on BroadRiver's outside counsel, Arent Fox, which we anticipate also will require the Special Master's involvement.

While both sides agreed to provide some additional information following the call—and we are working on gathering the information you requested and expect you are doing the same—we cannot hold up resolution of the schedule given the current discovery cut-off.  Regardless of whether Ameritas decides to pursue David Louie's deposition or other depositions, the need for an extension remains the same.  To that end, can you please let us know by tomorrow (Wednesday, October 2) at 9:00 am ET whether Ameritas will agree to our proposed four-month extension (as set forth in Aaron's September 17 email) or send Ameritas's proposed new schedule.  If Ameritas is not amenable to an extension of at least three months, we will promptly file a motion seeking the four-month extension.

Rich

---

**From:** Kelleher, Joseph <jkelleher@cozen.com>
**Sent:** Saturday, September 28, 2024 11:26 AM
**To:** Rubin, Aaron M. <amrubin@orrick.com>
**Cc:** Steven L. Caponi (steven.caponi@klgates.com) <Steven.Caponi@klgates.com>; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung, Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Burack, Brian D. <BBurack@cozen.com>
**Subject:** RE: Flaks

**[EXTERNAL]**

Let's shoot for tomorrow at 5 pm.



**Joseph Kelleher**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4123 F: 215-372-2366
Email | Bio | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Friday, September 27, 2024 5:42 PM

13

**To:** Kelleher, Joseph <<u>jkelleher@cozen.com</u>>
**Cc:** Steven L. Caponi (<u>steven.caponi@klgates.com</u>) <<u>Steven.Caponi@klgates.com</u>>; Goeller, Matthew B. <<u>Matthew.Goeller@klgates.com</u>>; Hunt, Megan E. <<u>Megan.Hunt@klgates.com</u>>; LeQuang, Khai <<u>klequang@orrick.com</u>>; Krebs, Richard <<u>rkrebs@orrick.com</u>>; Jung, Joseph <<u>jjung@orrick.com</u>>; Schwartzburg, Ilya <<u>ISchwartzburg@cozen.com</u>>; Ekiner, Kaan <<u>KEkiner@cozen.com</u>>; Burack, Brian D. <<u>BBurack@cozen.com</u>>
**Subject:** RE: Flaks

**<span style="color:red">**EXTERNAL SENDER**</span>**

Joe,

We can be available for this call Sunday between 3:00 p.m.-6:00 p.m. ET or Monday between 10:00 a.m.-3:00 p.m. ET.  Let us know what works for you, and we can circulate a dial-in.

Aaron

**Aaron M. Rubin**
<span style="color:green">Partner</span>

<span style="color:green">Orrick</span>
Orange County 
T +1-949-852-7732
amrubin@orrick.com





---

**From:** Kelleher, Joseph <<u>jkelleher@cozen.com</u>>
**Sent:** Friday, September 27, 2024 10:48 AM
**To:** Rubin, Aaron M. <<u>amrubin@orrick.com</u>>
**Cc:** Steven L. Caponi (<u>steven.caponi@klgates.com</u>) <<u>Steven.Caponi@klgates.com</u>>; Goeller, Matthew B. <<u>Matthew.Goeller@klgates.com</u>>; Hunt, Megan E. <<u>Megan.Hunt@klgates.com</u>>; LeQuang, Khai <<u>klequang@orrick.com</u>>; Krebs, Richard <<u>rkrebs@orrick.com</u>>; Jung, Joseph <<u>jjung@orrick.com</u>>; Schwartzburg, Ilya <<u>ISchwartzburg@cozen.com</u>>; Ekiner, Kaan <<u>KEkiner@cozen.com</u>>; Burack, Brian D. <<u>BBurack@cozen.com</u>>
**Subject:** Flaks

**<span style="background-color:red;color:white">[EXTERNAL]</span>**

Aaron,

I'm writing in the hopes of having a discussion about bringing discovery to a reasonable close. We should have a conference to discuss whatever issues both parties realistically intend to put before the special master with an eye towards eliminating some of them if possible. We should also get earliest available deposition dates calendared, at least for the deps that are not being contested. The current discovery deadline is October 4. We acknowledge that some existing discovery tasks are going to have to happen after October 4. Our view is that this can be accomplished with either a short discovery extension and/or an agreement to take certain specified discovery (e.g., Ms. Lin's deposition who is on maternity leave) outside the period. Both of our firms are very busy right now, including with Flaks deps, briefs, and other items, and there are holidays coming up that certain members of our teams observe, but we are willing to make ourselves available for that discussion, including over the weekend if necessary. Please let us know.

