IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WILMINGTON SAVINGS FUND )<br>SOCIETY, FSB, SOLELY AS SECURITIES )<br>INTERMEDIARY, )<br>)<br>*Defendants*. ) | C.A. No. 23-236-GBW |

## SPECIAL MASTER MEMORANDUM ORDER
## RESOLVING WSFS'S MOTION TO COMPEL D.I. 140

Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("WSFS") brings this motion to compel non-party Cozen O'Connor P.C. ("Cozen")[1] to produce documents concerning opinions that Cozen drafted for former clients. *See* D.I. 140. On September 4, 2024 Cozen responded, opposing the motion, asserting that WSFS's subpoena seeks privileged and confidential information belonging to former clients. I held a hearing on the matter on September 12, 2024.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**LEGAL STANDARD**

"[A] party may compel production of documents within the 'possession, custody, or control' of non-parties. Fed. R. Civ. P. 45(d)(2)(B). The scope of discovery pursuant to Rule 45

---

[1] Cozen is Plaintiff Ameritas Life Insurance Corp.'s counsel in this action.

is the same as Rule 26(b)." *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021).

"A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent . . . ." Del. R. Prof. Conduct, Rule 1.6(a) (West 2013). Moreover, the privilege "belongs to the client and only he may waive it." *Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 960 (3d Cir. 1984). "The duty of confidentiality continues after the client-lawyer relationship has terminated." Del. R. Prof. Conduct, Rule 1.6 cmt. [20] (West 2013).

> The privilege operates until such time as it is waived, and it is the attorney's obligation to invoke it on behalf of the client (or former client) until such time as the client waives it. In the absence of an affirmative act by [the former client] to waive the privilege, it remains in effect and protects the documents.

*U.S. Trust Co. of New York v. Lewis*, 1992 WL 110728, at *1 (S.D.N.Y. May 12, 1992).

**BACKGROUND**

In 2009, Cozen was retained by Ocean Gate Life Settlement Program LP ("Ocean Gate") and Ocean Gate Capital Management ("OGCM") to represent them in a transaction by which Ocean Gate obtained a loan from the California Public Employees' Retirement System ("CalPERS"). At Ocean Gate's request, Cozen issued five opinion letters to CalPERS regarding whether Ocean Gate's program of acquiring beneficial interests in a portfolio of insurance policies was, as of October 15, 2010, prohibited under the laws of five states (the "Opinion Letters"). One of the life insurance policies in the portfolio was the Flaks policy (the "Policy") that is at issue in this action.

In response to a subpoena, non-party Highland Capital Management, LP ("HCM") produced the Opinion Letters and documents showing that Ocean Gate changed its name to Highland Life Settlement Program, LP ("Highland").

One of the documents produced by HCM indicated that on January 4, 2011, a Cozen attorney spoke by telephone with UBS and Ocean Gate regarding "potential credit facility." *See* Ex. 9 to WSFS's Letter Brief at H-AMT220951 (invoice indicating 0.5 hours spent on this activity).

According to deposition testimony by Barry Turkanis, one of the original principals of Ocean Gate, Cozen may have issued opinion letters to other potential third-party buyers and lenders as well. *See* Ex. 5 to WSFS's Letter Brief (Deposition Transcript at 63-64). Mr. Turkanis was represented at his deposition by Peter Jakab, Esq. Mr. Turkanis was deposed in his personal capacity and not for Ocean Gate.

**DISCUSSION**

WSFS requests the following documents:

(1) Opinion Letters Cozen issued to the CalPERS regarding Ocean Gate and any similar letters regarding Ocean Gate;

(2) Documents sufficient to identify the persons involved in preparation, review, or approval of the Opinion Letters;

(3) Documents Cozen reviewed or relied upon in forming the opinions in the Opinion Letters and any similar letters regarding Ocean Gate;

(4) All documents and communications regarding the Opinion Letters and any similar letters, including non-privileged communications with third parties and documents over which any asserted privilege has been waived;

(5) All documents Cozen prepared or authorized in its capacity as special regulatory counsel to Ocean Gate, over which any asserted privilege has been waived; and

(6) All documents and communications concerning any other opinions Cozen prepared concerning the Flaks Policy and issued or intended to issue to non-clients, and all documents Cozen reviewed or relied upon in forming such opinions.

WSFS asserts that Cozen is withholding documents pursuant to an attorney-client relationship Ocean Gate. WSFS claims that any attorney-client privilege has been waived. WSFS

further asserts that Cozen has refused to produce any documents, including documents that are (according to it) "clearly" not privileged. *See* WSFS Letter Brief at 1.

Cozen retorts that Ocean Gate's privilege has not been waived. It notes that it has endeavored to locate anyone to speak on behalf of Ocean Gate and OGCM but has failed. Further, Cozen states that it conducted a reasonable search and did not locate any responsive nonprivileged communication or documents sent to or received from third parties, aside from those involving CalPERS.

