**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | C.A. No. 23-236-GBW |
| ) | |
| WILMINGTON SAVINGS FUND ) | |
| SOCIETY, FSB, SOLELY AS SECURITIES ) | |
| INTERMEDIARY, ) | |
| ) | |
| *Defendant*. ) | |

**SPECIAL MASTER MEMORANDUM ORDER
RESOLVING DEFENDANT'S MOTION TO COMPEL (D.I. 205)**

Wilmington Savings Fund Society, FBS, Solely as Securities Intermediary ("WSFS") brings this motion to compel Cozen O'Connor P.C. ("Cozen") to produce documents and make a witness available for deposition concerning Cozen's investigation of WSFS's claim for the death benefit under the Flaks policy. *See* D.I. 205. On December 10, 2024, Cozen responded, opposing the motion. I held a hearing on the matter on December 18, 2024.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing. After the arguments, I announced my Memorandum Order as follows:

> This is my ruling regarding WSFS's motion to compel Cozen O'Connor P.C. to produce documents and make a witness available for deposition concerning Cozen's investigation of WSFS's claim for the death benefit under the Flaks policy. The motion is found at D.I. 205.
>
> Cozen, the party that's been subpoenaed, represents Ameritas, the plaintiff in this action. WSFS asserts that my memorandum order docketed at D.I. 121 or the public version docketed at D.I. 134 ordered Ameritas to produce documents about WSFS's death claim.

In addition, WSFS states that because Ameritas retained Cozen to perform that investigation it is entitled to responsive documents Ameritas has not produced and are only in Cozen's possession and a deposition of Cozen's claims investigation.

WSFS misunderstands my ruling and misstates the nature of Cozen's role before litigation commenced.

First, my ruling in D.I. 121 was, "While I agree that documents relating to the insurance policy and Ameritas's refusal to pay the death benefit are relevant, I will not order the production of privileged documents absent a clear waiver of privilege regarding those documents. But I also agree that investigations of death benefit claims [are] generally a business function, not legal. I will not review *in camera* any documents listed on Ameritas's privilege log at this time. I do, however, expect Ameritas to produce documents that contain factual information regarding these issues. Therefore, to the extent there are documents listed on the privilege log, including attachments, that contain factual information I order Ameritas to produce those documents with redactions, if necessary, within fourteen days of this order."

WSFS's underlying motion that resulted in this ruling sought an order compelling Ameritas to produce documents relating to Ameritas's investigation of a life insurance policy claim which WSFS alleged were being improperly withheld as privileged or, in the alternative, for me to review the documents in camera.

My ruling merely ordered Ameritas, not Cozen, to produce in redacted form, if necessary, factual information regarding the Flaks claim contained in the documents at issue in the motion that were withheld by Ameritas as privileged.

Second, Ameritas did not request that Cozen conduct a claims investigation. Cozen was asked to perform a choice of law analysis of a death claim that was flagged as potential STOLI by an Ameritas claims investigator. This was a legal investigation which resulted in advice of counsel regarding litigating the claim.

WSFS's effort to cloak the investigation as a business one is incorrect. *See* [*Penn Mutual Life Insurance Company vs. Rodney Reed 2006 Insurance Trust*, 2011 WL1636949, at *4 (D. Del. April 29th, 2011)] (holding that the specifics of a review by in-house counsel of life insurance policies to identify potential STOLI policies is privileged).

In addition, WSFS already has facts it alleges it needs regarding what STOLI scheme the Flaks policy is a part of and policy's owner. Those facts can be found in documents produced by Ameritas, including the redacted documents resulting from my ruling announced in D.I. 121.

Further, WSFS "has not made the requisite showing of substantial need to obtain the materials." [*Williams vs. Netflix*, 2024 WL485475, at *6 (D. Del. Nov. 21, 2024.)]

Therefore, WSFS's motion to compel Cozen to produce documents and make a witness available for deposition is denied with prejudice.

At the end of its opposition papers Cozen requested that I shift costs. I do not find that WSFS's motion warrants such a sanction and therefore, deny Cozen's request.

**CONCLUSION**

As detailed above, WSFS's Motion to Compel (D.I. 205) is **DENIED with prejudice**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 23rd day of December 2024.

 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master