IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WILMINGTON SAVINGS FUND )<br>SOCIETY, FSB, SOLELY AS SECURITIES )<br>INTERMEDIARY, )<br>)<br>*Defendants*. ) | C.A. No. 23-236-GBW |

**SPECIAL MASTER MEMORANDUM ORDER**
**RESOLVING DEFENDANT'S MOTION TO COMPEL (D.I. 199)**

Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("WSFS") brings this motion to compel Ameritas Life Insurance Corp. ("Ameritas") to produce documents and supplement an interrogatory response. *See* D.I. 199. Specifically, WSFS asks that I order Ameritas to (1) produce records specifically about the Flaks policy from its policy administrative systems; and (2) supplement an interrogatory response to identify the issue states of the policies Ameritas flagged pursuant to its death claims procedure for potential stranger-originated life insurance ("STOLI"). Ameritas responded, opposing the motion. I held a hearing on the matter on November 21, 2024.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

**DISCUSSION**

**Flaks Policy Records**

WSFS argues that Ameritas has not searched for and produced all Flaks Policy records in its possession. It cites deposition testimony regarding databases that contain information

regarding the Flaks Policy. Ameritas responds that it has produced the Flaks Policy records that it has and that further searching would be unduly burdensome.

Ameritas states it has produced all imaged documents regarding the Flaks Policy that were created from its BPM system and that the remainder of the system is merely a data repository. Ameritas also states that its LIDP and JEM systems do not store documents. Additionally, Ameritas conducted a high-level search of LIDP and concluded that many hundreds of screenshots of the information contained in the system would have to be taken manually. Ameritas asserts that this would be unduly burdensome. Ameritas further states that its CSS system does not contain information regarding the original delivery of issuance of insurance policies as that is not its purpose.

WSFS points to several screen shots of information from Ameritas's systems that it says warrants Ameritas searching those systems and creating screen shots of further information. First, as Ameritas explains, this exercise would not result in information WSFS seeks. Second, no screen shots of information from these systems were selectively taken for this litigation. Indeed, the screen shots included as exhibits in support of this motion were clearly taken in the normal course of business and retained for that purpose. One of the screenshots is dated February 16, 2015. Finally, I agree with Ameritas that ordering it to search its databases and produce documents that are cumulative to documents already produced is unduly burdensome.

For these reasons, WSFS's request that Ameritas produce records from its policy administrative systems is **DENIED with prejudice**.

### Ameritas's Response to WSFS's Interrogatory Regarding Challenged Policies

WSFS argues that Ameritas has not properly responded to WSFS's interrogatory requesting information regarding 32 policy death claims Ameritas's claims department referred

to Ameritas's legal department for review pursuant to its STOLI death claims process. Ameritas responds that it provided each policy's "issue state" entry in its policy administration systems and whether that claim was paid or challenged.

WSFS argues that the provided "issue state" entry from Ameritas's systems is not what it requested. Rather, WSFS avers that it requested and Ameritas agreed to provide the actual issue state that Ameritas now asserts is correct notwithstanding the "issue state" entry in its systems. WSFS further avers that Ameritas's response does not tell WSFS anything about why they challenged a particular policy.

Ameritas responds that it only agreed to provide the "issue state" entry found in its policy administration systems and that it did so.

I have reviewed the interrogatory and Ameritas's response. First, the interrogatory does not request information regarding why Ameritas challenged a particular policy. It requests information regarding "issue state" and policy status of 32 policies issued by Ameritas.

Second, the interrogatory requests information regarding policies not at issue in this case. Ameritas agreed to provide the information regarding "issue state" and policy status of the 32 policies. Ameritas has done that. Any further information regarding these 32 policies does not relate to the Flaks Policy. As previously ruled by the Court and me, information regarding other policies is not germane to this action. WSFS argues that the cat is out of the bag with Ameritas's current response and it must supplement. Ameritas responds that it only agreed to provide high level information regarding the 32 policies in response to WSFS's questions at a deposition and in its interrogatory response and nothing more is required.

I agree with Ameritas. Therefore, WSFS's request that Ameritas supplement its response to this interrogatory is **DENIED with prejudice**.

**CONCLUSION**

As detailed above, WSFS's Motion to Compel (D.I. 199) is **DENIED with prejudice**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 17th day of January, 2025.

 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master