IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) C.A. No. 23-236-GBW ) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | ) ) ) ) ) |
| *Defendants*. | ) |

**SPECIAL MASTER MEMORANDUM ORDER**
**RESOLVING AMERITAS'S MOTION TO COMPEL (D.I. 203)**

Ameritas Life Insurance Corp. ("Ameritas") brings this motion to compel BroadRiver Asset Management L.P. ("BroadRiver")[1] to produce certain documents withheld as privileged. *See* D.I. 203. Specifically, Ameritas asks that I compel BroadRiver to produce its investigative, due diligence documents to disclose non-privileged facts. BroadRiver responded, opposing the motion. I held a hearing on the matter.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing. Following is my Memorandum Order resolving this dispute.

**DISCUSSION**

Ameritas asks me to find that "what is good for the goose is good for the gander." It references my Memorandum Order at D.I. 134 (public version of D.I. 121) where I ordered

---

[1] BroadRiver is an asset manager and manages an investment fund called Cook Street Master Trust III ("CSMT"). CSMT is the ultimate owner of the Flaks Policy at issue in this case and holds the Flaks Policy in a securities account with Defendant/Counterclaimant Wilmington Savings Fund Society, FSB ("WSFS"), solely in its capacity as Securities Intermediary.

Ameritas to "produce documents that contain factual information" contained in its claim investigation documents that were withheld as privileged, with redactions if needed. I ordered this because I found that investigations of death benefit claims are generally a business function. Ameritas complied with and did not appeal that decision.

Ameritas argues here that BroadRiver's insurable interest investigation was also a business function. Ameritas avers that there is "no meaningful distinction between investigating a policy's insurable interest to determine whether to buy a policy on the investor market and investigating a policy's insurable interest to determine whether to pay a death claim on it." Ameritas Letter Brief at 1-2.

BroadRiver argues that it requested a legal due diligence analysis from its outside counsel regarding the Flaks Policy and the Ocean Gate program.[2] BroadRiver further argues that my D.I. 121 Memorandum Order does not apply to this dispute because its outside counsel did not conduct a factual investigation but only a legal investigation of the Flaks Policy and Ocean Gate program.

I reviewed, *in camera*, all the items that Ameritas has requested from BroadRiver's privilege log. All but two of the items are emails. The remaining two items are standalone documents.

<u>Emails Withheld as Privileged</u>

Most of the emails contain only requests for legal advice and/or counsel's legal advice. There are no facts regarding the Flaks Policy or the Ocean Gate program contained in the emails. The only facts that are contained in a few of the emails are about other policies not at issue in

---

[2] The Ocean Gate program purportedly was created by investors to purchase life insurance policies such as the Flaks Policy.

this case. Both Judge Williams and I have previously noted that "courts within this circuit and elsewhere have routinely found that discovery of other transactions or litigation in the context of litigation involving insurance policies is not properly discoverable because of its tenuous relevance." *See* D.I. 94 Oral Order (citation omitted) and D.I. 127, Memorandum Order (public version at D.I. 135). As such, although there are a few facts included in the emails, they regard policies not at issue in this case that the Court has found "not properly discoverable because of [their] tenuous relevance." D.I. 94. Therefore, I **DENY with prejudice** Ameritas's motion to compel these privileged emails.[3]

        Standalone Documents Withheld as Privileged

The first standalone document withheld as privileged (log entry 115) is described on the privilege log as "Memorandum containing legal advice from counsel regarding the purchase of policies." This memorandum, created by BroadRiver's outside counsel, contains no facts specifically regarding the Flaks Policy or the Ocean Gate program. This document contains legal advice. Any factual information is extremely minimal and would be difficult to provide via redaction. Therefore, I **DENY with prejudice** Ameritas's motion to compel this document.

The second standalone document withheld as privileged (log entry 132) is described on the privilege log as "Document containing legal review from counsel regarding Flaks policy." WSFS has previously referred to this document as a "Review Form." *See* D.I. 86 at 1. And it is indeed a form and contains factual information regarding the Flaks Policy as well as legal analysis based on those facts. Those facts were certainly provided by BroadRiver to their outside counsel and are physically separated from the legal analysis, i.e. not tangled with the legal analysis. A party "may not refuse to disclose any relevant fact within his knowledge merely

---

[3] The emails at issue are at privilege log entries 001-007, 009-018, 021-42, 068-70, 092, and 111.

because he incorporated a statement of such fact into his communication to his attorney." *Upjohn Co. v. U.S.*, 449 U.S. 383, 396 (1981) (citation omitted). Therefore, I **GRANT** Ameritas's motion to compel production of this document. WSFS/BroadRiver may, of course, redact the legal analysis portions of the document.

**CONCLUSION**

As detailed above, Ameritas's Motion to Compel BroadRiver to produce certain documents withheld as privileged (D.I. 203) is **GRANTED IN PART and DENIED IN PART**.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 28th day of February, 2025.

 /s/ Helena C. Rychlicki
Helena C. Rychlicki, Special Master