## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMERITAS LIFE INSURANCE CORP.,  )
                                   )
       *Plaintiff,*           )
                                     )
v.                                     )     C.A. No. 23-236-GBW
                                     )
WILMINGTON SAVINGS FUND       )     ████████████████████
SOCIETY, FSB, SOLELY AS SECURITIES  )
INTERMEDIARY,                  )     **Public Version**
                                     )     **May 1, 2025**
       *Defendants.*        )

## SPECIAL MASTER MEMORANDUM ORDER
## RESOLVING AMERITAS'S MOTIONS TO COMPEL (D.I. 201 & 202)

Ameritas Life Insurance Corp. ("Ameritas") brings these motions against BroadRiver Asset Management L.P. ("BroadRiver") and Cook Street Master Trust III ("CSMT")[1] to compel re-deposition of BroadRiver/CSMT (D.I. 201) and to compel BroadRiver to produce Philip Siller for a deposition (D.I. 202). BroadRiver/CSMT responded, opposing the motion. I held a hearing on the matter.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing. Following is my Memorandum Order.

**DISCUSSION**

Because the parties are well familiar with the facts of this action and these disputes, I will only discuss facts that are pertinent to the disputes.

---

[1] BroadRiver is an asset manager and manages the investment fund CSMT. CSMT is the ultimate owner of the Flaks Policy at issue in this case and holds the Flaks Policy in a securities account with Defendant/Counterclaimant Wilmington Savings Fund Society, FSB ("WSFS"), solely in its capacity as Securities Intermediary.

**D.I. 201**

Ameritas deposed BroadRiver/CSMT's 30(b)(6) designee on May 21, 2024. Ameritas asserts that it is entitled to a redeposition regarding certain Rule 30(B)(6) topics: (1) any fact investigation conducted on the Policy, the Portfolio, or the Ocean Gate Program; (2) BroadRiver's knowledge about the way life insurance policies were originated through the Ocean Gate Program; (3) WSFS's allegation that Ameritas represented the Policy was "valid and in force" through policy correspondence; and (4) the factual bases for WSFS's counterclaims against Ameritas.

Ameritas argues that BroadRiver/CSMT's Rule 30(b)(6) corporate designee ("30(b)(6) deponent")[2] was not adequately prepared, did not give responsive answers to many of Ameritas's questions, and that a re-deposition would not be unduly burdensome or disproportionate.

I have reviewed Mr. Plevin's deposition transcript and disagree with Ameritas's assertion that he was unprepared as a 30(b)(6) deponent. For example, Mr. Plevin testified about the work that BroadRiver's non-legal team performed regarding the purchase of the Flaks Policy and the portfolio of which it was a part, confirmed BroadRiver received the transaction documents Ameritas contends relate to the insurable interest claim, and answered questions regarding the non-privileged facts relating to those documents and Ameritas's allegations. Further, Mr. Plevin testified to facts concerning BroadRiver's claim to a return of premiums paid on the Flaks Policy in the event it was found to be void and BroadRiver's allegations that Ameritas represented that the Flaks Policy was valid and in force. The only questions Mr. Plevin did not answer were those

---

[2] Andrew Plevin, a Co-CEO of BroadRiver was designated as the 30(b)(6) deponent and was also deposed in his personal capacity.

that sought attorney-client privileged communications and his counsel instructed him not to answer.

I find that Mr. Plevin, as BroadRiver's 30(b)(6) deponent, was well prepared and answered all of Ameritas's questions, except those he was instructed not to answer based on attorney-client privilege. I also find that Ameritas has not demonstrated that a re-deposition of BroadRiver is warranted. For these reasons, I conclude that a re-deposition of BroadRiver would be unduly burdensome and disproportionate.

Therefore, I **DENY WITH PREJUDICE**, Ameritas's motion to compel a re-deposition of BroadRiver.

### D.I. 202

Ameritas seeks an order compelling the deposition of BroadRiver's Co-CEO Philip Siller. Ameritas asserts that BroadRiver earlier agreed to produce Mr. Siller by providing dates for his deposition. After Ameritas cancelled his deposition in favor of deposing BroadRiver's other Co-CEO, Andrew Plevin, Ameritas later filed a second notice to take the deposition of Mr. Siller.

BroadRiver opposes producing Mr. Siller, arguing that as a Co-CEO he is an apex witness. Ameritas argues that BroadRiver waived the right to argue for apex protection for Mr. Siller by previously agreeing to produce him. But Ameritas cites no authority for this proposition. I agree with BroadRiver that it did not waive the right to assert apex protection for Mr. Siller.

BroadRiver argues that it raised apex protection for opposing a deposition of Mr. Siller after Mr. Plevin's deposition both in his personal capacity and as the Rule 30(b)(6) designee. BroadRiver also argues that Mr. Plevin answered all Ameritas's questions regarding the facts of

this case and asserts that Mr. Siller has limited personal knowledge of any facts relevant to this case.

"Normally, courts will not allow an apex deposition if the high-ranking official does not have first-hand knowledge of relevant information, or if there are others equally well (or better) situated to provide such information." *British Telecomm's PLC v. IAC/Interactivecorp*, 2020 WL 1043974, at *8 (D. Del. Mar. 4, 2020).

BroadRiver states that Mr. Siller was not involved in the acquisition of the Flaks Policy, the policy at issue in this case. In addition, BroadRiver asserts that it was Mr. Plevin who reviewed and approved an Investment Committee memorandum regarding the purchase of the Flaks Policy. This is evidenced by Mr. Plevin's signature on the document.

Ameritas also wants to depose Mr. Siller regarding emails that Mr. Siller authored. Those emails show BroadRiver's reluctance to purchase stranger-originated life insurance ("STOLI") or beneficial interest policies. But it is clear from Mr. Plevin's deposition transcript that he answered all of Ameritas's questions regarding those emails. In addition, the emails are dated many years earlier than the purchase date of the Flaks Policy. Mr. Plevin, during his deposition, also explained BroadRiver's reasons for concluding that it should purchase the Flaks Policy.

I find that Mr. Siller deserves apex protection and that Ameritas has not demonstrated he has first-hand knowledge of relevant information that Mr. Plevin has not already provided.

Therefore, I **DENY WITH PREJUDICE**, Ameritas's motion to compel the deposition of Mr. Siller.

**CONCLUSION**

As detailed above, Ameritas's Motions to Compel a re-deposition of BroadRiver and a deposition of Philip Siller (D.I. 201 and 202) are **DENIED WITH PREJUDICE**.

4

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

Out of an abundance of caution, I will file the Memorandum Order under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 2 p.m. on April 25, 2025.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Memorandum Order.

SO ORDERED this 17th day of April, 2025.


 */s/ Helena C. Rychlicki*_____
Helena C. Rychlicki, Special Master