IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-236-GBW |
| | ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | ) ) ) | |
| | ) | **PUBLIC VERSION** |
| | ) | **MAY 28, 2025** |
| *Defendants*. | ) | |

**SPECIAL MASTER REPORT AND RECOMMENDATION**
**REGARDING DEFENDANT'S MOTION FOR SANCTIONS (D.I. 152)**

Wilmington Savings Fund Society, FSB, Solely as Securities Intermediary ("WSFS")[1] brings this motion for an entry of an order sanctioning Ameritas Life Insurance Corp. ("Ameritas") and ordering Ameritas to pay WSFS's reasonable expenses, including attorneys' fees, incurred in making this motion and WSFS's Motion to Strike Ameritas's Objections.[2] *See* D.I. 152. Ameritas responded, opposing the motion. After the Court granted WSFS's Motion to Strike Ameritas's Objections,[3] I allowed the parties to file a 2-page reply brief and a 2-page sur-reply brief. I then held a hearing on the matter.

I have reviewed and considered the parties' letter briefs and attached exhibits, cited case law, and the parties' arguments made at the hearing.

---

[1] BroadRiver is an asset manager and manages an investment fund called Cook Street Master Trust III ("CSMT"). CSMT is the ultimate owner of the Marvin Flaks policy at issue in this action (the "Policy") and holds the Policy in a securities account with Defendant/Counterclaimant Wilmington Savings Fund Society, FSB, solely in its capacity as Securities Intermediary.
[2] WSFS's Motion to Strike Ameritas's Objections is docketed at D.I. 148.
[3] The Court's Oral Order is docketed at D.I. 166.

**LEGAL STANDARD**

"Civil contempt is a sanction to enforce compliance with a court order or to compensate for losses or damages sustained by noncompliance." *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, 2014 WL 1908286, at *4 (D. Del. Apr. 25, 2014), *adopted*, 2014 WL 2917110 (D. Del. Jun. 25, 2014).

> In order to establish that a party is liable for civil contempt, the moving party must prove three elements: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order. These elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt.

*Sec'y of Labor v. Altor Inc.*, 783 F.App'x 168, 171 (3d Cir. 2019) (cleaned up).

"[T]he moving party is not required to show the violating party willfully violated the court order in order to establish civil contempt and good faith is not a defense to civil contempt." *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, 2018 WL 2414984, at *3 (E.D. Pa. May 29, 2018) (citation and internal quotation omitted).

The Third Circuit has recognized two defenses to a party cited for contempt: an impossibility defense and a substantial compliance defense. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 590 (3d Cir. 2010). "The impossibility defense necessarily requires the defending party to assert a present inability to comply with the relevant court order. It refers to physical impossibility beyond the control of the alleged contemnor." *Id.* (citations and internal quotations omitted). "Substantial compliance evokes a standard somewhat less demanding." *Id.* "In order to avail oneself of the defense, a party must show that it (1) has taken all reasonable steps to comply with the valid court order, and (2) has violated the order in a manner that is merely 'technical' or 'inadvertent.'" *Id.* at 591. "[A] party that substantially complies is physically

2

capable of doing so; it has simply erred in a manner for which it would be inequitable to impose contempt sanctions." *Id.* at 591.

As a Special Master, I may only recommend a contempt sanction against a party. *See* Fed. R. Civ. P. 53(c)(2).

**BACKGROUND**

As the parties are familiar with the facts of this case, I will only include the facts necessary to resolve this dispute. My role in this action began on May 24, 2024, when the Court appointed me as Special Master for discovery disputes. *See* D.I. 107.

The first dispute that I reviewed and resolved was brought by Ameritas to compel WSFS to produce a previously produced document that WSFS clawed back as privileged based on inadvertent disclosure (the "Claw-Back Document"). D.I. 83 (the "Claw-Back Motion").[4] I found that WSFS did not waive privilege as to the Claw-Back Document and denied Ameritas's motion to compel its production (the "Claw-Back Order"). *See* D.I. 133, public version of D.I. 117. Ameritas did not object to the Claw-Back Order.

A subsequent discovery dispute brought by Ameritas moved to compel the production of documents reflecting BroadRiver's insurable interest analysis or investigation arguing that any attorney-client privilege over the documents had been waived. D.I. 114 (the "At-Issue Waiver Motion"). Ameritas argued, *inter alia*, that BroadRiver's 30(b)(6) representative refused to testify about the insurable interest analysis and investigation leading to acquisition of the Policy. One of the exhibits that Ameritas attached to and discussed in its letter brief was the Claw-Back

---

[4] The letter brief and three supporting exhibits (including the Claw-Back Document) were filed under seal on the docket because at that time Judge Williams was resolving discovery disputes.

