IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, <br><br> Defendant. | Civil Action No. 23-236-GBW |

## MEMORANDUM ORDER

On August 30, 2024, Wilmington Savings Fund Society, FSB ("Wilmington Savings") moved to compel Ameritas Life Insurance Corp. ("Ameritas") to produce documents responsive to *inter alia* Wilmington Savings' Requests for Production ("RFP") Nos. 39 and 87. D.I. 141. These RFPs sought "documents related to the actual and projected financial performance of the targeted group [of insurance policies], including the [policy at issue]." *See* D.I. 193 at 6. On October 4, 2024, Special Master Helena C. Rychlicki ("Special Master") entered an Order denying Wilmington Savings' motion to compel ("Order"). D.I. 174. On October 25, 2024, Wilmington Savings filed its Objections to the Special Master's October 4, 2024 Order (D.I. 174) ("Objections"). D.I. 193. Specifically, Wilmington Savings narrowly requests that the Court "overrule the Special Master's decision specifically as to RFPs 39 and 87 only, and order Ameritas to produce its monthly mortality reports for the 2015-2022 period." D.I. 193 at 10.

However, Ameritas already produced the mortality report concerning the insurance policy at issue, the remaining mortality reports concern "other policies or groups of policies" than the policy at issue, and it appears that Wilmington Savings has "consistently objected" to the

production of, and, in fact, withheld from production, documents concerning other policies in BroadRiver Asset Management L.P.'s portfolio. *See* D.I. 197 at 7-8; *see also* D.I. 194, Ex. 9; D.I. 194, Ex. 17.

To ensure equitable treatment between the parties, the Court will exercise its discretion to overrule Wilmington Savings' Objections to the Special Master's October 4, 2024 Order (D.I. 174) (D.I. 193). "After all, in the law, what is sauce for the goose is normally sauce for the gander." *See RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 349 (2016) (citation omitted). This conclusion is also consistent with the Court's previous Oral Order explaining that documents concerning "other transactions . . . in the context of litigation involving insurance policies is not properly discoverable because of its tenuous relevance." D.I. 94 (citation omitted).[1]

\* \* \*

WHEREFORE, at Wilmington this 30th day of October 2025, **IT IS HEREBY ORDERED** that Wilmington Savings' Objections to the Special Master's October 4, 2024 Order (D.I. 174) (D.I. 193) are **OVERRULED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] This Memorandum Order is written for the benefit of the parties and assumes their familiarity with this action and the disputes that are the subject of this Memorandum Order.