IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, <br><br> Defendant. | Civil Action No. 23-236-GBW |

## MEMORANDUM ORDER

At Wilmington this 30th day of October 2025, upon consideration of Defendant Wilmington Savings Fund Society's[1] ("WSFS") Motion to Maintain Under Seal and Redact Certain Documents Filed with Plaintiff's Motions for Summary Judgment (D.I. 305) and Plaintiff Ameritas Life Insurance Corporation's ("Ameritas") Motion in Opposition to Defendant's Motion to Maintain Under Seal the Summary Judgment Record (D.I. 314), the Court notes the following:

1.  The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's

---

[1] WSFS acts solely in its ministerial capacity as a securities intermediary for an entitlement holder, Cook Street Master III ("CSMT"), and does not act in its individual capacity. CSMT is an investment fund managed by BroadRiver Asset Management L.P. ("BroadRiver").

adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect <u>and</u> that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

2. A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same). "[A] well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indust. Corp.*, 529 F.Supp. 866, 890 (E.D. Pa. 1984)).

3. WSFS seeks to seal and redact portions of the Declaration of Brian D. Burack in support of Ameritas's Motions for Summary Judgment. (D.I. 221). Specifically, WSFS seeks to seal and redact Exhibits 32, 35, 36, 43, 44, 49, 57, 63 and 64. The Court will address each exhibit in turn below:

> A. Exhibit 32 [September 26, 2011 e-mail]: The Court finds that WSFS has not satisfied its burden to warrant the e-mail to be sealed in its entirety. The e-mail mainly appears to provide an analysis of Delaware judicial decisions that impacted WSFS's business. WSFS contends that disclosure would harm its competitive standing. However, this broad allegation fails to explain specifically how the disclosure of the e-mail would cause "a clearly defined and

serious injury" to WSFS. *Avandia*, 924 F.3d at 672. Therefore, WSFS fails to identify specific information that warrants sealing due to a distinct harm that would result from the disclosure. Accordingly, without a specific showing of harm, WSFS's request to seal Exhibit 32 is **DENIED.**

B. Exhibit 35 [May 1, 2013 e-mail and Response to the Request for Information]: The Court finds that WSFS has met its burden. Upon the Court's review, the e-mail attaches the Response to the Request for Information which contains "proprietary analysis regarding the confidential terms of proposed investment, BroadRiver's fund structure and projected financial performance, BroadRiver's risk analysis, and internal policies and procedures". D.I. 305 at 7. WSFS has presented evidence that disclosing this information would cause WSFS to suffer irreparable harm against its competitors. *Id.* at 8. Accordingly, WSFS's request to seal Exhibit 35 is **GRANTED.**

C. Exhibit 36 [December 6, 2013 e-mail]: WSFS has not met its burden. Upon the Court's review, the e-mail contains a link to a folder containing data related to Project Peak 2013. On its face, nothing in this email warrants it to be sealed. Additionally, WSFS has failed to specifically show how disclosure of this e-mail would cause "a clearly defined and serious injury" to WSFS. *Avandia*, 924 F.3d at 672. Accordingly, without a specific showing of harm, WSFS's request to seal Exhibit 36 is **DENIED.**

D. Exhibit 43 [Asset Purchase and Sale Agreement date September 16, 2020]: The Court finds that WSFS has met its burden. WSFS has presented evidence that disclosure of the agreement would give its competitors access to pricing and

terms, thereby comprising future negotiations. *Id.* at 10. However, the Court will not seal the agreement in its entirety and directs WSFS to redact only the relevant confidential pricing and term sections. Accordingly, WSFS's request to seal Exhibit 43 is **GRANTED-IN-PART.**

E. Exhibit 44 [March 24, 2021 e-mail and Life Settlements Primer]: The Court finds that WSFS has not met its burden. Upon the Court's review, the e-mail and attached document contains an inquiry and overview of life settlements. For the same reasons as discussed for Exhibit 36, WSFS's request to seal Exhibit 44 is **DENIED.**

