# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, <br><br> Defendant. | Civil Action No. 23-236-GBW |

Kaan Ekiner, COZEN O'CONNOR, Wilmington, DE; Joseph M. Kelleher, Brian D. Burack, Kara E. Cheever, COZEN O'CONNOR, Philadelphia, PA.

*Counsel for Plaintiff / Counterclaim-Defendant*

Steven L. Caponi, Matthew B. Goeller, K&L GATES LLP, Wilmington, DE; Khai LeQuang, Aaron M. Rubin, Richard W. Krebs, Joseph Jung, ORRICK, HERRINGTON & SUTCLIFFE LLP, Irvine, CA.

*Counsel for Defendant / Counterclaim-Plaintiff*

## MEMORANDUM OPINION

November 4, 2025
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court are two motions for summary judgment filed by Plaintiff Ameritas Life Insurance Corporation ("Ameritas"), including Motion for Summary Judgment No. 1. (D.I. 213), which is fully briefed (D.I. 214, D.I. 229, D.I. 244), and Motion for Summary Judgment No. 2 (D.I. 218), which is fully briefed (D.I. 219, D.I. 235, D.I. 247). The Court has reviewed the relevant briefing, accompanying exhibits, and declarations. For the reasons stated below, the Court denies Ameritas's Motions for Summary Judgment.

## I. BACKGROUND

This action arises from a dispute concerning a life insurance policy allegedly procured as part of a stranger-originated life insurance ("STOLI") arrangement. The facts below are undisputed unless otherwise noted.

In March 2007, Marvin Flaks ("Mr. Flaks"), a Nevada resident, applied for a life insurance policy from Ameritas[1] naming his wife, Betty Flaks ("Mrs. Flaks"), as the sole beneficiary. On June 28, 2007, The Marvin Flaks Life Insurance Trust (the "Flaks Trust") was established in Delaware, listing Mrs. Flaks as the beneficiary, and Brian A. Sullivan, a Delaware attorney, as trustee. Sometime after the creation of the Flaks Trust, a second application, listing the Flaks Trust as the owner and beneficiary, was submitted to Ameritas.

Sometime in 2007[2], Ameritas issued a $3 million life insurance policy (the "Policy"), insuring the life of Mr. Flaks through the Flaks Trust. On July 23, 2007, Marvin and Betty Flaks

---

[1] Ameritas is the successor in interest to Union Central Life Insurance Company.

[2] The parties dispute the precise date on which the Policy was issued and effective, specifically whether issuance occurred following the first or second application, but do not contest that two separate applications were submitted, both relating to the Policy at issue.

signed multiple agreements, one of which Mrs. Flaks, as beneficiary to the Flaks Trust, would sell to Ocean Gate[3] the Flaks Trust's beneficial interest in the life of the Policy for $90,000. On August 3, 2007, the initial premium of $200,500 for the Policy was paid from the Flaks Trust's bank account in Delaware to Ameritas.

In September 2009, the trustee of the Flaks Trust was changed to Christiana Bank & Trust Company ("Christiana Bank"). In December 2010, Christiana Bank merged into Defendant Wilmington Savings Fund Society ("WSFS")[4].

According to Ameritas, the Policy was procured for an illegitimate reason: as part of a STOLI scheme designed to transfer the beneficial interest in the Policy to Ocean Gate with no insurable interest in the life of Mr. Flaks. In contrast, WSFS contends that the Policy was validly procured. Following Mr. Flaks's death on November 5, 2022, WSFS submitted a claim for death benefits under the Policy. Ameritas did not pay the death benefit and instead filed suit to have the Policy declared void *ab initio*.

On March 3, 2023, Ameritas filed its complaint against WSFS seeking a declaration that the Policy is void *ab initio* for lack of insurable interest. D.I. 1. On April 13, 2023, WSFS filed counterclaims for breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, and fraud. D.I. 13. Ultimately, WSFS seeks the return of all premiums paid to Ameritas should the Court declare that the Policy is void. *Id.* On February 28, 2025, Ameritas filed its motions for summary judgment. D.I. 213, D.I. 218.

---

[3] Ocean Gate Life Settlement Program, LP ("Ocean Gate") acquires interests in entities owning the right to proceeds of various life insurance policies.

[4] WSFS serves solely in its ministerial capacity as a securities intermediary for its client and entitlement holder, Cook Street Master Trust III ("CSMT," which is an investment fund managed by BroadRiver Asset Management ("BroadRiver"). CSMT is the current owner of the Policy at issue and holds the Policy in a security account with WSFS.

2

## II. LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Id.* "The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case." *Peloton Interactive, Inc. v. iFIT Inc.*, C.A. No. 20-1535-RGA, 2022 WL 1523112, at *1 (D. Del. May 13, 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has

the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

### A. The Court Denies Ameritas's Motion for Summary Judgment No. 1

In the opening brief in support of Ameritas's Motion for Summary Judgment No. 1, Ameritas contends that the Court should grant summary judgment in its favor on the basis of the following four grounds: (1) the Policy violates Delaware's Insurable Interest Statute; (2) Mr. Flaks was financially induced to obtain the Policy; (3) the premium was paid by Ocean Gate and; (4) the Policy could not have served a good faith purpose since the beneficiary from inception was an investor. D.I 214 at 1-2.

