IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, <br><br> Defendant. | Civil Action No. 23-236-GBW |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff Ameritas Life Insurance Corp.'s ("Ameritas" or "Plaintiff") Objections to the Special Master's Report and Recommendation Dated May 19, 2025 (D.I. 258), which Defendant Wilmington Savings Fund Society, FSB ("Wilmington Savings" or "Defendant") opposes (D.I. 265). For the reasons below, the Court overrules these objections.

I.  BACKGROUND

On February 26, 2024, Wilmington Savings notified Ameritas that Wilmington Savings had inadvertently produced a privileged document (the "Review Form") to Ameritas and, thus, requested claw-back pursuant to the parties' protective order. *See* D.I. 265 at 2. On April 4, 2024, Ameritas filed a motion contending that Wilmington Savings' disclosure of the Review Form waived privilege over the Review Form (the "First Waiver Motion"). D.I. 83. On June 18, 2024, Special Master Helena C. Rychlicki (the "Special Master") denied Ameritas' First Waiver Motion (the "First Waiver Order"), concluding that the Review Form remained privileged. D.I. 117. Ameritas never objected to the First Waiver Order. *See* D.I. 166.

Meanwhile, on June 10, 2024, Ameritas filed a second motion, this time contending that Wilmington Savings waived privilege over certain communications (which included the Review Form) by putting an issue before this Court which, in order to resolve, required examination of those communications (the "Second Waiver Motion"). D.I. 114. On August 5, 2024, the Special Master denied the Second Waiver Motion (the "Second Waiver Order"). D.I. 132.

On August 26, 2024, Ameritas filed objections to the Second Waiver Order. D.I. 139. However, the objections improperly requested that the Court conduct an in-camera review of the same Review Form that the Special Master had already determined was privileged. D.I. 139. On September 23, 2024, the Court (after the parties had briefed the issue) therefore struck the objections and ordered Ameritas to re-file them without reference to the Review Form. D.I. 166. On September 27, 2024, Ameritas timely refiled its objections, omitting any reference to the Review Form. D.I. 171. On October 29, 2025, the Court sustained the objections, reversed the Special Master's Second Waiver Order, and ordered the production of certain documents. D.I. 333. The Court explained that Wilmington Savings had waived privilege by putting an issue before this Court which, in order to resolve, required an examination of those communications. D.I. 333.

Meanwhile, on September 10, 2024, Wilmington Savings filed a motion alleging contempt of court and requesting sanctions in light of Ameritas' reliance on the Review Form in Ameritas' objections to the Second Waiver Order. D.I 152. On May 19, 2025, the Special Master entered her Report and Recommendation Regarding Defendant's Motion for Sanctions (D.I. 152) ("Report and Recommendation") (D.I. 255), recommending that the Court grant Wilmington Savings' motion. On June 9, 2025, Ameritas filed objections to this Report and Recommendation ("Objections to Sanctions" or "Objections"). D.I. 258. On June 20, 2025, Wilmington Savings opposed. D.I. 265.

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 53(f) specifies the manner in which courts review objections to orders from special masters. Rule 53(f)(3) provides that the Court's standard of review for objections to questions of fact is, unless the Court approves otherwise, *de novo*. Rule 53(f)(4) provides that the Court's standard of review for objections to questions of law is likewise *de novo*. Here, the Court's review is *de novo*.

III. **DISCUSSION**

The parties dispute whether Ameritas' reliance on the Review Form in Ameritas' objections to the Second Waiver Order constitutes contempt of court. It does.

"In order to establish that a party is liable for civil contempt, the moving party must prove three elements: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Sec'y of Labor v. Altor Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019). "The Court has wide discretion in determining sanctions in a civil contempt matter." *Adams v. Carney*, No. 17-181-MPT, 2018 U.S. Dist. LEXIS 86169, at *6 (D. Del. May 23, 2018). "Sanctions for civil contempt serve two purposes: to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience." *Id.*

Here, the First Waiver Order was a valid order of the Court, satisfying the first element of contempt. Ameritas had knowledge of the First Waiver Order, satisfying the second element of contempt. The parties dispute the third element of contempt, i.e., whether Ameritas disobeyed the First Waiver Order by relying on the Review Form in its Second Waiver Objection.

In *Concord Boat Corporation v. Brunswick Corporation*, two privileged documents "were inadvertently disclosed to Plaintiffs." No. LR-C-95-781, 1997 U.S. Dist. LEXIS 24385, at *5 (E.D. Ark. June 9, 1997). "Upon [m]otion by Defendant, the Magistrate Judge ordered the

3

documents to be returned to Defendant." *Id.* "The Magistrate's order expressly forbade use of the documents without further order of the Court." *Id.* "While the appeal of the Magistrate's order was pending, and in apparent contravention of that order, Plaintiffs filed two motions referring to two of the privileged documents and attaching them as exhibits." *Id.* The Court, in deciding a motion for contempt, explained that it failed "to see how Plaintiffs could have viewed the filings as consistent with the Courts' orders" on privilege. *Id.* at *6. The Court, thus, held that the "use of the two privileged documents in the motions was patently violative of the Magistrate's order to not use the documents for any further purposes" and found contempt. *Id.*

Here, as in *Concord*, a privileged document was "inadvertently disclosed to Plaintiff[]." *See id.* at *5. Similar to *Concord* and, upon "[m]otion by Defendant, the [Special Master] ordered the document[] to be" protected by privilege. *See id.* Similar to *Concord*, "and in apparent contravention of that order, Plaintiff[] filed [its Second Waiver Objection] referring to . . . the privileged document[]." *See id.* Like the court in *Concord*, this Court fails "to see how Plaintiff[] could have viewed the filing[] as consistent with the" Special Master's privilege finding. *See id.* at *6. Thus, the "use of the . . . privileged document[] in the [Second Waiver Objection] was patently violative of the [Special Master's] order," thereby satisfying the third element of contempt. *See id.*

