IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, <br><br> Defendant. | Civil Action No. 23-236-GBW |

Nathan D. Barillo, COZEN O'CONNOR, Wilmington, DE; Joseph M. Kelleher, Brian D. Burack, COZEN O'CONNOR, Philadelphia, PA.

*Counsel for Plaintiff / Counterclaim-Defendant*

Steven L. Caponi, Matthew B. Goeller, K&L GATES LLP, Wilmington, DE; Khai LeQuang, Aaron M. Rubin, Richard W. Krebs, Joseph Jung, ORRICK, HERRINGTON & SUTCLIFFE LLP, Irvine, CA.

*Counsel for Defendant / Counterclaim-Plaintiff*

**MEMORANDUM OPINION**

November 7, 2025
Wilmington, Delaware

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant Wilmington Savings Fund Society, FSB's ("Wilmington Savings" or "Defendant") *Daubert* Motion to Exclude Testimony of Plaintiff and Counter-Defendant Ameritas Life Insurance Corp.'s Expert Michael L. Vild Under Federal Rule of Evidence 702 ("*Daubert* Motion" or "Motion") (D.I. 292), which has been fully briefed (D.I. 293; D.I. 312; D.I. 317). For the following reasons, the Court grants-in-part and denies-in-part Wilmington Savings' Motion (D.I. 292).

## I.  BACKGROUND

"Since the initial creation of life insurance during the sixteenth century, speculators have sought to use insurance to wager on the lives of strangers." *Columbus Life Ins. Co. v. Wells Fargo Bank, N.A.*, No. 20-833-MN-JLH, 2021 U.S. Dist. LEXIS 5582, at *2 (D. Del. Jan. 12, 2021) (quoting *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Tr., ex rel. Christiana Bank & Tr. Co.*, 28 A.3d 1059, 1069 (Del. 2011) ("*Price Dawe*")). "In response to the practice, the law developed a requirement that a person seeking to take out a life insurance policy on another have some reason to want the insured to remain alive." *Id.* "That concept is now known as the 'insurable interest' requirement." *Id.* The U.S. Supreme Court has explained that, without the insurable interest requirement, the life insurance "contract is a mere wager, by which the party taking the policy is directly interested in the early death of the assured." *Id.* at *2-3 (quoting *Warnock v. Davis*, 104 U.S. 775, 779 (1881)).

Stranger originated life insurance ("STOLI") policies, specifically, "involve speculators collaborating with an individual to obtain a life insurance policy in the name of that individual and then selling some or all of the death benefit payable upon the death of the insured to stranger investors." *Sun Life Assurance Co. Can. v. U.S. Bank Nat'l Ass'n*, 369 F. Supp. 3d 601, 607 n.4

(D. Del. 2019) (cleaned up). "In its seminal decision in *Price Dawe* in 2011, the Delaware Supreme Court held that life insurance policies procured via STOLI schemes violate the Delaware insurable interest requirement." *Columbus Life Ins.*, 2021 U.S. Dist. LEXIS 5582, at *6-7. "The Court further held that STOLI policies [are] void *ab initio* because they violate Delaware's public policy against wagering and, thus, cannot be enforced, no matter what the intentions of the parties." *Id.* (citation omitted)

On March 3, 2023, Plaintiff Ameritas Life Insurance Corp. ("Ameritas" or "Plaintiff") filed its Complaint, requesting that the Court declare that the $3 million policy at issue on the life of Marvin Flaks (the "Policy") constitutes a STOLI policy and, thus, is void for lack of an insurable interest. D.I. 1 ¶¶ 50-60. On June 16, 2025, Ameritas' expert, Michael L. Vild ("Mr. Vild"), served his opening expert report ("Opening Report"). D.I. 312-1, Ex. 1. On July 18, 2025, Mr. Vild served his rebuttal report to the reports of Wilmington Savings' experts ("Rebuttal Report"). D.I. 312-3, Ex. 3. On August 11, 2025, Mr. Vild served his reply report in support of his Opening Report ("Reply Report") (together with his Opening Report and Rebuttal Report, "Expert Reports"). D.I. 312-4, Ex. 4.

On September 5, 2025, Wilmington Savings filed its *Daubert* Motion to exclude Mr. Vild's Expert Reports. D.I. 292. In its opening brief in support of its *Daubert* Motion, Wilmington Savings requests that the Court exclude Mr. Vild's opinions and testimony with respect to four issues: (1) the choice of law inquiry; (2) the insurable interest issue; (3) the reasonableness of Ameritas' investigation conduct; and (4) life insurance investor practices. D.I. 293.

On the first page of his Opening Report, Mr. Vild summarized his qualifications and stated that the "full extent" of his "background and qualifications" could "be found in" his "curriculum vitae." D.I. 312-1, Ex. 1 at 1. Mr. Vild's curriculum vitae has four sections: (A) Employment

Experience, (B) Education, (C) Professional Activities, and (D) Personal Activities. D.I. 312-1, Ex. 1, Ex. A. Below, the Court describes Mr. Vild's representations in each of these sections, along with corresponding testimony from Mr. Vild's deposition where relevant.

### A. Employment Experience

Mr. Vild has employment experience at eight institutions, discussed below.

<u>Cross & Simon, LLC</u>: Since January 2019, Mr. Vild has been a partner at the law firm of Cross & Simons, LLC ("Cross & Simmons"). D.I. 312-1, Ex. 1, Ex. A. His practice at the firm "primarily involves corporate and commercial litigation in state and federal courts in Delaware." D.I. 312-1, Ex. 1, Ex. A. He also advises "company management teams of rights and duties under Delaware General Corporation Law, common law fiduciary duties, insurance regulatory matters including captive insurance and financing transactions." D.I. 312-1, Ex. 1, Ex. A. Captive insurance, according to Mr. Vild, is used to "to diversify [a company's] risk without using traditional insurance" and "is not related to insurable interest issues." 312-2, Ex. 2 at 31:1-23. Mr. Vild also does "family law." D.I. 312-2, Ex. 2 at 28:18. Mr. Vild has no experience from his time at Cross & Simons on insurable interests. D.I. 312-2, Ex. 2 at 28:21–29:3, 31:24–32:3 (confirming that he has not "litigated any cases involving allegations of STOLI" or "involving life insurance" and that his "advisory work" does not "include insurable insurance or STOLI issues").

<u>Delaware Department of Justice</u>: From September 2017 to January 2019, Mr. Vild was the Director of the Fraud and Consumer Protection Division at the Delaware Department of Justice. D.I. 312-1, Ex. 1, Ex. A. Ameritas has not shown that Mr. Vild has any experience from his time at this employer related to STOLI or insurable interests. *See* D.I. 312-1, Ex. 1, Ex. A (Mr. Vild's curriculum vitae); D.I. 312 (Ameritas' opposition brief).

<u>Saratoga Casino and Raceway</u>: From April 2013 to January 2017, Mr. Vild was Assistant General Manager and / or General Counsel for the Saratoga Casino and Raceway. D.I. 312-1, Ex.

4

1, Ex. A. Ameritas has not shown that Mr. Vild has any experience from his time at this employer related to STOLI or insurable interests. *See* D.I. 312-1, Ex. 1, Ex. A (Mr. Vild's curriculum vitae); D.I. 312 (Ameritas' opposition brief).

<u>Delaware Park Racetrack and Casino</u>: From April 2008 to April 2013, Mr. Vild was the Senior Vice President and General Counsel at the Delaware Park Racetrack and Casino. D.I. 312-1, Ex. 1, Ex. A. Ameritas has not shown that Mr. Vild has any experience from his time at this employer related to STOLI or insurable interests. *See* D.I. 312-1, Ex. 1, Ex. A (Mr. Vild's curriculum vitae); D.I. 312 (Ameritas' opposition brief).

<u>Delaware Department of Insurance</u>: From January 2005 to April 2008, Mr. Vild was the Deputy Insurance Commissioner at the Delaware Department of Insurance ("Department"). D.I. 312-1, Ex. 1, Ex. A. In this capacity, Mr. Vild oversaw all functions of the Department, "including legislative matters, consumer protection, financial solvency regulation, receivership and liquidation, market regulation and fraud investigations." D.I. 312-1, Ex. 1, Ex. A. When asked to describe the work he performed at the Department that related to STOLI and insurable interests, Mr. Vild responded that he was the "state representative at all of the quarterly" meetings of the National Association of Insurance Commissioners and that "issues of viatical settlement Stranger-Originated Life Insurance" were "frequent topics" at those meetings. D.I. 312-2, Ex. 2 at 36:4-22. Mr. Vild also "recall[ed]" that "the insurance regulators that reported to" him "worked on" insurable interest and STOLI. D.I. 312-2, Ex. 2 at 37:5-12. Mr. Vild also stated that he was "involved in discussions about regulations or potential regulations . . . regarding STOLI." D.I. 312-2, Ex. 2 at 38:1-5. Mr. Vild did not recall "any regulations regarding STOLI" that were passed while he was at the Department. D.I. 312-2, Ex. 2 at 38:6-9. Mr. Vild also said that the Department was considering whether to take "regulatory or other action" regarding STOLI and insurable

5

interests. D.I. 312-2, Ex. 2 at 38:18–39:8. This amounts to all that Mr. Vild "recall[ed] about work that [he] did regarding STOLI or insurable interest, while [he was] at the [D]epartment." D.I. 312-2, Ex. 2 at 39:16-21.

The Bayard Firm, P.A.: From July 1996 to December 2004, Mr. Vild was a Partner / Director at The Bayard Firm, P.A. D.I. 312-1, Ex. 1, Ex. A. Ameritas has not shown that Mr. Vild has any experience from his time at this employer related to STOLI or insurable interests. *See* D.I. 312-1, Ex. 1, Ex. A (Mr. Vild's curriculum vitae); D.I. 312 (Ameritas' opposition brief).

Morris, Nichols, Arsht & Tunnell: From September 1992 to July 1996, Mr. Vild was an associate at the law firm of Morris, Nichols, Arsht & Tunnell. D.I. 312-1, Ex. 1, Ex. A. Ameritas has not shown that Mr. Vild has any experience from his time at this employer related to STOLI or insurable interests. *See* D.I. 312-1, Ex. 1, Ex. A (Mr. Vild's curriculum vitae); D.I. 312 (Ameritas' opposition brief).

United States Court of Appeals for the Third Circuit: From July 1991 to August 1992, Mr. Vild was a law clerk at the Third Circuit. D.I. 312-1, Ex. 1, Ex. A. Ameritas has not shown that Mr. Vild has any experience from his time at this employer related to STOLI or insurable interests. *See* D.I. 312-1, Ex. 1, Ex. A (Mr. Vild's curriculum vitae); D.I. 312 (Ameritas' opposition brief).

### B. Education

Mr. Vild obtained his Juris Doctor from Notre Dame Law School in 1991 and his Bachelor of Music from Ohio State University in 1988. D.I. 312-1, Ex. 1, Ex. A. Mr. Vild also attended Brown University for some time. D.I. 312-1, Ex. 1, Ex. A.

### C. Professional Activities

Aside from his bar memberships, Mr. Vild served as "board member of captive insurance companies in the SCOR family of companies; . . . as member of the Board of Directors of Scottish

Re (U.S.) and related life reinsurance entities and as Delaware resident director of several small captive insurance companies." D.I. 312-1, Ex. 1, Ex. A.

### D. Personal Activities

Mr. Vild is a member and musical performer in the attorney organization Profundo Bono, a choir member of the Christ Church Christiana Hundred, the Former Treasurer and Member of Board of Directors of Opera Saratoga, and a thoroughbred horse racing owner. D.I. 312-1, Ex. 1, Ex. A.

## II. LEGAL STANDARD

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the U.S. Supreme Court held that Federal Rule of Evidence 702 creates "a gatekeeping role for the [trial] judge" in order to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Third Circuit has explained that "Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). "Qualification refers to the requirement that the witness possess specialized expertise." *Id.* The Third Circuit has "interpreted this requirement liberally, holding that a broad range of knowledge, skills, and training qualify an expert." *Id.* (cleaned up). As to

reliability, the testimony "must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his o[r] her belief." *Id.* "Finally, Rule 702 requires that the expert testimony . . . must be relevant for the purposes of the case and must assist the trier of fact." *Id.*

Rule 702 "has a liberal policy of admissibility," *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (citation omitted); *see also United States v. Scripps*, 599 F. App'x 443, 447 (3d Cir. 2015) (same), as "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court," *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *see Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 83 (3d Cir. 2017) (quoting *Daubert*, 509 U.S. at 596). "The party offering the expert testimony has the burden of proving admissibility." *Pell v. E.I. Dupont De Nemours & Co.*, 231 F.R.D. 186, 192 (D. Del. 2005).

### III. DISCUSSION

As described above, Wilmington Savings requests that the Court exclude Mr. Vild's opinions and testimony with respect to four issues: (1) the choice of law inquiry; (2) the insurable interest issue; (3) the reasonableness of Ameritas' investigation conduct; and (4) life insurance investor practices. D.I. 293. The Court addresses each issue in turn.

#### A. The Court Excludes-in-Part and Does Not Exclude-in-Part Mr. Vild's Opinions and Testimony Concerning the Choice-of-Law Analysis

Wilmington Savings contends that the Court should exclude Mr. Vild's opinions and testimony concerning the choice-of-law analysis because, according to Wilmington Savings, Mr.

Vild is not qualified to opine on this issue and, separately, because his opinions and testimony are not helpful. The Court addresses each in turn.

*First*, while Mr. Vild cannot testify on the ultimate answer to the choice-of-law analysis, Mr. Vild is qualified to opine and testify, as the former Deputy Insurance Commissioner of the Delaware Department of Insurance, on whether Delaware has an interest in its insurance law being applied to the insurance policy at issue in this action. Likewise, as the former Deputy Insurance Commissioner of the Delaware Department of Insurance, Mr. Vild is qualified to opine and testify on how the need to regulate STOLI arose and STOLI principles generally. Indeed, the "Third Circuit has eschewed imposing overly rigorous requirements of expertise and has been satisfied with more generalized qualifications." *Del. State Univ. v. Thomas Co.*, No. 15-1144-LPS-MPT, 2020 U.S. Dist. LEXIS 216808, at *21 (D. Del. Nov. 19, 2020) (cleaned up). "It is not necessary that the expert have expertise in the precise [subject matter] at issue, and an expert should not be excluded simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." *Id.* (cleaned up).

*Second*, Mr. Vild's opinions and testimony on these topics would be helpful because this action and Delaware's interest in its law being applied to the insurance policy in this action involves complex issues of insurance, including as they relate to STOLI, that can be simplified or clarified by an expert with relevant experience in insurance, such as Mr. Vild. To the extent that Wilmington Savings wishes to challenge the credibility or logic of Mr. Vild's opinions and testimony, it can do so through cross-examination during trial. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Thus, the court excludes-in-part and does not exclude-in-part Mr. Vild's opinions and testimony concerning the choice-of-law analysis.

### B. The Court Excludes Mr. Vild's Opinions and Testimony Concerning STOLI and Insurable Interests

Wilmington Savings contends that the Court should exclude Mr. Vild's opinions and testimony concerning STOLI and insurable interests because, according to Wilmington Savings, Mr. Vild is not qualified to opine on these issues and, separately, because his opinions and testimony are not helpful. The Court addresses each in turn.

*First*, Mr. Vild, as an expert witness, cannot testify on the legal conclusion as to whether the insurance policy in this action constitutes STOLI. *See Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-414, 2021 U.S. Dist. LEXIS 61551, at *41 (D. Del. Mar. 31, 2021) ("Expert witnesses are prohibited from rendering a legal opinion because it would usurp the District Court's pivotal role in explaining the law to the jury." (cleaned up)). However, as described in the previous Section, Mr. Vild is qualified to opine and testify, as the former Deputy Insurance Commissioner of the Delaware Department of Insurance, on how the need to regulate STOLI arose and STOLI principles generally. Indeed, the "Third Circuit has eschewed imposing overly rigorous requirements of expertise and has been satisfied with more generalized qualifications." *Del. State Univ.*, 2020 U.S. Dist. LEXIS 216808, at *21 (cleaned up). *Second*, as described in the previous Section, Mr. Vild's opinions and testimony on these topics would be helpful because this action involves complex issues of insurance, including as they relate to STOLI, that can be simplified or clarified by an expert with relevant experience in insurance, such as Mr. Vild. To the extent that Wilmington Savings wishes to challenge the basis of Mr. Vild's admissible opinions and

testimony, it can do so through cross-examination during trial. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

The Court acknowledges that much of Mr. Vild's experience does not concern insurance or even STOLI specifically and that Mr. Vild has many years of experience and expertise in other subjects from his time at various institutions (for example, his nine years of in-house counsel experience from two different casinos). However, that a person has expertise deriving from many years of experience in a particular subject does not foreclose that person from also being qualified in another subject and, thus, able to provide helpful testimony on that subject.

Thus, the court excludes-in-part and does not exclude-in-part Mr. Vild's opinions and testimony concerning STOLI and insurable interests.

### C. The Court Excludes the Opinion and Testimony of Mr. Vild Concerning the Reasonableness of Ameritas' Conduct

Wilmington Savings contends that "Mr. Vild is not qualified to opine on whether Ameritas acted reasonably." D.I. 293 at 14. Wilmington Savings provides several grounds in support of this contention, including, but not limited to, that "Mr. Vild has admitted he is 'not a claims administration expert.'" D.I. 293 at 15 (citation omitted). In response, Ameritas says "So what?" D.I. 312 at 16. Then, Ameritas merely contends that Mr. "Vild offers opinions grounded in decades of regulatory and advisory experience evaluating insurer conduct under comparable conditions" and that courts "regularly admit such testimony from experts with regulatory or legal backgrounds." D.I. 312 at 16. However, even if courts regularly admit such testimony, the Court is unable to discern the purportedly "comparable conditions" that have purportedly informed Mr.

11

Vild's experience since Ameritas fails to cite anything in the record to evince as much. *See* D.I. 312 at 16.

In the previous Sections, the Court determined that Mr. Vild was able to opine and testify on whether Delaware has an interest in its law being applied to the insurance policy at issue in this action, how the need to regulate STOLI arose, and STOLI principles generally. As the former Deputy Insurance Commissioner of the Delaware Department of Insurance, Mr. Vild has direct and substantial experience on these insurance issues from the enforcement and regulatory perspective, thereby qualifying him and rendering his testimony helpful. Here, however, Ameritas has failed to demonstrate that Mr. Vild has any relevant experience on the process by which insurers complete their investigations, including with respect to STOLI and insurable interests. For example, Mr. Vild never worked at an insurer and, in his private practice experience, he never litigated or provided any counsel on STOLI issues. *See, e.g.*, D.I. 312-2, Ex. 2 at 28:21–29:3, 31:24–32:3 (confirming that at Cross & Simmons he has not "litigated any cases involving allegations of STOLI" or "involving life insurance" and that his "advisory work" does not "include insurable insurance or STOLI issues").

For the above reasons, the Court excludes Mr. Vild's opinion and testimony concerning whether Ameritas acted reasonably in its investigation.

### D. The Court Excludes the Opinion and Testimony of Mr. Vild Concerning Life Insurance Investor Practices

In his Rebuttal Report, Mr. Vild opines on several investor practices, including whether (1) it is "the industry practice for investors to rely upon the underwriting and diligence performed by insurance companies," (2) it is reasonable for investors to rely on letters from legal counsel concerning whether an insurance policy is "valid under the insurable interest laws of various

states," and (3) "investors reasonably expect that an insurer will disclose a suspicion that a policy is potential STOLI." D.I. 312-3, Ex. 3 at 13-17 (cleaned up).

Wilmington Savings contends that "Mr. Vild is not qualified to opine on [these] life insurance investor practices." D.I. 293 at 17. Wilmington Savings provides several grounds in support of this contention, including, but not limited to, that Mr. Vild "has no experience working for an investor or participating in a transaction to buy or sell life insurance in the secondary or tertiary markets." D.I. 293 at 18. In response, Ameritas fails to cite anything in the record evincing the purported qualifications of Mr. Vild to opine on life insurance investor practices. *See* D.I. 312 at 20-21. Instead, Ameritas resorts to, for example, generically contending that what "STOLI investors . . . customarily do is wrong" and attempting to explain the Delaware Supreme Court's decision in *Geronta Funding v. Brighthouse*, 284 A.3d 47, 72 (2022). D.I. 312 at 20. However, generic contentions about industry custom and attempted explanations of legal precedent are irrelevant to the question of Mr. Vild's qualifications to opine on life insurance investor practices. For these reasons, the Court finds that Ameritas has failed to show that Mr. Vild has any experience as an insurance investor, working for or regulating an insurance investor, participating in a transaction to buy or sell life insurance in the secondary or tertiary markets, or otherwise is qualified to opine on life insurance investor practices. Thus, the Court excludes Mr. Vild's opinion and testimony concerning life insurance investor practices.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants-in-part and denies-in-part Defendant's *Daubert* Motion to Exclude Testimony of Plaintiff and Counter-Defendant Ameritas Life

Insurance Corp.'s Expert Michael L. Vild Under Federal Rule of Evidence 702 (D.I. 292).[1] An Order consistent with this Memorandum Opinion will be entered.

---

[1] In lights of the Court's holdings, the Court does not address every argument set forth in Wilmington Savings' *Daubert* Motion.