IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, <br><br> Defendant. | Civil Action No. 23-236-GBW |

## MEMORANDUM ORDER

Pending before the Court are the following motions *in limine*:[1]

1. Defendant's Motion *in Limine* No. 1: To Exclude Clifford Chance Memorandum to Highland Capital ("Defendant's MIL No. 1") (D.I. 340-1 at 17279),[2] which has been fully briefed (D.I. 340-1 at 17286; D.I. 340-1 at 17368);

2. Defendant's Motion *in Limine* No. 2: To Exclude Evidence of Ocean Gate's Intention as to Which State Law Governs the Policy ("Defendant's MIL No. 2") (D.I. 340-1 at 17373), which has been fully briefed (D.I. 340-1 at 17456; D.I. 340-1 at 17471); and

3. Defendant's Motion *in Limine* No. 3: To Exclude Evidence Directly Comparing the Ocean Gate Program to LPC ("Defendant's MIL No. 3") (D.I. 340-1 at 17476), which has been fully briefed (D.I. 340-1 at 17482; D.I. 340-1 at 17517).

---

[1] Plaintiff is Ameritas Life Insurance Corp. ("Plaintiff" or "Ameritas"). Defendant is Wilmington Savings Fund Society, FSB ("Defendant" or "Wilmington Savings").

[2] All pin cites herein are to the PageID numbers.

For the following reasons, the Court denies Defendant's MIL No. 1, grants Defendant's MIL No. 2, and grants-in-part and denies-in-part Defendant's MIL No. 3.

I. **LEGAL STANDARDS**

A motion *in limine* is designed to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). Motions *in limine* allow the court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "A motion in limine is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'" *Evolved Wireless, LLC v. Apple Inc.*, No. 15-cv-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019) (citation omitted).

Rule 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 802 provides: "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Hearsay "means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

## II.     DISCUSSION

The Court discusses each of Defendant's motions *in limine* below.

### A.     The Court Denies Defendant's MIL No. 1

Defendant asserts that, on "or about July 23, 2007, Ocean Gate Life Settlement Program, LP ('Ocean Gate') purchased the beneficial interest in the Trust that owned the Flaks policy ('Policy')." *See* D.I. 340-1 at 17279. Defendant also asserts that, years "later, the" California Public Employees' Retirement System ("CalPERS"), "one of Ocean Gate's investors, acquired Ocean Gate's policies and hired" Highland Capital ("Highland") "to manage the assets." *See* D.I. 340-1 at 17279-80. Clifford Chance LLP ("Clifford Chance") reviewed four of the 310 insurance policies that were transferred from a Delaware holding trust to Ocean Gate, none of which was the specific Policy at issue in this action, and prepared a memorandum ("Memorandum") for Highland which identified that the transfer "might prompt a carrier to contest policies based on insurable interest." *See* D.I. 340-1 at 17280.

Defendant requests the Court to exclude this Memorandum under Federal Rules of Evidence 401, 402, 403, 801, and 802, contending that the Memorandum is (1) not relevant, (2) unfairly prejudicial, and (3) hearsay. The Court addresses each in turn.

*First*, the Memorandum is relevant. On April 13, 2023, Wilmington Savings filed a counterclaim in this action for unjust enrichment requesting, should the Court declare that the Policy is void, a return of all premiums paid to Ameritas. D.I. 13 ¶ 91. Whether Wilmington Savings may obtain the return of all premiums paid to Ameritas depends on *inter alia* whether Wilmington Savings "is excusably ignorant" of whether the Policy has an insurable interest. *Geronta Funding v. Brighthouse Life Insurance Co.*, 284 A.3d 47, 73 (Del. 2022). The Memorandum, which Wilmington Savings concedes identifies that the transfer of the insurance policies "might prompt a carrier to contest policies based on insurable interest" (*see* D.I. 340-1 at

3

17280) is probative of Wilmington Savings not being excusably ignorant of whether the Policy has an insurable interest for at least two reasons. First, the Memorandum is probative because Wilmington Savings or one of the real parties in interest received a similar analysis from the law firm of ArentFox (*see* D.I. 333 at 3) and that analysis, given that the two analyses were done for similar or related purposes, may have contained a similar warning of the insurable interest risk. In addition, the Memorandum is probative because Wilmington Savings is the successor of CalPERS, CalPERS is the entity that hired Highland, Highland received the Memorandum from Clifford Chance, and, therefore, it is conceivable that Wilmington Savings received the Memorandum. Therefore, the Memorandum is probative of Wilmington Savings not being excusably ignorant of whether the Policy has an insurable interest and, thus, is relevant.

*Second*, the probative value of the Memorandum is not substantially outweighed by a danger of unfair prejudice. Wilmington Savings contends that the analysis in the Memorandum, as it pertains to restructuring, "is likely to confuse and mislead the jury into thinking such laws might apply to the Policy when there is no claim under any such laws here." D.I. 340-1 at 17281. However, the probative portion of the Memorandum is not the intricate details of the restructuring, but rather, that the Memorandum "might prompt a carrier to contest policies based on insurable interest." *See* D.I. 340-1 at 17280. Wilmington Savings also contends that, to "the extent Ameritas intends to use the Memorandum to suggest the Policy is void or [Wilmington Savings] or [the holder of the Policy] should have known Ameritas would contest the Policy, this would be misleading and highly prejudicial." D.I. 340-1 at 17281. Wilmington Savings contends, in particular, that introduction of this Memorandum is unfairly prejudicial because there is "no evidence [Wilmington Savings] or [the holder of the Policy] received the Memorandum until this litigation." D.I. 340-1 at 17281. However, as described above, that the Memorandum identifies

that the transfer "might prompt a carrier to contest policies based on insurable interest" is probative of the fact that Wilmington Savings or one of the real parties in interest received a similar warning from ArentFox. In addition, it is conceivable that Wilmington Savings, as the successor to CalPERS, received the Memorandum. While the Court appreciates that the probative value of the Memorandum is, arguably, tenuous, the probative value is not substantially outweighed by a danger of unfair prejudice. Rather, the probative value of the Memorandum is an issue of weight, not admissibility. *See Hologic, Inc. v. Minerva Surgical, Inc.*, No. 1:15-cv-1031, 2018 U.S. Dist. LEXIS 113051, at *3-4 (D. Del. July 6, 2018) ("To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.").

*Third*, the Memorandum is not hearsay because it is not offered "to prove the truth of the matter asserted in the" Memorandum. Fed. R. Evid. 801(c). Instead, the Memorandum is offered to prove the knowledge of Wilmington Savings or the real party in interest. *See United States v. Watkins*, 591 F.3d 780, 786 (5th Cir. 2009) (recognizing that using "an out-of-court utterance as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted, does not offend the hearsay rule").

For the foregoing reasons, the Court denies Defendant's MIL No. 1.

### B. The Court Grants Defendant's MIL No. 2

Defendant's MIL No. 2 requests exclusion of evidence that Ocean Gate "intended for Delaware law to govern policies it acquired." D.I. 340-1 at 17373. Defendant contends that Ocean Gate's intent for Delaware law to govern the insurance policies is irrelevant to the choice-of-law analysis and, therefore, would be misleading and confusing to a jury. D.I. 340-1 at 17373. Ameritas concedes that such evidence of Ocean Gate's intent is unnecessary if the Court decides "the choice-of-law question in connection with the summary judgment motions." D.I. 340-1 at

17457. On November 4, 2025, the Court resolved the choice of law question in connection with the summary judgment motions, concluding that Delaware law applies. D.I. 336 at 7. Thus, the Court grants Defendant's MIL No. 2.

C.   **The Court Grants-in-Part and Denies-in-Part Defendant's MIL No. 3**

On January 12, 2022, a Delaware state court found that the life insurance policies at issue in that action were void *inter alia* because "the insureds were induced to procure the [insurance policies at issue in that action] by investors," including Life Product Clearing ("LPC"). *Sun Life Assurance Co. of Canada v. Wilmington Tr., Nat'l Ass'n*, No. CVN17C08331MMJCCLD, 2022 WL 179008, at *14 (Del. Super. Ct. Jan. 12, 2022), *aff'd in part, rev'd in part and remanded*, 294 A.3d 1062 (Del. 2023), *as revised* (Mar. 21, 2023). Ameritas contends that it relied on this opinion "during claim investigation in this case." D.I. 340-1 at 17484-85. Now, Wilmington Savings requests the Court to exclude "evidence" comparing Ocean Gate to LPC under Federal Rules of Evidence 401, 402 and 403. D.I. 340-1 at 17476.

However, this evidence is relevant to Wilmington Savings' claims for bad faith, fraud, and unjust enrichment. For example, Ameritas' comparison of Ocean Gate, from this action, to LPC, from the *Sun Life* decision (in which the Court held the policy to be void), is relevant to show that "Ameritas had a good faith basis to conclude, after receiving the death claim, that the Policy was likely unenforceable STOLI." *See* D.I. 340-1 at 17485. Thus, the Court will not preclude Ameritas from presenting this evidence in the context of Wilmington Savings' claims for bad faith, fraud and unjust enrichment (either on direct or cross-examination).

Wilmington Savings focuses on whether the comparison between Ocean Gate and LPC pertains to whether there was an insurable interest. D.I. 340-1 at 17477. However, Ameritas does not intend to introduce the evidence for this purpose. *See* D.I. 340-1 at 17482-86. Thus, the Court will grant Wilmington Savings' MIL No. 3 in part in that the Court will not allow Ameritas to

present this evidence in the context of Ameritas' claims (including for the voiding of the Policy). The Court will also instruct the parties to attempt to reach agreement on an instruction limiting the jury's consideration of this evidence (i.e., the evidence of a comparison between Ocean Gate to LPC) on Wilmington Savings' claims of bad faith, fraud, and unjust enrichment. Such instruction will cure the danger of any unfair prejudice of which Wilmington Savings complains (*see* D.I. 340-1 at 17478). *See Dixon v. May*, No. 17-1403 (MN), 2021 U.S. Dist. LEXIS 184130, at *26 (D. Del. Sep. 27, 2021) (confirming that "juries are presumed to follow the instructions given by the trial court").

Wilmington Savings also contends that the statements in *Sun Life* are "classic hearsay." D.I. 340-1 at 17477-78. However, the statements in *Sun Life* are not being used for the truth of the matter asserted; rather, they are being used to evince what Ameritas knew and, thus, whether Ameritas responded reasonably. Therefore, the statements are not hearsay. *See* Fed. R. Evid. 801(c); *see also Watkins*, 591 F.3d at 786 (recognizing that using "an out-of-court utterance as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted, does not offend the hearsay rule").

For the foregoing reasons, the Court grants-in-part and denies-in-part Wilmington Savings' MIL No. 3.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's MIL No. 1, grants Defendant's MIL No. 2, and grants-in-part and denies-in-part Defendant's MIL No. 3.

WHEREFORE, at Wilmington this 12th day of November 2025, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion *in Limine* No. 1: To Exclude Clifford Chance Memorandum to Highland Capital (D.I. 340-1 at 17279) is **DENIED**;

2. Defendant's Motion *in Limine* No. 2: To Exclude Evidence of Ocean Gate's Intention as to Which State Law Governs the Policy (D.I. 340-1 at 17373) is **GRANTED**; and

3. Defendant's Motion *in Limine* No. 3: To Exclude Evidence Directly Comparing the Ocean Gate Program to PLC (D.I. 340-1 at 17476) is **GRANTED-IN-PART and DENIED-IN-PART**; and

4. The parties shall, prior to the first day of trial on November 17, 2025, meet and confer and attempt to reach agreement on an instruction limiting the jury's consideration of the evidence comparing Ocean Gate to LPC that is consistent with the holdings in this Memorandum Order.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE