IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMERITAS LIFE INSURANCE CORP.,

Plaintiff,

v.

WILMINGTON SAVINGS FUND SOCIETY,
FSB, SOLELY AS SECURITIES
INTERMEDIARY,

Defendant.

Civil Action No. 23-236-GBW

---

## MEMORANDUM ORDER

Pending before the Court are Plaintiff Ameritas Life Insurance Corporation's ("Ameritas")

following motions *in limine*:

1. Ameritas's Motion *in Limine* No. 1 to Preclude Evidence and Argument Regarding the

   2010 Cozen Opinion Letters, BroadRiver's Insurable Interest Analysis, and BroadRiver's

   Alleged Reversal on the Ocean Gate Program ("Ameritas's MIL No. 1") (D.I. 340-1 at

   17054),[1] which has been fully briefed (D.I. 340-1 at 17202; D.I. 340-1 at 17209);

2. Ameritas's Motion *in Limine* No. 2 to Preclude Exclude Evidence of Ocean Gate's

   Intention as to Which State Law Governs the Policy ("Ameritas's MIL No. 2") (D.I. 340-

   1 at 17213), which has been fully briefed (D.I. 340-1 at 17247; D.I. 340-1 at 17254); and

3. Ameritas's Motion *in Limine* No. 3 to Preclude Evidence of Ameritas's Email Retention

   Policy ("Ameritas's MIL No. 3") (D.I. 340-1 at 17264), which has been fully briefed (D.I.

   340-1 at 17268; D.I. 340-1 at 17225).

---

[1] All pin cites herein are to the PageID page numbers.

For the following reasons, the Court denies Ameritas's MIL No. 1 without prejudice, grants

Ameritas's MIL No. 2, and grants Ameritas's MIL No. 3.

## I.    LEGAL STANDARDS

A motion *in limine* is designed to "narrow the evidentiary issues for trial and to eliminate

unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir.

1990).  Motions *in limine* allow the court "to exclude anticipated prejudicial evidence before the

evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "A motion in

limine is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because

they clearly would be inadmissible for any purpose.'" *Evolved Wireless, LLC v. Apple Inc.*, No.

15-cv-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019) (citation omitted).

Rule 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or

less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action." Fed. R. Evid. 401.  Rule 402 provides: "Relevant evidence is admissible

unless any of the following provides otherwise: the United States Constitution; a federal statute;

these rules; or other rules prescribed by the Supreme Court."  Fed. R. Evid. 402.  "Irrelevant

evidence is not admissible." Fed. R. Evid. 402.  "The court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403.

Rule 802 provides: "Hearsay is not admissible unless any of the following provides

otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R.

Evid. 802.  Hearsay "means a statement that: (1) the declarant does not make while testifying at

the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter

asserted in the statement." Fed. R. Evid. 801(c).

## II.   DISCUSSION

The Court discusses each of Ameritas's motions *in limine* below.

### A.   The Court Denies Ameritas's MIL No. 1

In its first motion *in limine*, Ameritas seeks to preclude Defendant Wilmington Savings Fund Society, FSB ("Wilmington Savings" or "BroadRiver") from "offering any testimony or argument that BroadRiver changed its mind; that BroadRiver reviewed any opinion letters; that BroadRiver received any attorney diligence; or that BroadRiver believed anything other than that Ocean Gate policies were '100 % STOLI' and 'junk'." D.I. 340-1 at 17055. Specifically, Ameritas contends that Wilmington Savings asserts these positions yet invoked privilege to withhold all diligence documents, thus preventing Ameritas from obtaining discovery relevant to these issues. Id. at 17055-56. In other words, Ameritas further contends that such preclusion is warranted because BroadRiver uses attorney-client privilege as "both a sword and a shield." Id. (citing *Pfizer v. Warner-Lambert*, No. 17524, 1999 WL 33236240, at *1 (Del. Ch. Dec. 8, 1999) (finding under Delaware law that "a party cannot take a position in litigation and then erect the attorney-client privilege in order to shield itself from discovery by an adverse party who challenges that position")).

However, Ameritas's concern that BroadRiver is attempting to use such evidence as both a sword and shield is moot. On October 29, 2025, the Court entered a Memorandum Order holding that BroadRiver waived its attorney-client privilege over certain communications regarding whether there was an insurable interest by putting an issue before the Court which, in order to resolve, required examination of those communications. D.I. 333. The Court, in the same Memorandum Order, also ordered BroadRiver to produce certain communications on the issue to Ameritas. D.I. 333. Given the Court's Memorandum Order, Ameritas should have produced to it before trial, any responsive communications and documents, which were previously withheld

3

under the assertion of attorney-client privilege and/or attorney work-product doctrine, relevant to Wilmington Savings's counterclaims. Thus, the Court denies Ameritas's motion *in limine* No. 1 without prejudice to renewal in the event that BroadRiver (Wilmington Savings) fails to produce the communications at issue despite the Court's Memorandum Order. *See Upsher-Smith Lab'ys, LLC v. Zydus Pharms. (USA) Inc.*, C.A. No. 21-1132-GBW, 2024 WL 3487935, at *2 (D. Del. July 18, 2024) (finding that excluding a witness "from providing any testimony [via a motion in limine] would constitute an extreme form of relief," where the nonmoving party previously denied discovery into privileged materials it put at issue). In such event, the Court is likely to enter sanctions.

**B.    The Court Grants Ameritas's MIL No. 2**

In its second motion *in limine*, Ameritas seeks to preclude Wilmington Savings from introducing evidence and arguments regarding the Cozen opinion letters and related items.

Ameritas seeks to preclude Wilmington Savings from "offering the Cozen opinion letters to prove the truth of any factual assumption they contain." D.I. 340-1 at 17214-15. Specifically, Ameritas contends that Wilmington Savings intends to use the opinion letters to argue that Mr. Flaks paid the Policy's premium and that the sale of the Policy to Ocean Gate was not pre-arranged. *Id.* Ameritas further contends that the opinion letters are hearsay and not subject to any of the hearsay exceptions and, therefore, inadmissible under Rules 401, 403, and 802. *Id.* Wilmington Savings disagrees and asserts that it intends to use the opinion letters to show effect on the listener, reliance, and that Ameritas knew the facts of the Ocean Gate program. *Id.* at 17248-49.

Second, Ameritas moves to preclude Wilmington Savings from "offering the Cozen opinion letters to argue that the Policy was supported by insurable interest at inception." *Id.* at 17215. Ameritas contends that this would be the "ultimate issue for the jury" as it relates to validity of the Policy. *Id.* Ameritas further contends that the letters "are not probative of whether the

4

Policy was supported by insurable interest, and any probative value is substantially outweighed by unfair prejudice." *Id.* In response, Wilmington Savings contends that the letters show why BroadRiver reasonably believed the Policy was valid, which is relevant to the counterclaim of unjust enrichment. *Id. at* 17249. Second, Wilmington Savings claims that the letters are relevant to punitive damages, if Ameritas is found to have acted with malice or reckless indifference. *Id.* at 17250.

Hearsay is an out of court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Under Rule 802, hearsay statements are generally inadmissible, but Rule 801(d) deems certain out-of-court statements nonhearsay and other Rules allow hearsay statements to be admitted in certain circumstances. *See* Fed. R. Evid. 801(d), 803-804, 807. The Cozen opinion letters analyze in detail whether certain life insurance policies would satisfy the requisite legal standards and remain enforceable under applicable law. *See* 340-1 at 17218-40. In doing so, the letters focus extensively on whether the policies were supported by a valid insurable interest, as required by law. *Id.* To the extent Wilmington Savings seeks to introduce the Cozen opinion letters to establish that the Policy was, in fact, lawful and supported by a valid insurable interest, it cannot. The Court finds that using the Cozen letters for such a purpose would be inadmissible hearsay and is precluded. However, using the letters to show effect on the listener, reliance, or knowledge is admissible. *See United States v. Edwards*, 792 F.3d 355, 357 n.2 (3d Cir. 2015) (observing that statements offered to show an "effect on the listener" are not hearsay because they are "not offered for their truth"); *see also* Fed. R. Evid. 801(c) Advisory Committee Note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay").

Lastly, Ameritas moves to preclude Wilmington Savings from "arguing that Ameritas must have known everything about Ocean Gate because its Cozen attorneys supposedly obtained that knowledge from files of Ocean Gate's former Cozen counsel." *Id.* at 17214-16. Ameritas explains that a prior Cozen attorney, who left the firm in 2012, represented Ocean Gate as regulatory counsel with respect to the Cozen opinion letters. *Id.* Ameritas further explains that, when Ameritas sought representation by Cozen, six years later, a strict ethical wall was established, preventing any Cozen attorney actively representing Ameritas from accessing information obtained from the prior representation of Ocean Gate. *Id.* In response, Wilmington Savings asserts that Cozen's knowledge regarding investigating alleged STOLI policies for Ocean Gate is imputed to Ameritas. *Id.* at 17250. To support its contention, Wilmington Savings cites to cases discussing agent-principal relationships, where attorneys are recognized as agents for their clients. *Id.*

The Court finds that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and, thus, will preclude this evidence. In *Sun Life Assurance Co. Canada*, the court vacated an order disqualifying Cozen as counsel who, as here, had previously represented the defendant years earlier and had established an ethical wall before being retained by plaintiff to sue defendant. *See Sun Life Assurance Co. of Canada v. Wilmington Sav. Fund Soc'y, FSB*, No. CV N18C-08-074, 2021 WL 1343670 (Del. Super. Ct. Apr. 12, 2021). In vacating the order, the court emphasized that "the firm and its attorneys acted with the diligence, integrity and vigilance appropriate to the profession". *Id.* at *1. There has been no suggestion that, in the present case, Cozen has lacked the diligence, integrity, and vigilance it previously displayed. Accordingly, the Court finds that any evidence premised on the assertion that Ameritas had knowledge of Ocean Gate solely through the files of prior counsel is precluded, as such evidence

6

is speculative, irrelevant and highly prejudicial and its probative value is substantially outweighed by the danger of unfair prejudice.

### C.    The Court Grants Ameritas's MIL No. 3

In its third motion *in limine*, Ameritas seeks to preclude Defendant from referencing Ameritas's email retention policy because, according to Ameritas, Ameritas's email retention policy is not relevant and, even if the Court holds otherwise, the probative value of Ameritas's email retention policy is substantially outweighed by the risks of unfair prejudice and confusion. D.I. 340-1 at 17265-66. Ameritas contends that Wilmington Savings suggested Ameritas's one-year email retention policy constituted obstruction of discovery. *Id.* Ameritas further contends that its retention policy is reasonable, and that Wilmington Savings cannot establish that any documents were destroyed intentionally or in bad faith. *Id.* In response, Wilmington Savings claims that Ameritas's retention policy is relevant to establishing its fraud and unjust enrichment counterclaims. *Id.* at 17269. Wilmington Savings claims that Ameritas's lack of emails before 2019 is probative of fraud because it supports that Ameritas anticipated litigation yet continued to give false statements and accept premiums without advising Wilmington Savings of any STOLI concerns. *Id.* Wilmington Savings further contends that it is unable to show Ameritas's fault prior to 2019, when weighing which party is more at fault for its unjust enrichment claim. *Id.*

The Court holds that Ameritas's email retention policy is relevant because its existence could explain why Ameritas has no emails evidencing wrongdoing prior to 2019, thereby rebutting the argument from Ameritas that there is no evidence of wrongdoing. However, the probative value of Ameritas's email retention policy is substantially outweighed by the risks of unfair prejudice and jury confusion. This evidence, without proof of intentional or bad-faith document destruction, invites undue and unfair speculation by the jury that Ameritas acted with improper

intent. Accordingly, the Court grants Ameritas's third motion *in limine* and excludes Wilmington Savings from referencing or introducing Ameritas's email retention policy.

## III.    CONCLUSION

For the foregoing reasons, the Court denies Ameritas's MIL No. 1 without prejudice, grants Ameritas's MIL No. 2, and grants Ameritas's MIL No. 3.

WHEREFORE, at Wilmington this 12th day of November 2025, **IT IS HEREBY ORDERED** that:

1. Ameritas's Motion *in Limine* No. 1 to Preclude Evidence and Argument Regarding the 2010 Cozen Opinion Letters, BroadRiver's Insurable Interest Analysis, and BroadRiver's Alleged Reversal on the Ocean Gate Program (D.I. 340-1 at 17054) is **DENIED WITHOUT PREJUDICE**;

2. Ameritas's Motion *in Limine* No. 2 to Preclude Exclude Evidence of Ocean Gate's Intention as to Which State Law Governs the Policy (D.I. 340-1 at 17213) is **GRANTED**; and

3. Ameritas's Motion i*n Limine* No. 3 to Preclude Evidence of Ameritas's Email Retention Policy (D.I. 340-1 at 17264) is **GRANTED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE
