# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:23-cv-00236 (GBW) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY AS SECURITIES INTERMEDIARY, | : |
| Defendant. | : |

**PLAINTIFF AMERITAS LIFE INSURANCE CORP.'S RESPONSE IN OPPOSITION TO BROADRIVER'S MOTION FOR REARGUMENT, OR IN THE ALTERNATIVE, FOR INTERLOCUTORY APPEAL**

## I. INTRODUCTION

For the reasons set forth in Ameritas's Motion For Sanctions filed yesterday (D.I. 353), which is incorporated herein by reference, Ameritas has been significantly prejudiced by BroadRiver's intentional contempt of this Court's Order dated October 29, 2025 (the "Order"). Having been ordered to produce critical documents that go to the heart of every claim and counterclaim in this case, BroadRiver has not only refused to comply with the Order, but is seeking to upend the orderly resolution of this case by asking that it be delayed with reargument over whether BroadRiver must produce documents, or that the Court's well-reasoned and obviously correct Order be certified for interlocutory appeal.

1

Neither of these requests is proper. First, the request for reargument would simply allow BroadRiver to repeat the same arguments it has already advanced, which is not a worthwhile endeavor and not a valid basis for reargument. Second, certification is improper here on the eve of trial as the § 1292(b) test is not met and, even if this Court were inclined to certify an interlocutory appeal, there is little chance the Third Circuit would accept it.

Accordingly, this Court should deny BroadRiver's motion and grant Ameritas's motion for sanctions. Doing so would give BroadRiver what it wants: appellate review of this Court's Order, which correctly required BroadRiver to produce critically important documents without which no trial will be truthful or fair.

## II. LEGAL ARGUMENT

### a. BroadRiver's Request For Reargument Should be Denied.

BroadRiver moves for reargument pursuant to Local Rule 7.1.5, but fails to quote the text of that Rule, which states: "Motions for reargument shall be sparingly granted." *See Thomas v. Emig*, 2025 WL 1638358, at *1 (D. Del. June 9, 2025) (Williams, J.). As this Court has recently recognized, there are only very limited circumstances in which reargument can be granted. *Id*. at *2.

> In *Schering*, this Court set forth those very limited situations as follows:
>
> 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order, 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances:

a) "where the Court has patently misunderstood a party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension," and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court."

*Schering v. Amgen*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (cleaned up). "A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that a motion for reargument can never be allowed to encourage 'a never ending polemic between litigants and the Court.'" *Id.*

Accordingly, a request for "reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided." *Id*.

BroadRiver now contends that this Court's Order requiring it to turn over documents that contain privileged information "is based on a clear error of law." D.I. 346 at 2. BroadRiver does not, however, contend that it has come up with new evidence, let alone that this "Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension," which are required showings under *Schering*. *See AgroFresh v. Essentiv*, 2019 WL 2745723, at *3 (D. Del. July 1, 2019).

Stated differently, BroadRiver has not even attempted to establish the elements needed for reargument under Local Rule 7.1.5, and its motion is instead

3

focused on regurgitating the same arguments it already made and lost in advance of entry of the Order. To be sure, the argument presented in BroadRiver's motion is a repackaged version of the same argument BroadRiver made in response to Ameritas's Objections to the Special Master's Order Dated August 5, 2024 (D.I. 132), which led to the Order. For example, BroadRiver discusses the same standards for at-issue waiver it already put before this Court, and cites the same cases—including *Rhone-Poulenc Rorer, Mohawk Indus., Alaska Elec. Pension Fund, and Lyon Homes*—that it previously relied on and argued to this Court and to the Special Master. D.I. 143.

Because "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made" and "is not an opportunity to 'accomplish repetition of arguments that were or should have been presented to the court previously,'" BroadRiver's request for reargument must be denied. *AgroFresh*, 2019 WL 2745723, at *1. BroadRiver already lost on the same arguments, and its request for never-ending review of the same issues does not qualify as one of the very limited circumstances when reargument should be granted.

> **b. BroadRiver's Request For Certification Of Interlocutory Appeal Should Be Denied.**

"[T]he general non-appealability of discovery orders is well-established." *Hinton v. DOJ*, 844 F.2d 126, 130 (3d Cir. 1988). "Moreover, certification of an interlocutory appeal is granted sparingly and only in exceptional circumstances." *In*

4

re Kaiser Grp.*, 400 B.R. 140, 145 (D. Del. 2009). "In part, this stems from the fact that '[p]iecemeal litigation is generally disfavored by the Third Circuit.'" *In re Maxus Energy*, 2021 WL 4427006, at *2 (D. Del. Sept. 27, 2021).

The three requirements under § 1292 are: the order in question must (1) involve "a controlling question of law;" (2) offer "substantial ground for a difference of opinion;" and (3) an immediate appeal must "materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all requirements are met." *United States v. Aion Mgmt.*, 2025 WL 1770791, at *3 (D. Del. June 26, 2025) (Williams, J.). The decision is ultimately within the district court's discretion and "even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Id*.

***Controlling Question Of Law.*** In its Order, the Court resolved a discovery question concerning at-issue waiver. In *Johns Hopkins Univ. v. Alcon Labs.*, 2017 WL 5172395 (D. Del. Nov. 8, 2017), Judge Stark issued an order that extended the defendant's privilege waiver "to post-suit communications and work product from in-house counsel and also to communications" pre-issuance of the patent at issue. *Id*. at *1. The defendant filed a motion for reargument or in the alternative a motion for certification for interlocutory appeal. *Id*. The Court denied the motion and concluded that a discovery order "does not implicate a controlling question of law"

5

but instead "resolves a discovery dispute between the parties." *Id*. at *2; *see MorphoSys. v. Janssen Biotech*, 2017 WL 11502643, at *1 (D. Del. Dec. 27, 2017).

***A Substantial Ground For Difference Of Opinion***. Even if this Court considers the question to be a controlling question of law, there is no substantial ground for difference of opinion. This Court has often stated that "[a] party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)." *Hurst v. Dover*, 2006 WL 2347707, at *2 (D. Del. Mar. 21, 2006); *see Aion Mgmt.*, 2025 WL 1770791, at *4 (Williams, J.). Instead, "[t]he difference of opinion must arise out of genuine doubt as to the correct legal standard." *Hurst*, 2006 WL 2347707, at *2.

Here, there was and is no doubt as to the correct legal standard to be applied. The Court correctly and quite clearly applied the standard in Delaware for at-issue privilege waiver. Finding at-issue waiver where a party makes bare factual contentions, the veracity of which can only be tested through an examination of privileged materials is not novel. *See Syngenta v. Travelers*, 2024 WL 3565985, at *3 (Del. Super. Ct. Jul. 24, 2024); *Tackett v. State Farm*, 653 A.2d 254, 259 (Del. 1995) (Delaware courts "have refused to allow a party to make bare, factual allegations, the veracity of which are central to the resolution of the parties' dispute, and then assert the attorney-client privilege as a barrier to prevent a full understanding of the facts disclosed.").

6

This is an obvious and well-established principle of civil litigation. In such situations, having elected to inject an issue into a case, the injecting party must either produce its privileged material or suffer dismissal of its claims. *See, e.g.*, *In re Consolidated RNC Cases*, 2009 WL 130178, at *12-13 (S.D.N.Y. Jan. 8, 2009).

The Western District of Washington has likewise held that a privilege-waiver issue does not implicate a substantial ground for difference of opinion:

> It is well-settled that a party implicitly waives the attorney-client privilege by, *inter alia,* putting the privileged information at issue, and if denying the discovery of that information would prejudice the opposing party in asserting its claim or defense. Here, as noted above, the Court found that defendant put his knowledge and his attorney's knowledge of the scripts directly at issue, and plaintiff therefore deserved to explore such knowledge. This Court does not believe that such determination involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Accordingly, the Court declines to certify the issue for appeal.

*FTC v. Stefanchik*, 2006 WL 3474204, at *2 (W.D. Wash. Nov. 30, 2006).

BroadRiver cites to the *Sloat* decision as indicative of this element being met. "However, simply pointing out that other courts have not made exactly the same decision in the exact same, incredibly specific procedural setting does not establish disagreement amongst courts." *In re SAM Industrias S.A.*, 655 B.R. 245, 253 (S.D. Fla. 2023). This Court's decision is consistent with the well-reasoned holdings in *Pacific Life v. Wells Fargo*, 702 F. Supp. 3d 370 (D. Md. 2023) and *Columbus Life v. Wilmington Tr.*, 344 F.R.D. 207 (D.N.J. 2023).

7

The issues BroadRiver injected into this litigation directly implicate BroadRiver's insurable interest analysis. BroadRiver wants to tell the jury that it believes the Policy was supported by insurable interest, but that if it was not, that Ameritas tricked BroadRiver into thinking the policy was legitimate and would be paid. If BroadRiver already knew the Policy was void, all its claims and defenses fail. And yet Ameritas has no way of examining BroadRiver's self-serving and unverifiable contentions because its insurable interest knowledge is contained exclusively in the documents the Court ordered it to produce, which order BroadRiver is intentionally defying to prevent the truth from coming out.

***Materially Advance The Ultimate Termination Of This Litigation***. An interlocutory appeal would not materially advance the ultimate termination of this case. Quite the opposite, it would delay resolution on the eve of trial. Courts around the country have routinely denied requests for interlocutory review under similar circumstances. *See Bishop v. GNC Franchising*, 2006 WL 8458489, at *2 (W.D. Pa. Feb. 13, 2006) ("With a trial date pending and with pretrial documents due within days, this Court will not sanction plaintiffs' attempt to certify this issue" as it "would only forestall" and "hinder rather than help to advance the litigation at hand"); *Pablo v. ServiceMaster Glob. Holdings*, 2011 WL 3678824, at *1 (N.D. Cal. Aug. 22, 2011) ("Allowing defendants to file an interlocutory appeal…on the eve of trial will impede, rather than materially advance, the ultimate termination of this litigation.");

*Conlin v. Sw. Cmty. Coll.*, 2001 WL 1018799, at *4 (W.D.N.C. Mar. 2, 2001) ("[A]llowing an appeal on the eve of trial would not advance the ultimate termination of litigation."); *Corwin v. NYC Bike Share*, 2017 WL 1318010, at *9 (S.D.N.Y. Apr. 7, 2017) ("In this case, it is plain that permitting an interlocutory appeal at this juncture, on the very eve of trial, would severely delay the termination of the litigation.").

Here, trial is scheduled to begin in five days. Even if this Court were to grant interlocutory certification, the Third Circuit would have to consider it before deciding if it wanted to accept the certification, which it is not certain to do, and very likely would not do. By contrast, if Ameritas's sanctions motion is granted, and final judgment entered against WSFS, a post-judgment appeal can be taken immediately in the ordinary course.[1]

Additionally, "interlocutory appeal 'materially advances' the litigation if it '(1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly.'" *Aion Mgmt.*,

---

[1] A report from the Federal Judicial Center found that, for interlocutory appeals terminated between October 2013 and June 2019, the median time from the granting of interlocutory review to an appellate decision was 542 days. Emery G. Lee, Jason A. Cantone & Kristin A. Garri, *Permissive Interlocutory Appeals, 2013-2019*, Federal Judicial Center (2020), https://www.fjc.gov/sites/default/files/materials/13/Permissive%20Interlocutory%20Appeals,%202013%E2%80%932019.pdf

2025 WL 1770791, at *5 (Williams, J.) (*quoting In re Quorum Health*, 2024 WL 2271892, at *6 (D. Del. May 20, 2024)). None of these elements are met here.

As noted, even if this Court granted BroadRiver's request for certification (it should not), the Third Circuit is unlikely to take up the appeal. Review under § 1292(b) is only appropriate where the party seeking the appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). Here, there are no such exceptional circumstances to justify departure from that rule.

The fastest and surest way to get to the ultimate termination of the litigation is not through a certification order that likely will not get granted, but rather through granting Ameritas's sanctions motion, entering final judgment against WSFS, and allowing WSFS to take an immediate post-judgment appeal. This also serves the underlying policy of the interlocutory appeal statute, which sets a high bar precisely because it wants to encourage appeals to be taken from final judgments.

\*   \*   \*

This Court should deny BroadRiver's motion for reargument or, in the alternative, for certification of interlocutory appeal. In turn, this Court should grant Ameritas's motion for sanctions, enter judgment in favor of Ameritas, and dismiss BroadRiver's counterclaims with prejudice because any trial in this matter without

BroadRiver's documents would be fundamentally unfair. BroadRiver can then take an immediate post-judgment appeal in the ordinary course, if it so chooses. BroadRiver should not be rewarded for its defiance with a shot at interlocutory review under a statute that was not designed to provide for it in situations like these.

DATED: November 12, 2025                **COZEN O'CONNOR**

*/s/ Nathan D. Barillo*
Kaan Ekiner (No. 5607)
Nathan D. Barillo (No. 5863)
1201 North Market St., Ste. 1001
Wilmington, DE 19801
302-295-2000
kekiner@cozen.com
nbarillo@cozen.com

Joseph M. Kelleher (*pro hac vice*)
Brian D. Burack (*pro hac vice*)
Ilya Schwartzburg (*pro hac vice*)
1650 Market St., Ste. 2800
Philadelphia, PA 19103

*Attorneys for Plaintiff,*
*Ameritas Life Insurance Corp.*