Many thanks,

Joe



**Joseph Kelleher**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4123 F: 215-372-2366
Email | Bio | Map | cozen.com

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

# Exhibit 2

| | |
|---|---|
| **From:** | Rubin, Aaron M. |
| **Sent:** | Friday, September 27, 2024 10:41 AM |
| **To:** | Burack, Brian D. |
| **Cc:** | steven.caponi@klgates.com; Goeller, Matthew B.; Hunt, Megan E.; LeQuang, Khai; Krebs, Richard; Jung, Joseph; Schwartzburg, Ilya; Ekiner, Kaan; Kelleher, Joseph |
| **Subject:** | RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236 |

Brian,

Following up on the emails below, can you please let us know your availability to meet and confer about the motion for extension?  We can be available anytime today.  Thanks,

Aaron


**Aaron M. Rubin**
Partner

Orrick
Orange County 
T +1-949-852-7732
amrubin@orrick.com



 

---

**From:** Rubin, Aaron M.
**Sent:** Monday, September 23, 2024 3:46 PM
**To:** Burack, Brian D. <BBurack@cozen.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung, Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>
**Subject:** RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

Brian,

If Ameritas's position is going to be that no extension is warranted and fact discovery should end October 4, 2024, then we think the meet and confer on the extension motion can be fairly short and should happen as soon as possible so we can get the motion on file without delay.  That extension motion meet and confer should not and does not need to be at the same time as the discovery issues—it should appropriately be on its own, as it is not a discovery dispute that would go before the Special Master as the others are.  We propose scheduling it for tonight, tomorrow night or Wednesday night after the depositions.  Please let us know when you and Delaware counsel are available.

We want to schedule the longer meet and confer about the discovery disputes as well and were hoping it could happen today (which we proposed to you a couple times with no response).  Unfortunately, we are not available Thursday.  We can be available anytime on Friday.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County 
T +1-949-852-7732
amrubin@orrick.com





---

**From:** Burack, Brian D. <BBurack@cozen.com>
**Sent:** Monday, September 23, 2024 2:06 PM
**To:** Rubin, Aaron M. <amrubin@orrick.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung, Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>
**Subject:** RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

**[EXTERNAL]**

Aaron,

I am not in a reasonable position to confer with you tonight because I am in transit to Cincinnati and preparing for Mr. Voelker's in-person deposition tomorrow morning (Tues. Sept. 24) and Mr. Corbett's in-person deposition the following day (Wed. Sept. 25). I will be back in the office on Thursday September 26, and I propose we find a mutually agreeable time to confer that day, during which we can discuss all of the issues—including WSFS's motion to modify the case schedule. As you have pointed out, the discovery issues and WSFS's request to move the case schedule in light of the discovery issues are all interrelated; it therefore does not make sense to confer about them in a piecemeal fashion. Conferring on Thursday will also allow us to digest the lengthy email that your colleague Mr. Jung sent us late last night (Sunday Sept. 22), which appears to respond to several discovery issues and asks several new questions as well. It will also allow plenty of time for either party to file any motions they still deem appropriate in advance of the fact discovery deadline on October 4, 2024.

Please let us know what times work best for you and your Delaware counsel.

Brian



**Brian D. Burack**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2076 F: 215-372-2374
Email | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Monday, September 23, 2024 1:39 PM
**To:** Burack, Brian D. <BBurack@cozen.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung, Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>
**Subject:** RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

**\*\*EXTERNAL SENDER\*\***

Brian,

Can we jump on a meet and confer today that is just about the extension request in Flaks?  Given that both sides' positions are laid out in lengthy emails, we expect it will be fairly short (though we are still available to discuss for as long as necessary if you think otherwise).  If the parties are at an impasse, we want to get the motion on file.  We can be available anytime (all times ET) *except* 3:30-4:30 and 5:00-6:00.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County ⓥ
T +1-949-852-7732
amrubin@orrick.com





---

**From:** Rubin, Aaron M.
**Sent:** Friday, September 20, 2024 12:36 PM
**To:** Burack, Brian D. <BBurack@cozen.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E.
<Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung,
Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>;
Kelleher, Joseph <jkelleher@cozen.com>
**Subject:** RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

Brian,

Under the current schedule, fact discovery is closing in two weeks on October 4, 2024 (and October 3-4 are
holidays, so really eight business days).  Given how much discovery and the number of disputes Ameritas
raised in just the last two weeks, we presumed this would be noncontroversial.

As you know, over the past several months, the parties have worked together to set a deposition schedule with
Ameritas and a non-party Phil Hall (who we also represent) that scheduled five depositions over the next eight
business days in this case.  However, as you also are well aware, on September 13, 2024, Ameritas noticed
four new depositions of BroadRiver witnesses that conflict with many of the dates we already have a deposition
on calendar for.  And after close of business on the evening of September 19, 2024 (i.e., yesterday), Ameritas
issued, for the first time, a 30(b)(6) notice of WSFS with 36 deposition topics.  Ameritas is now demanding ten
depositions take place in the next eight business days, five of which it noticed in the last week after sitting on
its hands for over a year.  This is all the more surprising because when Ameritas opposed extending the
previous fact discovery cutoff we proposed, Ameritas objected to scheduling nine depositions over the course
of one month as a "punitive deposition schedule (to punish Ameritas for daring to ask that case deadlines be
followed)…"  May 31, 2024 Email from B. Burack to A. Rubin.  Yet Ameritas is now demanding ten depositions
between September 23-October 2, at the end of the current fact discovery period (assuming nobody can be
deposed October 3-4 because of the start of the High Holidays).  As is typical with Ameritas, it is "punitive"
when SI tries to take any discovery, but not when Ameritas wants an even more egregious and outrageous
schedule.  It should go without saying that the schedule Ameritas is proposing for depositions over the next
eight business days, is not doable.

4

Moreover, the fact that Ameritas now claims it needs to take all of this discovery over the next week and a half is the result of only its delays and apparent change in case strategy. As you surely recall, after the Court granted WSFS as SI's motion to extend the case deadlines on June 10, 2024, you wrote to us on behalf of Ameritas that "discovery is complete on policy validity and no additional discovery is needed to proceed to summary judgment on the insurable interest question" (with which we strongly disagreed, but understood that to be your position). Jun. 11, 2024 Email from B. Burack to A. Rubin. As you know, we rejected your proposal about skipping to summary judgment and instead, we have diligently pursued discovery of Ameritas on all claims, including SI's claims against Ameritas for bad faith and fraud. Conversely, Ameritas didn't take any discovery of WSFS or BroadRiver for almost four months until doing a complete 180 just last week. Ameritas could have noticed any of these depositions any time over the last year and two months but chose to wait until the last two weeks when there was no time left in the schedule.

Stipulating to an extension of pre-trial deadlines, which under our proposal does not affect the trial date at all, is "the type of solution this Court expects parties to resolve without judicial intervention." *Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*, No. 19-2259-GBW, 2023 WL 4532540, at *2 (D. Del. July 13, 2023) (Williams, J.). Indeed, this is what happened when we filed our last motion seeking to extend the deadlines—the Court granted it before even seeing how Ameritas would oppose. Here, we propose extending discovery until January 31, 2025 so that our client, Ms. Lin, can appear for deposition during the fact discovery period when she returns from maternity leave in January 2025. This is a reasonable request, designed to accommodate Ameritas, including because we are proposing that from now until January 31, 2025, we can find mutually agreeable times to proceed with some very recently noticed depositions that Ameritas wants to take, or we can meet and confer and go through the dispute resolution process for disputes on which we reach an impasse. Although both sides are represented by big law firms, our clients are entitled to be represented by the specific attorneys who work on this case and there is no room in the current schedule to lock in dates for the depositions Ameritas very recently noticed. There are three depositions already on calendar for next week. The week after that (currently the final week of fact discovery), there are two more depositions on calendar and Rosh Hashanah begins the evening of October 2, 2024, which means nobody will be deposed October 3 or 4.

Further, the continued discovery we are pursuing of Ameritas, including with respect to document deficiencies we raised to you in correspondence sent nearly a month ago now to which Ameritas still has not responded (and about which we have been asking you to meet and confer for several weeks now), also requires an extension of fact discovery. Ameritas cannot try to run out the clock on our legitimate discovery disputes simply because it wants to avoid complying with its obligations. Unlike Ameritas, SI has been trying to address Ameritas's discovery requests (where reasonable) before the end of fact discovery. Although you chose to wait until two weeks ago to ask us to search for new documents from BroadRiver after having not pursued any discovery of BroadRiver for the past four months, in good faith we quickly completed the searches you delayed in requesting and made a timely production earlier this week. Ameritas, by contrast, has not even responded fully to our raising of discovery deficiencies revealed at the depositions of Mr. Foreman and Ms. Loosle, which were extremely insightful depositions showing how much Ameritas has been hiding in failing to comply with its discovery obligations in this case. We understand you believe they were tedious, but they were important discovery for SI's case. Our goal is not to entertain you and the witness.

Ameritas is the one who filed this litigation in seeking to void a policy it collected over $2 million in premiums on, and instead of communicating a decision on the claim to the policyholder Ameritas chose to delegate its claim handling to Cozen O'Connor, the same law firm that previously represented Ocean Gate and wrote

opinion letters opining on the validity of the Ocean Gate program under Delaware law, now a law firm alleging the exact opposite and challenging policies acquired by its former client, on behalf of life insurance companies like Ameritas.  It is not mistreatment for Ameritas's witnesses to be deposed in person and address these facts in a $3 million+ lawsuit Ameritas chose to file.  You were not extending us any courtesy by agreeing to allow certain of your witnesses to be deposed—that is discovery, and we are entitled to depose your witnesses.  Since we already have already long locked in the upcoming four Ameritas depositions in addition to Mr. Hall's deposition, fact discovery will have to be extended—we cannot dual-track depositions under the current schedule just because you chose to wait until the last two weeks of discovery to suddenly notice five depositions.  And when combined with all the other outstanding discovery disputes, along with the fact that the trial date will not have to move, an extension is obviously necessary.

We will discuss your questions about WSFS with the client.  You just sent this deposition notice with 36 deposition topics on a Thursday night with two weeks left in fact discovery when there are five other depositions already proceeding during this time.

Please send us your availability for a meet and confer call about the case schedule so we can raise this with the Court as soon as possible to the extent Ameritas maintains it is not agreeing to any extension.

Best,

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County 
T +1-949-852-7732
amrubin@orrick.com





---

**From:** Burack, Brian D. <BBurack@cozen.com>
**Sent:** Thursday, September 19, 2024 6:33 PM
**To:** Rubin, Aaron M. <amrubin@orrick.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung,

Joseph <jjung@orrick.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>
**Subject:** RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

**[EXTERNAL]**

Aaron,

A four-month discovery extension is not warranted. The initial discovery period in this case was nine months long. Halfway through the original discovery period, WSFS began asking to extend the discovery deadline, which ultimately became necessary when WSFS withheld all of its ESI discovery, dumping it on Ameritas over Christmas and New Years. We agreed to extend discovery by three months and expected you would use that time to conduct whatever discovery you felt you needed. We did that—you did not. Indeed, having not taken a single deposition, you again asked for another 2-month discovery extension, to which we agreed, believing again that you would use the time to take depositions and finish discovery. But again you did not. Indeed, you wasted significant time and energy manufacturing and raising a litany of baseless discovery disputes, and then used their pendency as an excuse to halt taking any depositions and to secure yet another 3-month discovery extension. But nearly all of your discovery motions have been materially denied by the Special Master. And, over the last few months, you've set sail on a fishing expedition noticing countless depositions of Ameritas's people only to harass them with day-long, in-person depositions filled with tedium. We agreed to your demand to take 6 in-person Ameritas depositions across 3 different weeks, which has resulted in significant and unnecessary costs. The depositions to which we have agreed are scheduled to be complete within the discovery period. But this must come to an end, and we will not be agreeing to give you another four months to continue this mistreatment.

Nor is a discovery extension needed for BroadRiver's and WSFS's depositions. Since Ms. Lin (the only BroadRiver person you disclosed as having discoverable information you intend to use to support your claims) is on maternity leave, we will agree as a courtesy to take her deposition out of time when her leave is over in January—which will leave enough time for its use at summary judgment in February. As to Messrs. Louie and Bryson (who you listed as persons with knowledge in your vague interrogatory responses), if those specific dates do not work, then please suggest other dates. Among other options would be September 26, 2024 (where no depositions are scheduled), October 1, 2024 (since Ms. Lin is not being deposed at that time), and September 30, 2024 (since you have represented you are not producing Mr. Siller at that time). As to October 2, 2024, we are of course aware that Rosh Hashanah starts that evening, but you are deposing an Ameritas witness on that date so we assume it's not objectionable for BroadRiver. But there are several other dates as well, including September 24th, 25th, and 27th. Both sides are represented by large firms and several attorneys working closely on the case; it is, therefore, reasonable to take more than one deposition on the same day—especially considering we are offering to take Mr. Louie and Mr. Bryson remotely, a courtesy you have not extended to Ameritas's deponents. Worst case scenario, we can consider agreeing to take a witness out of time the week after the discovery period expires as a professional courtesy.

As to Mr. Siller, we are at an impasse. Please suggest a time to confer tomorrow so we can expeditiously raise and litigate this issue. There will be plenty of time to depose him before February if the Special Master agrees we are entitled to do that. Please also supplement your response to Interrogatory No. 5 to answer the aspects of the question that you did not, which relate to which witnesses were involved in, and most knowledgeable about,

which topics. We are entitled to this information, and our having it now will inure to your witnesses' benefit for us to prepare to discuss with him or her only the relevant material.

Finally, attached please find a notice of deposition for WSFS. Please let us know who WSFS's designee will be. To the extent it is someone other than Shaheen Mohajer, who you list in your Rule 26 disclosures as the only person at WSFS with discoverable information that you are likely to rely upon in support of your claims, please let us know when she will sit for her deposition. To the extent that it is Ms. Mohajer, please confirm that you will allow her to testify in her personal capacity as well without the need for us to issue and serve a separate subpoena.

Thanks,

Brian



**Brian D. Burack**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2076 F: 215-372-2374
Email | Map | cozen.com

---

**From:** Rubin, Aaron M. <amrubin@orrick.com>
**Sent:** Thursday, September 19, 2024 3:17 PM
**To:** Ekiner, Kaan <KEkiner@cozen.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** RE: Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

**\*\*EXTERNAL SENDER\*\***

Counsel,

We're following up on the email below.

Aaron

---

**From:** Rubin, Aaron M.
**Sent:** Tuesday, September 17, 2024 6:33 AM
**To:** Ekiner, Kaan <KEkiner@cozen.com>; Schwartzburg, Ilya <ISchwartzburg@cozen.com>; Kelleher, Joseph <jkelleher@cozen.com>; Burack, Brian D. <BBurack@cozen.com>; Mazzola, Victoria <VMazzola@cozen.com>; Cheever, Kara E. <KCheever@cozen.com>
**Cc:** steven.caponi@klgates.com; Goeller, Matthew B. <Matthew.Goeller@klgates.com>; Hunt, Megan E. <Megan.Hunt@klgates.com>; LeQuang, Khai <klequang@orrick.com>; Krebs, Richard <rkrebs@orrick.com>; Jung, Joseph <jjung@orrick.com>
**Subject:** Ameritas Life Insurance Corp. v. Wilmington Savings Fund Society, FSB, No. 1:23-cv-00236

Counsel,

We are in receipt of the four deposition notices Ameritas served at close of business on Friday, September 13, 2024.  We are gathering availability of three witnesses whose depositions were noticed: Stuart Bryson, David Louie, and Justine Lin.  We maintain our objection to Philip Siller's deposition as an apex deposition, among other things, and intend to move for a protective order with respect to that deposition.  Further, as we wrote to you on September 10, 2024, Ms. Lin is on maternity leave.  Ms. Lin plans to return from her leave in January 2025 and will be available to be deposed after her return.  We will determine availability for Mr. Bryson and Mr. Louie, but it is untenable to insist they be deposed on the current noticed dates of September 27, 2024 and October 2, 2024.  As you know, Mr. Hall is scheduled to be deposed on September 27 and there are already two other depositions scheduled that week.  And Mr. Halverson is already being deposed October 2, 2024 (preceded by Scott Farmen's deposition on October 1, 2024).  Given how late in discovery Ameritas served its four new deposition notices and the five depositions already scheduled over the last two weeks of discovery (along with the depositions of Mr. Peyton and Ms. Vonderhaar that are currently being contested), in addition to the fact that Rosh Hashanah starts October 2, it is very unlikely that Mr. Bryson and Mr. Louie will be available to be deposed prior to October 4, 2024, the current deadline for the end of fact discovery.

Given this, along with the currently outstanding discovery disputes and the amount of meet and confers the parties still have to conduct, we are writing to ask if Ameritas would agree to extend the pretrial deadlines by approximately four months.  We have proposed a schedule below.  Given that Ameritas noticed four depositions three weeks before the current fact discovery cutoff (which conflict with five other depositions already on calendar), we hope this will be noncontroversial.

Further, as noted above, there remain several outstanding discovery disputes between SI and Ameritas, including about deficiencies in Ameritas's document production which SI initially wrote to Ameritas about on August 26, 2024, a correspondence Ameritas has still yet to fully respond to and which Ameritas has delayed the scheduling of a meet and confer with SI on.  As we noted in our September 11, 2024 email, Ameritas has not responded to the following correspondence raising deficiencies in Ameritas's document production:

- Aug. 26, 2024 Letter requesting Ameritas's confirmations by Aug. 29, 2024 that Ameritas will produce outstanding documents and information by Sep. 6, 2024
- Sep. 3, 2024 Email regarding additional deficiency in document collection from Mr. Foreman, requesting Ameritas's response by Sep. 4, 2024
- Sep. 3, 2024 Letter regarding date range, requesting to meet and confer on Sep. 5 or Sep. 6, 2024

Moreover, Ameritas stated it intends to move to quash Ms. Vonderhaar's deposition but Ameritas has not responded to our September 11, 2024 email requesting to meet and confer on this dispute.  Ameritas's delay in providing its positions to and meeting and conferring with SI on discovery disputes, along with Ameritas's last-minute pursuit of discovery of BroadRiver (including through the depositions noticed on September 13, 2024, but also with respect to document requests Ameritas had let sit since May), further support an extension of pretrial deadlines.

The schedule we propose below is intended to give enough time for the parties to complete depositions and resolve their remaining disputes.  It also extends fact discovery through the end of January 2025 so that Ameritas can depose Ms. Lin when she returns from maternity leave.  Note that we do not propose extending the current dates for the pretrial conference and start of trial, which we think can stay the same notwithstanding a four-month extension of the other dates.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of fact discovery | October 4, 2024 | January 31, 2025 |

| Affirmative expert reports | November 15, 2024 | March 14, 2025 |
|---|---|---|
| Rebuttal expert reports | December 13, 2024 | April 11, 2025 |
| Reply expert reports | January 10, 2025 | May 9, 2025 |
| Expert discovery cutoff | January 31, 2025 | May 30, 2025 |
| Dispositive motions and Daubert motions due | February 28, 2025 | June 27, 2025 |
| Oppositions to dispositive motions and Daubert motions due | March 31, 2025 | July 28, 2025 |
| Replies in further support of dispositive motions and Daubert motions due | April 21, 2025 | August 18, 2025 |
| Deadline motions in limine | June 6, 2025 | September 30, 2025 |
| Pretrial conference | November 12, 2025 | November 12, 2025 |
| Jury Trial begins | November 17, 2025 | November 17, 2025 |

Please let us know Ameritas's availability to meet and confer this week.

Aaron

**Aaron M. Rubin**
Partner

Orrick
Orange County 
T +1-949-852-7732
amrubin@orrick.com





---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.