In an unrelated action, *Sun Life Assurance Co. of Canada v. Wilmington Sav. Fund Soc'y*, that court found that CalPERS and Ocean Gate "retained Cozen as special regulatory counsel to evaluate the validity and enforceability of the life insurance policies in Ocean Gate's investment plan and [both] Ocean Gate and CalPERS disclosed confidential information to Cozen . . . ." 2019 WL 6998156, at *3 (Del. Super. Ct. Dec. 19, 2019). Cozen admitted that it had an attorney-client relationship with Ocean Gate but denied that CalPERS was a client. *Id.* at *4.[2] The court made its decision regarding disqualification of counsel based solely on the relationship between Cozen and Ocean Gate. It did not reach the question of whether Cozen had an attorney-client relationship with CalPERS.[3]

CalPERS has apparently never disavowed its claim of an attorney-client relationship with Cozen. That another entity provided the Opinion Letters to the parties is not a waiver of privilege by CalPERS. That Cozen believed that CalPERS was not a client is of no matter. CalPERS has neither affirmatively waived attorney-client privilege nor made it clear that it no longer asserts

---

[2] CalPERS filed an affidavit in the Sun Life action asserting that Cozen represented it regarding the transactions with Ocean Gate.

[3] The Court subsequently vacated its order of disqualification. *See Sun Life Assurance Co. of Canada v. Wilmington Sav. Fund Soc'y*, 2021 WL 1343670, at *2 (Del. Super. Ct. Apr. 12, 2021).

that it was a client of Cozen. In addition, any documents Cozen reviewed or relied upon in forming the Opinion Letters are also privileged. Therefore, I **DENY** WSFS's motion to compel the Opinion Letters, and any underlying documents or communications related to the Opinion Letters.

Other than one Opinion Letter to CalPERS, the significance of which has already been addressed, WSFS has not provided any allegedly privileged document produced by HCM. One exhibit to its Letter Brief is an email from a Cozen attorney to a recipient with an hcmlp.com address (presumably HCM) dated September 21, 2011. The email contains no legal advice and attaches a then-recent Delaware opinion and another public document. *See* Ex. 7 to WSFS's Letter Brief. Another is the invoice discussed above that also contains no legal advice. Therefore, I conclude that HCM has not waived any privilege held by Ocean Gate or OGCM.

In an email to Cozen, Mr. Jakab claims that he represents OGCM, and that Barry Turkanis is a principal of that entity. He states that OCGM has asserted no privilege of any kind as to opinion letters prepared by Cozen. *See* Ex. 6 to Cozen's Letter Brief at 1-2.

In an email response to Mr. Jakab, Cozen requested: 1) documentation to demonstrate that OGCM remains in existence; 2) a listing of its current officers and directors as identified in currently effective filings with the relevant Secretary of State; and 3) a statement with a notarized signature from an officer of OGCM that: a) identifies Mr. Jakab as authorized counsel for OGCM; and b) requests that Cozen turn over information relating to Cozen's representation of OGCM to Mr. Jakab as its authorized agent. *Id.* at 1. Mr. Jakab did not respond.[4]

---

[4] At the hearing on this matter, Cozen invited me to contact Mr. Jakab to determine if he indeed has the authority he claims. I decline.

I find that WSFS has not shown that Ocean Gate/OGCM has waived privilege. Therefore, I **DENY** WSFS's motion to compel any documents and communications over which it believes any asserted privilege has been waived.

Regarding any opinion letters that Cozen/Ocean Gate forwarded to third parties, those letters are not privileged. WSFS, however, has not shown that Cozen/Ocean Gate sent opinion letters to third parties other than CalPERS. Mr. Turkanis's testimony was not definitive on the issue. To questions regarding whether opinion letters were sent to third parties other than CalPERS, Mr. Turkanis responded, "I don't know," or "I don't recall." Further, a Cozen invoice that indicated that an attorney spoke for 30 minutes with a third party and Ocean Gate with nothing more does not support a conclusion that an opinion letter was sent to that third party. In addition, Cozen has stated that it conducted a reasonable search for nonprivileged communications made to or from third parties and found none.

I find that WSFS has not shown that Cozen has withheld any third-party opinion letters. Therefore, I **DENY** WSFS's motion to compel any opinion letters regarding Ocean Gate.

Finally, regarding WSFS's request for documents sufficient to identify persons involved in preparing, reviewing, or approving the Opinion Letters for CalPERS, I **ORDER** Cozen to conduct a reasonable search for such information. Such information is not privileged. If such documents are located, Cozen must produce them. Otherwise, Cozen must affirmatively state that no such documents were found. I note that WSFS already has the names of two people involved regarding the Opinion Letters. *See* Ex. 9 to WSFS's Letter Brief at H-AMT220956.

**CONCLUSION**

As detailed above, WSFS's Motion to Compel non-party Cozen to produce documents concerning opinions that Cozen drafted for former clients (D.I. 140) is **GRANTED-IN-PART**

**AND DENIED-IN-PART**. It is **GRANTED** to the extent that Cozen must, within 14 days, conduct a reasonable search for documents sufficient to identify persons involved in preparing, reviewing, or approving the Opinion Letters for CalPERS and either produce them or affirmatively state that no such documents were found. In all other respects, the motion is **DENIED**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 9th day of October 2024.

 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master