Document.[5] I found that BroadRiver had not waived attorney-client privilege over documents reflecting BroadRiver's insurable interest analysis or investigation and denied Ameritas's motion (the "At-Issue Waiver Order"). *See* D.I. 132.

Ameritas did timely object to the At-Issue Waiver Order. In its brief to the Court, Ameritas referred to the Claw-Back Document, pointed to that document attached to the Claw-Back Motion, and requested "the Court conduct an *in camera* inspection of this document . . .." *See* D.I. 139.

WSFS moved to strike the discussion of the Claw-Back Document from Ameritas's brief, citing the Claw-Back Order. D.I. 148. The Court, in an oral order, granted WSFS's motion, finding that

> [b]ecause Ameritas did not object to the Claw-Back Order, [] the privileged nature of the [Claw-Back Document] and the claw-back are resolved under Rule 26(b)([5])(B). . . . As such, Ameritas was not permitted to use or discuss the Claw-Back Document in any manner following the Claw-Back Order. Thus, by using and discussing the Claw-Back Document in its August 26 Objections to the Special Master's Order [] Ameritas violated Rule 26 and the Claw-Back Order.

D.I. 166 (Oral Order) (internal quotation marks and citation omitted).[6]

**DISCUSSION**

With its motion here, WSFS moves for civil contempt sanctions against Ameritas for requesting in its objections to the At-Issue Waiver Order that the Court review *in camera* the Claw-Back Document.

---

[5] Only the motion to compel was filed on the docket. By the terms of the Order Appointing Special Master, "related briefing and appendices" were not docketed, only lodged. *See* D.I. 107.

[6] The Court has not yet ruled on Ameritas's objections to the At-Issue Waiver Order filed at D.I. 139.

The pertinent dates at issue in the dispute are presented in the following chart.

| Pertinent Dates Regarding Filings/Events at Issue in This Dispute ||
|---|---|
| **Date** | **Filing or Event** |
| 2024-04-04 | D.I. 83 – Claw-Back Motion Filed |
| 2024-05-02 | Ameritas's Deposition of BroadRiver Pursuant to Fed. R. Civ. P. 30(b)(6) |
| 2024-05-24 | D.I. 107 – Order Appointing Special Master |
| 2024-06-06 | Oral Argument Regarding Claw-Back Motion |
| 2024-06-10 | D.I. 114 – At-Issue Waiver Motion Filed |
| 2024-06-17 | Opposition to At-Issue Waiver Motion Served |
| 2024-06-18 | D.I. 117 – Claw-Back Order Resolving Claw-Back Motion Filed |
| 2024-06-19 | Reply in Support of At-Issue Waiver Motion Served |
| 2024-06-21 | Sur-Reply in Support of Opposition to At-Issue Waiver Motion Served |
| 2024-07-03 | Hearing Regarding At-Issue Waiver Motion Held |
| 2024-08-05 | D.I. 132 – At-Issue Waiver Order Resolving At-Issue Waiver Motion Filed |
| 2024-08-24 | D.I. 139 – Objections to At-Issue Waiver Order Filed |
| 2024-09-06 | D.I. 148 – Motion to Strike certain portions of Objections to At-Issue Waiver Order Filed |
| 2024-09-10 | D.I. 152 – Motion for Sanctions |
| 2024-09-23 | D.I. 166 – Oral Order Granting D.I. 148, Motion to Strike |

WSFS argues that the Claw-Back Order was a valid order and that Ameritas was aware of the order. WSFS further argues that the Court has already held that the Claw-Back Order was violated. *See* D.I. 166. Therefore, WSFS asserts that the elements for establishing Ameritas is liable for civil contempt are proved.

Ameritas argues that WSFS "bears a heavy burden" and "must demonstrate that [Ameritas's] conduct unambiguously violated the express terms of [an] Order." *INVISTA*, 2014 WL 1908286, at *7.

Ameritas asserts that Rule 26(b)(5)(B) expressly permits a party, in resolving a claim of privilege, to promptly present the information to the court under seal for a determination of the claim. It further asserts that is what it did regarding both its claw-back challenge and its At-Issue Waiver Motion. Ameritas cites *U.S. Home Corp. v. Settlers Crossing*, 2012 WL 5193835, at *5 (D. Md. Oct. 18, 2012) in support of its assertion. Ameritas misreads the case.

> What Plaintiffs/Counter Defendants fail to acknowledge, however, is that the June 6, 2011, brief that iStar filed was part of the motions practice that resulted in the Original Order. In other words, iStar discussed the contested documents only to resolve the question of privilege itself. It would be wholly illogical to read Rule 26(b)(5)(B) as prohibiting the use of documents "subject to a claim of privilege" when resolving that very claim of privilege.

*Id.*

In *U.S. Home Corp.*, the "Original Order" resolved Plaintiffs' motion "for enforcement of stipulated order regarding inadvertent disclosure of privileged material." *Id.* at *1-2. There is no mention that a clawed-back document can be used for any other purpose, including a claim of at-issue waiver, before resolution of whether the clawed-back document's status is privileged. *See In re Google RTB Consumer Priv. Litig.*, 2022 WL 1316586, at *3 (N.D. Cal. May 3, 2022) ("Nothing in Rule 26(b)(5)(B) suggests that, having returned, destroyed, or sequestered the

6

document, the receiving party may nevertheless examine its contents and discuss those contents in briefing before a court.").

Ameritas further argues that both parties discussed the Claw-Back Document in briefing regarding the At-Issue Waiver Motion. Ameritas alleges that because WSFS did not raise an objection at that time, it waives its right to sanctions now. But although Ameritas attached the Claw-Back Document to its letter brief, it only described one aspect of the Claw-Back Document in one sentence of its four-page letter brief in support of its At-Issue Waiver Motion. WSFS provided only one sentence in its opposition brief refuting Ameritas's argument regarding the importance of the Claw-Back Document. Neither party discussed or referred to the Claw-Back Document in the reply or sur-reply and it was not discussed at the hearing regarding the At-Issue Waiver Motion. Significantly, the Claw-Back Order was filed after the initial briefing regarding the At-Issue Waiver Motion but before the reply, sur-reply, and hearing.

Finally, Ameritas argues that although it was aware of the Claw-Back Order, nothing in the Claw-Back Order specifically ordered that it could not ask the Court to review *in camera* the Claw-Back Document when appealing the At-Issue Waiver Order.

Indeed, Ameritas's counsel stated as much in an email to WSFS after WSFS requested that Ameritas remove all references to the Claw-Back Document and refile its objections to the At-Issue Waiver Order:

> There has not been any violation. We destroyed the [Claw-Back] Document when we were ordered to, and not having a copy of it, we did not attach it as an exhibit to our objections either. Instead, our objections explain to Judge Williams that the document was successfully clawed back for privilege and ask him to review the document, which has long existed on his docket under seal, *in camera*. There is nothing improper with asking a judge to review an allegedly privileged document in camera.

*See* WSFS's Opening Letter Brief, Ex. 8.

Unfortunately for Ameritas, it is the timing of its request for *in camera* review that is its downfall. Ameritas did not request the Court's review of the Claw-Back Document until after the prescribed time for objecting to the Claw-Back Order. *See* D.I. 107 at ¶ 6. When Ameritas requested review of the Claw-Back Document by the Court in its objections to the At-Issue Waiver Order, it was no longer "an allegedly privileged document." Its privileged status was settled. Counsel for Ameritas even had a discussion regarding whether they should object to the Claw-Back Order on the day any objections were due. They made the strategic decision only to object to the At-Issue Waiver Order. *See* October 22, 2024 Special Master Hearing Transcript at 50:16-51:6. Ameritas's request for the Court's *in camera* review was an unambiguous violation of the express terms of the Claw-Back Order. *INVISTA*, 2014 WL 1908286, at *7.

Therefore, I find that the Claw-Back Order was a valid order and that Ameritas was aware of the order. In addition, I agree with Judge Williams that Ameritas violated the Claw-Back Order. I further find that the elements of civil contempt have been proved by clear and convincing evidence. I also find that Ameritas did not take reasonable steps to comply with the Claw-Back Order by requesting that the Court review the Claw-Back Document in Ameritas's objections to the At-Issue Waiver Order, and its violation of the order was not merely technical or inadvertent. Finally, I find that sanctions for civil contempt are warranted.

**CONCLUSION**

As detailed and supported above, I recommend that the Court **GRANT** WSFS's Motion for Discovery Sanctions (D.I. 152). In addition, I recommend that the Court impose sanctions on Ameritas to pay WSFS's reasonable expenses, including attorneys' fees and WSFS's portion of my Special Master fees related to the resolution of this motion. I also recommend that the Court

order Ameritas to pay WSFS's reasonable expenses, including attorneys' fees incurred in making its Motion to Strike (D.I. 148).

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them.

Out of an abundance of caution, I will file the Report and Recommendation under seal. The parties are ordered to confer regarding any proposed redactions. The proposed redactions and correspondence explaining why the redactions are necessary must be sent to me by 5 p.m. on Monday, May 26, 2025.

The parties are referred to D.I. 107 regarding procedures for any appeal of this Report and Recommendation.

May 19, 2025.

                                      */s/ Helena C. Rychlicki*
                                      Helena C. Rychlicki, Special Master