F. Exhibit 49 [Deposition Transcript of Andrew Plevin]:

WSFS's proposed redactions at 24:1 - 45:15 include deposition testimony related to Exhibit 35. As discussed above, WSFS has met its burden for Exhibit 35. Accordingly, the proposed deposition transcript redactions at 24:1 - 45:15 are **GRANTED.**

The proposed redactions, 49:4 - 52:1 and 52:4 - 55:12, consist of deposition testimony related to Exhibit 36. WSFS failed to meet its burden for Exhibit 36, therefore, these proposed redactions are **DENIED.**

The proposed redactions, 81:4 - 85:1 and 270:8 - 279:24, discuss an internal committee memorandum "which contains BroadRiver's highly proprietary analysis of its acquisition of certain assets not publicly disclosed in the market, as it reflects BroadRiver's business methodology, strategy, and pricing concerning life settlements." D.I. 305 at 11. WSFS has presented evidence that disclosing this information would cause WSFS to suffer irreparable harm as to

its competitors. *Id.* at 11-12. Accordingly, these proposed redactions are **GRANTED**.

WSFS's proposed redactions, 250:17 - 260:15 and 263:24 - 269:15, include deposition testimony related to Exhibit 43. As discussed above, WSFS has met its burden for Exhibit 43. Accordingly, the proposed deposition transcript redactions 250:17 - 260:15 and 263:24 - 269:15 are **GRANTED**.

WSFS's proposed redactions at 301:4 - 317:6 include deposition testimony related to Exhibit 32. As discussed above, WSFS has not met its burden for Exhibit 32. Accordingly, these proposed deposition transcript redactions are **DENIED**.

WSFS has provided no basis for its proposed redactions at 332:3-333:5. Therefore, it has failed to meet its burden. Accordingly, the proposed redactions at 332:3-333:5 are **DENIED**.

G. Exhibit 57 [Deposition Transcript of Saheen Mohajer]: WSFS's proposed redactions at 370:15-371:24 include deposition testimony related to Exhibit 36. As discussed above, WSFS has not met its burden for Exhibit 36. Accordingly, the proposed deposition transcript redactions at 370:15-371:24 are **DENIED**.

H. Exhibit 63 [FAQ – Life Settlement Credit Fund I LP Memo]: The Court finds that WSFS has not satisfied its burden to warrant the memorandum to be sealed. The memorandum appears to provide a high-level analysis of a life settlement fund. WSFS contends that disclosure would harm its competitive standing. However, this broad allegation fails to explain specifically how the disclosure of the e-mail would cause "a clearly defined and serious injury" to WSFS.

*Avandia*, 924 F.3d at 672. Therefore, WSFS fails to identify specific information that warrants sealing due to a distinct harm that would result from the disclosure. Accordingly, without a specific showing of harm, WSFS's request to seal Exhibit 63 is **DENIED.**

I. Exhibit 64 [April 5, 2022 e-mail]: The Court finds that WSFS has met its burden. Upon the Court's review, the e-mail contains information regarding "BroadRiver's pricing of insurance policies". D.I. 305 at 13-14. WSFS has presented evidence that disclosing this information would cause WSFS to suffer irreparable harm as to its competitors. *Id*. at 8. Accordingly, WSFS's request to seal Exhibit 64 is **GRANTED.**

J. Motions for Summary Judgments: WSFS asks the Court for redactions to the parties' motions for summary judgment. The Court will grant-in-part and deny-in-part the proposed redactions consistent with the findings above.

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant Wilmington Savings Fund Society's Motion to Maintain Under Seal and Redact Certain Documents filed with Plaintiff's Motions for Summary Judgment (D.I. 305) is **GRANTED-IN-PART and DENIED-IN-PART**. WSFS shall redact or unseal Exhibits 32, 35, 36, 43, 44, 49, 57, 63, and 64 in accordance with the specific rulings above by no later than ten (10) days from the entry of this Order.

                                                  GREGORY B. WILLIAMS
                                             UNITED STATES DISTRICT JUDGE