In response, WSFS contends that the Policy is valid. First, the Policy was obtained by, applied for, and delivered to Mr. Flaks in Nevada; therefore, the Policy is valid and governed by Nevada law. D.I. 229 at 8. Second, the Policy is valid because Mr. Flaks procured the policy for himself. *Id.* at 12. Third, even if Delaware law did apply, the Policy is still valid because Mr. Flaks was not induced to obtain a policy and there is no evidence that a third party paid the initial premium. *Id.* at 15-19. Lastly, a reasonable juror could find that Mr. Flaks obtained the policy for proper purpose. *Id.* at 19.

#### 1. As the forum state, Delaware law applies.

Before addressing the validity of the Policy, the Court must first address the threshold issue of which state's law governs, Delaware or Nevada. Ameritas contends Delaware law governs because the Policy was issued and delivered to the Flaks Trust in Delaware. D.I. 214 at 15. WSFS contends Nevada's law applies because the Policy was issued and delivered to Mr. Flaks in

4

Nevada. (D.I. 229 at 8). For the reasons set forth below, the Court finds that no conflict exists between the two states and will apply Delaware law as the forum state.

This action was commenced in Delaware; therefore, the Court will apply Delaware's choice of law rules. *See Pennsylvania Emp., Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 466 (D. Del. 2010). "Delaware's choice of law approach entails a two-pronged inquiry. First, [the Court] compares the laws of the competing jurisdictions to determine whether the laws actually conflict on [the] relevant point. If they do, then the Court determines 'which state has the most significant relationship to the claim and to the parties.'" *Est. of Long v. Wilmington Sav. Fund Soc'y, FSB*, No. 25-358, 2025 WL 2337994, at *1 (D. Del. Aug. 13, 2025) (quoting *Pennsylvania Emp., Benefit Tr. Fund*, 710 F. Supp. 2d at 466).

The Court now turns to whether the laws of Delaware and Nevada are in conflict. Delaware requires that a life insurance policy have an insurable interest at the start. *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Tr., ex rel. Christiana Bank & Tr. Co.*, 28 A.3d 1059, 1070-71 (Del. 2011). The beneficiary of the policy must "expect some benefit or advantage" from the continued life of the insured. *Id.* at 1069. Policies that have an insurable interest are valid and can be legally sold on the second market, but those that lack such an interest at inception are void *ab initio*. *Id.* at 1067-70. Policies that lack an insurable interest are known as "stranger originated life insurance policies" ("STOLI") and violate 18 Del. C. § 2704(a). *Id.* at 1073-1074. One exception to the insurable interest requirement, pursuant to 18 Del. C. § 2704(a), is that a person may procure insurance "on his or her own life for the benefit of anyone." *Id.* However, § 2704(a) "prohibits persons other than the insured from procuring . . . insurance, unless the benefits are payable to one holding an insurable interest in the insured's life." *Id.* Therefore, if a third party used the insured

5

as an "instrumentality to procure a policy that, when issued, would otherwise lack an insurable interest," the policy is void. *Id.* at 1074.

Under Nevada law, a person may not "procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under the contract are payable to the person insured or the personal representatives of the person insured, or to a person having, at the time when the contract was made, an insurable interest in the person insured." Nev. Rev. Stat. § 687B.040(1). A trust also may not obtain life insurance upon the life of a person unless each beneficiary of the trust has an insurable interest in the person insured. Nev. Rev. Stat. § 687B.040(2)(a). A party has an insurable interest if they are related closely by blood or law and have a substantial interest engendered by love and affection, or have a lawful and substantial economic interest in having the life, health, or bodily safety of the insured continue. Nev. Rev. Stat. § 687B.040(4). The Supreme Court of Nevada has held that a party who pays the insurance premiums on the life of another has no insurable interest in the life of the insured. *Waldman v. Maini*, 124 Nev. 1121, 1133-34 (2008).

Both Delaware and Nevada regulate life insurance policies within the state and require that such policies be supported by an insurable interest. *Compare* 18 Del. C. § 2704(a) (Delaware's insurable interest statute), *with* Nev. Rev. Stat. § 687B.040(1) (Nevada's insurable interest statute). Both states also recognize that a life insurance policy lacking an insurable interest is void *ab initio*. *Compare Price Dawe*, 28 A.3d at 1068 (holding a life insurance policy lacking an insurable interest void), *with Carton v. B & B Equities Grp., LLC*, 827 F. Supp. 2d 1235, 1243 (D. Nev. 2011) (same). Therefore, the governing law of Delaware or Nevada would produce the same result on the question of whether the policy is valid. Since the laws of both states are materially identical, the Court finds that no true conflict exists. *See Underhill Inv. Corp. v. Fixed Income Discount*

6

*Advisory Co.*, 319 Fed. Appx. 137, 140-41 (3d Cir. 2009) (non-precedential opinion) (applying Delaware choice of law rules and noting that where the laws of the two jurisdictions would produce an identical result, a "false conflict" exists and a court should eschew a conflict analysis); *Pig Imp. Co., Inc. v. Middle States Holding Co.*, 943 F. Supp. 392, 396 (D. Del. 1996) (finding that where the laws of the relevant forums do not conflict, the court need not undergo a choice of law analysis) (citing *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 813 (3d Cir. 1994). The dispute over where the policy was delivered or issued is not material and the results would be the same under Delaware or Nevada law. Therefore, the Court will apply the laws of Delaware. *See KT4 Partners LLC v. Palantir Techs. Inc.*, No. N17C-12-212, 2021 WL 2823567, at *12 (Del. Super. Ct. June 24, 2021) ("The Court can avoid a choice-of-law analysis altogether if the result would be the same under either state's laws. In that situation, Delaware law applies because there can be no conflict between laws that are identical.")

### 2. Delaware's Insurable Interest Statute

Ameritas contends that the Policy should be void because it violates Delaware's insurable interest statute, 18 Del. C. § 2704(a). (D.I. 214 at 10). Under 18 Del. C. § 2704(a):

> [1] Any individual of competent legal capacity may procure or effect an insurance contract upon that individual's own life or body for the benefit of any person, [2] but no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable [i] to the individual insured or [ii] that individual's personal representatives or to a person having, at the time when such contract was made, an insurable interest in the individual insured.

18 Del. C. § 2704(a). In other words, "[a] life insurance policy has an insurable interest if: (1) a person procures insurance on his or her own life for the benefit of anyone; or (2) any person procures insurance on the life of the insured, so long as 'the benefits are payable to one holding an insurable interest in the insured's life.'" *Sun Life Assurance Co. Canada v. U.S. Bank Nat'l Ass'n*,

7

369 F. Supp. 3d 601, 609-10 (D. Del. 2019) (quoting *Price Dawe*, 28 A.3d at 1073-74). An individual has an insurable interest in another with whom he or she has a close relation by blood or law or in whom he or she has a substantial economic interest. *See* 18 Del. C. § 2704(c)(1). "The insurable interest must exist at the time the contract was made, but need not exist during 'the subsequent sale or transfer of a bona fide life insurance policy.'" *Sun Life Assurance Co. Canada*, 369 F. Supp. 3d at 609-10 (quoting *Price Dawe*, 28 A.3d at 1074).

Under Delaware law, courts are required to "scrutinize the circumstances under which the policy was issued." *Price Dawe*, 28 A.3d at 1076. A significant factor is who pays the premiums. *Id.* Premiums paid by the insured constitute "strong evidence" that the transaction is bona fide. *Id.* In contrast, "if a third party funds the premium payments by providing the insured the financial means to purchase the policy, then the insured does not procure or affect the policy." *Id.*

A key limitation that always applies when determining under Delaware law whether a life insurance policy was supported by a necessary insurable interest at the time it was procured is that the insured must take out the policy in good faith, and not as a cover for a wagering contract. *Id.* at 1078. Without such good faith, the transaction does not involve a bona fide insurance policy sale or assignment. *Id.* at 1075 ("An insured's right to take out a policy with the intent to immediately transfer the policy is not unqualified. That right is limited to bona fide sales of that policy taken out in good faith.").

In this case, there is a genuine dispute as to whether the Policy was procured by the insured, Mr. Flaks, or by a third-party investor, Ocean Gate, as a part of STOLI arrangement. Ameritas contends that Mr. Flaks was financially induced to procure the Policy, and the transaction was orchestrated by investors lacking an insurable interest. D.I. 214 at 10-14. WSFS disputes that characterization, arguing that Mr. Flaks initiated the application, signed the forms, created the

Flaks Trust, paid the initial premium, and procured the Policy on his own volition. D.I. 229 at 14-19. A genuine dispute exists as to the steps underlying the Policy's formation and the payment of the initial premium. These are factual disputes that are material to the question of procurement and, therefore, to the core issue of the policy's validity. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Given there are genuine issues of material fact that need to be resolved by the factfinder, summary judgment on Ameritas's Motion for Summary Judgment No. 1 is denied.

### B. The Court Denies Ameritas's Motion for Summary Judgment No. 2

Since the Court denies Ameritas's Motion for Summary Judgment No. 1, the Court also denies Ameritas's Motion for Summary Judgment No. 2 pursuant to the Court's summary judgment ranking procedures. Since the Court denies each of Ameritas's Motions for Summary Judgment on the papers, the Court denies- Ameritas's request for oral argument (D.I. 254) on each of these motions.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Ameritas's Motion for Summary Judgment No. 1. (D.I. 213) and Motion for Summary Judgment No. 2 (D.I. 218). The Court also denies Ameritas's Request for Oral Argument (D.I. 254) as it pertains to Ameritas's Motions for Summary Judgment.

An Order consistent with this Memorandum Opinion will be entered.