Ameritas advances several grounds to contend that relying on the Review Form in its Second Waiver Objection did not violate the First Waiver Order. Each of these grounds, however, are unavailing. *First*, Ameritas relies (D.I. 258 at 6) on the rule that contempt requires that a party "unambiguously" violate an "express term[]" of a court order. *INVISTA N. Am. v. M&G USA*, 2014 WL 1908286, at *7 (D. Del. Apr. 25, 2014) (citation omitted). Ameritas contends, in particular, that the First Waiver Order "did not expressly prohibit Ameritas from asking for in

4

camera review" of the Review Form. D.I. 258 at 7. Ameritas contends further that the First Waiver Order "simply stated" *inter alia* that Wilmington Savings "did not waive privilege as to the Review Form." D.I. 258 at 7; *see* D.I. 117 at 3. However, this precise language from the First Waiver Order is an "express" term confirming the privileged status of the Review Form. That Ameritas subsequently relied on the Review Form is "unambiguously" a violation of privilege and, thus, the First Waiver Order.

*Second*, Ameritas similarly relies on the rule that contempt requires "an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts." D.I. 258 at 6 (quoting *Lichtenstein v. Lichtenstein*, 425 F.2d 1111, 1113 (3d Cir. 1970)). Ameritas contends, in reliance on this rule, that the First Waiver Order "did not expressly prohibit or require Ameritas to do anything." D.I. 258 at 7. Ameritas similarly contends that "a contempt finding simply cannot be predicated on an implied directive." D.I. 258 at 8. However, it is axiomatic that a finding of privilege, unless the court orders otherwise, precludes the use of documents subject to the privilege and Ameritas, as shown in the next two paragraphs, cites no authority to suggest otherwise in the circumstances here.

*Third*, the chief case upon which Ameritas relies, *Lichtenstein v. Lichtenstein*, is a 1970 case from the Third Circuit that is easily distinguishable. For example, the Third Circuit in *Lichtenstein* explained that the alleged contempt "was dependent upon a prospective extra-judicial determination of liability" rather than a judicial determination of liability. *Lichtenstein*, 425 F.2d at 1113. Here, instead, the contempt was dependent on the Court's finding that privilege remained intact.

*Fourth*, Ameritas' reliance (D.I. 258 at 8) on *Harris* fares no better. There, the Third Circuit explained that courts "must be careful not to impose obligations upon the parties beyond

those they have voluntarily assumed" and held that the consent decree at issue contained "no provision . . . requiring" the conduct allegedly unperformed. *Harris v. City of Phila.*, 47 F.3d 1342, 1350 (3d Cir. 1995). Here, the Court's conclusion does not "impose obligations upon the parties beyond" the maintenance of privilege that was required by the First Waiver Order. The Court otherwise need not and does not rely on the cases from outside of this Circuit upon which Ameritas relies. *See, e.g.*, D.I. 258 at 9-11; *see also Wahl Clipper Corp. v. Conair Corp. & Conair LLC*, No. 23-cv-00114-JCG-LDH, 2024 U.S. Dist. LEXIS 23526, at *2 (D. Del. Jan. 16, 2024) (confirming that out-of-circuit cases "are not binding on this Court").

*Fifth*, Ameritas contends that, since it was challenging privilege on two separate grounds in two separate vehicles, it "reasonably believed it was allowed to reference" the Review Form in the second vehicle even *after* the Court had already determined the Review Form was privileged. D.I. 258 at 9. Ameritas' privilege challenge in the second vehicle, however, was not based on any fact or law that would allow Ameritas to rely on an otherwise privileged document. Moreover, the second challenge hinged on whether Wilmington Savings injected an issue into the Court which, in order to resolve, required examination of a privileged communication. Answering that question did not, in any way, require the Court to review the Review Form. Answering that question likewise did not require Ameritas to "docket with the Court" (*see* D.I. 258 at 12) the Review Form. Therefore, Ameritas' belief was not reasonable.

## IV.   CONCLUSION

For the foregoing reasons, the Court overrules Ameritas' Objections to the Special Master's Report and Recommendation Dated May 19, 2025 (D.I. 258). Furthermore, in order "to compensate" Wilmington Savings "for losses sustained by the disobedience" of Ameritas, the Court will order sanctions. *See Adams*, 2018 U.S. Dist. LEXIS 86169, at *6.

WHEREFORE, at Wilmington this fourth day of November 2025, **IT IS HEREBY ORDERED** that:

1. Ameritas' Objections to the Special Master's Report and Recommendation Dated May 19, 2025 (D.I. 258) are **OVERRULED**;

2. The Special Master's Report and Recommendation Regarding Defendant's Motion for Sanctions (D.I. 152) is **AFFIRMED**;

3. Ameritas shall compensate Wilmington Savings for the reasonable expenses, including attorneys' fees, that Wilmington Savings sustained related to resolution of the motion to strike (D.I. 148), the motion for sanctions (D.I. 152), and the Objections to Sanctions (D.I. 258);

4. The parties shall, by no later than ten (10) days of the entry of this Memorandum Order, meet and confer and attempt to agree on the amount of compensation that Ameritas shall pay to Wilmington Savings as ordered above and the payment deadline for such compensation; and

5. The parties shall, by no later than fourteen (14) days of the entry of this Memorandum Order, file a letter with this Court, not to exceed one page, apprising the Court of whether the parties were able to reach agreement on the amount of compensation and the payment deadline for the compensation.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE